# 1309-15

NO. _____

FILED IN
COURT OF CRIMINAL APPEALS

DEC 18 2015

Abel Acosta, Clerk

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

ORIGINAL

LUIS RAY JARAMILLO, JR.

Pro-Sé Petitioner—Appellant

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 18 2015

Abel Acosta, Clerk

VS.

THE STATE OF TEXAS

Appellee

FROM APPEAL NO. 04-14-00902-CR, FOURTH COURT OF APPEALS. APPEALED FROM THE 290TH. JUDICIAL DISTRICT COURT OF BEXAR COUNTY, TEXAS, TRIAL CAUSE NUMBER: 2012-CR-2228, HONORABLE JUDGE MELISSA SKINNER PRESIDING.

## PETITION FOR DISCRETIONARY REVIEW PRO-SÉ

Luis Ray Jaramillo, Jr.
T.D.C.J. #1966673
Garza West Facility
4250 HWY 202
Beeville, TX. 78102
PETITIONER PRO-SÉ

No._____

IN THE
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

LUIS RAY JARAMILLO, JR.
Pro-Sé Petitioner-Appellant

VS.

THE STATE OF TEXAS
Appellee

From Appeal No. 04-14-00902-CR

Trial Cause No. 2012-CR-2228

PETITION FOR DISCRETIONARY REVIEW PRO-SÉ

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

I, Luis Ray Jaramillo, Jr., Appellant and Pro-Sé Petitioner, come before this Honorable Court of Criminal Appeals with this Pro-Sé Petition to seek further Discretionary Review on this case in the above-mentioned appeal and trial cause numbers. I would

HUMBLY ask the "Texas Court of Criminal Appeals" to please take into consideration that I have NO knowledge in this area of "Law", and "Appeals", and "Petitions or Writs"; nor do I have any fancy degree in law, and nor am I versed in the law; And due to my indigence and incarceration I am unable to retain any Attorney to file a "professional" petition for discretionary review. So I do sincerely apologize for my lack of knowledge in the law and appeals and inappropriate etiquette in the proper construction and filing of motions, and in properly petitioning this Honorable Court for redress. Due to my indigence, I am also unable to produce the necessary photo-copies of this "Pro-Se Petition for Discretionary Review" for every officer of the "Texas Court of Criminal Appeals", as needed and/or required. Again, I truly and most sincerely apologize for my short-comings and lack of common-sense; it is probably for these reasons why my direct-appeal was denied to begin with, but it is also for these reasons that I am humbly beseeching this Honorable "Texas Court of Criminal Appeals" for your SUPERIOR knowledge, wisdom, and understanding in the further review of this case and appeal, to expose the malicious-prosecution against me and redress the wrongs and the violations of law (my violated State and Federal constitutional rights) done onto me, by "inactive clause(s)" and by way of these Bexar County Prosecutors trying to make a name for themselves through fraudulently "revoking my probation" by the "taking advantage" of my short-comings and the FACT that I am a "layperson to the law". So by and through my own Natural abilities, I have brought these things forth in good-faith and to the best of my knowledge and belief, and Now, I humbly beseech the "Honorable Justices" of the "Texas Court of Criminal Appeals" to please let this "Pro-Se Petition" serve as my good-faith attempt to give this unwarranted and undeserved "ten-year-prison sentence" back and be reinstated back onto my Community Supervision-Probation; but the REGULAR probation I was promised.

# TABLE OF CONTENTS

(Subject) (Page)

● LIST OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5 - 6

NAME OF PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . 8

STATEMENT OF THE NATURE OF THE CASE . . . . . . . . . . . 9 - 12

STATEMENT OF PROCEDURAL HISTORY . . . . . . . . . . . . . 12 - 27

GROUNDS FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . 27

STATEMENT OF POINTS OF ERROR . . . . . . . . . . . . . . . . 28 - 35

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

APPENDIX (ATTACHED-ENCLOSED)

UNSWORN DECLARATION BY INMATE (ATTACHED-ENCLOSED)

# LIST OF AUTHORITIES

High vs. State, 573 S.W. 2d 807 (Tex.Crim.App.1978).....28 & 29

Entsminger vs. Iowa, 386 U.S. 748, 87 S.Ct. 1402 (1967)..........28

Hank vs. State, 625 S.W. 2d 433 (App. 14 Dist.1981)..........28 & 31

Henderson vs. State, 617 S.W. 2d 697 (Cr.App.1981)..........28

Chapman vs. U.S., 469 F. 2d 634 (5th.Cir.1972)..........29

Evitts vs. Lucey, 469 U.S. 387, 105 S.Ct. 830 (1985)..........29

Passmore vs. Estelle, 607 F.2d 662 (5th.Cir.1979)..........29 & 30

Blackledge vs. Perry, 417 U.S. 21, 94 S.Ct. 2098 (1974)..........29

Bueno vs. State, 630 S.W. 2d 333 (App. 14 Dist 1982)..........31

U.S. vs. Stafford, 983 F. 2d 25 (5th.Cir.1993)..........32

Armstrong vs. State, 805 S.W. 2d 791 (Cr.App.1991)..........32 & 33

Louisville & N.R. Co. vs. Mottley, 211 U.S. 149, 29 S.Ct. 42 (1908)....33

La Resolana Architects, PA. vs. Clay Realtors Angel Fire, 416
F.3d 1195, 1198; 75 U.S.P.Q. 2d 1496 (10th.Cir. 2005).....34

World Wide Volkswagon vs. Wooden, 444 U.S. 286 (EXHIBIT Page-12)

Dickens vs. Court of Appeals, 727 S.W. 2d 542, 548 (EXHIBIT-4)
(Tex.Cr.App.1987).........(Please See EXHIBIT-4 Page 12-13)

Johnson vs. Zerbst, 304 U.S. 458, 468 (Please See EXHIBIT-4 Page 15-16)

Scott vs. Mc.Neal, 154 U.S. 34 (Please See EXHIBIT-4 Page 15-16)

Bonner, 151 U.S. 242 (Please See EXHIBIT-4 Page 15-16)

Melo vs. U.S., 505 F. 2d 1026 (Please See EXHIBIT-4 Page 15-16)

Joyce vs. U.S., 474 F. 2d 215 Please See EXHIBIT-4 (Page 15-16)

Connally vs. General Construction Co., 269 U.S. 385, 391 EXHIBIT-4

State vs. Villarreal, 418 S.W. 3d 920 (Tex.App.-Austin'2013)...32

United States Constitution, FIFTH-Amendment (See EXHIBIT-4 Page 16 & 17)

United States Constitution, FOURTEENTH-Amendment..........33 & 34

United States Constitution, Article-IV., section: 1..........32

Texas Constitution, Article-1, section: 19..........33

# LIST OF AUTHORITIES cont...

Texas Code of Criminal Procedure, Article-1.04  see EXHIBIT-4

Tex. Code of Crim. Proc., Article-2.01  (See EXHIBIT-4: Page 15-18)

Tex. Code of Crim. Proc., Article-11.43  (See EXHIBIT-4 (Page 15-18)

Tex. Code of Crim. Proc., Article-32.01  (SEE EXHIBIT-4: Page 15-18)

Tex. Code of Crim. Proc., Article - 42.12, Section: 11(d)(1)(B)...34

Tex. Code of Crim. Proc., Article-42.12, Section: 23(a)(b)....34

Tex. Code of Crim. Proc., Article-42.12, Section: 21(b-2) 29, 29, 30, 32-33

Tex. Code of Crim. Proc., Article-42.12, Section: 24.............35


Texas Rules of Appellate Procedure, Rule 66.3 (c), (d) & (e)...29

Tex. Rules of App. Proc., Rule 66.3 (b), (c), (b), (e), & (f).......30

Tex. Rules of App. Proc., Rule 44.2(a).................30

Tex. Rules of App. Proc., Rule 66.3(b), (c), (d), (e), & (f).......34

Tex. Rules of App. Proc., Rule 25.2 (a)(2)..............34


Tex. Code of Criminal Procedure, Article - 36.14 & 36.15.......31

Tex. Code of Crim. Proc., Article-44.01 (b) & 44.02..........34


BLACK'S LAW DICTIONARY (Tenth Edition)

## NAME OF PARTIES

● Indigent and Pro-Sé, Luis Ray Jaramillo, Jr. is the Petitioner, and Appellant in this "Petition for Discretionary Review Pro-Sé". This "Pro-Sé Petition" arises from the "FOURTH COURT OF APPEALS"; and is APPEALED from the "29ØTH. Judicial District Court" of Bexar County, Texas, Honorable Judge Melissa Skinner Presiding. Appellant was represented at a hearing on a "motion to revoke probation" by S. Keith, Engelke, Esq. and on "appeal" by Vincent D. Callahan, Esq. The "State of Texas" is the Appellee and was represented at this hearing by Assistant District Attorney-Derek Hilley and Christopher W. DeMartino and on appeal by Jennifer D. Rossmeier-Assistant District Attorney.

1) Attorney S. Keith Engelke
2313 Lockhill Selma Rd. #224
San Antonio, Tx. 7823Ø
(21Ø) 342-9668  Telephone
888-74Ø-4Ø41   Fax

2) Attorney Vincent D. Callahan
P.O. Box 12141
San Antonio, TX. 78212
(21Ø) 737-34Ø4 Telephone & Fax

3) Assistant District Attorney(s)
Derek Hilley
Christopher W. DeMartino
Jennifer D. Rossmeier
1Ø1 W. Nueva Street
San Antonio, TX. 782Ø5
(21Ø) 335-2311 :D.A.'s office
(21Ø) 335-2734 :APPEALS - DIVISION
(210) 335-2436 :Fax

## STATEMENT REGARDING ORAL ARGUMENT

I am humbly beseeching this Honorable Texas Court of Criminal Appeals and the Honorable Judges presiding, for Your SUPERIOR knowledge, wisdom, and understanding in the further review of this case and appeal, to expose the malicious-prosecution against me and to redress the wrongs and the violations of law (my violated State and Federal constitutional rights) done onto me, by way of "inactive clause(s)", "lack of subject matter jurisdiction", and the "question of law" if whether a trial Court and judge have "failed" to comply with the "requirements" of the "ACTS" that give rise to the right of my APPEAL, and an "illegal sentence" which is appealable. The Fourth Court of Appeals did error in overlooking the deliberate "abuse of discretion" by the trial court, the Prosecutorial Vindictiveness, and the ineffective assistance of appellate counsel. Oral argument supporting these FACTS will be helpfull to reverse the unwarranted and undeserved "ten-year-prison-sentence" I was sentenced to and be reinstated back onto my community supervision-probation, however, the REGULAR probation I was promised and signed for and also mentioned in the ORIGINAL Plea-Bargain deal/agreement; Not the unlawful-highly restrictive-probation I was fraudulently placed on and lied into. I humbly point out to the Honorable Judges of the Court, that I'm not trying to get off from the conviction for which I was on probation for, but I do not deserve this "ten-year-prison-sentence" I was given for a non-aggravated, non-violent, non-3(g), and victimless charge and conviction. I was taken advantage of and punished, for attempting to exercise my (so called) "guaranteed" constitutional rights (which I thought was illegal), but also for not knowing how to articulate them, as well. These things are mentioned in my "Pro-Sé Appellant's Brief" pursuant to Rule 66.4 (TX.R.App.Proc.), but unable to provide due to my indigency.

## STATEMENT OF THE NATURE OF THE CASE

I was discriminated on by the "State-Prosecution", and Probation officers, and eventually the trial court judge, for a mistake I was lied into approximately "seventeen-years ago", for which was the cause of me being placed on probation for "seven-years" in the first place was (for "Failure To Register As A Sex Offender"); and though I have NEVER been (and nor will I ever be) convicted, or even accused of, committing the same or similar sexually oriented charge and/or conviction, I was still treated as if I committed a new or fresh sexually oriented charge and as if I was a real threat to society and the public, in this case and appeal before this Court now. The charge I was on probation for wasn't even sexually oriented. I know that society shuns on "registered sex offenders" and even holds "little" to "NO regard" for these "type of people" in society; but as I said above, "I was lied into that alleged sex charge when I myself was a lot younger (even a teenager still) and I don't deserve to be placed into that type of category either; but for approximately "seventeen-years" now, I have not only humbly complied with an alleged law that has NO "penal code" (the sex offender registration), but I have also endured the persecution that came with it (and my family and I still provided a normal atmosphere for my daughter, that she's sixteen now). I mentioned all the above to state the following, that because of this same type of discrimination, I was treated unfairly and very harshly by "grant" "probation officers" and by "certain individuals" in the "Bexar County Justice System", and as you will see on the "trial court record", the "appellate record", my "Pro-Sé Appellant's Brief", and other enclosed-attached documents in support of this "Petition", that I was indeed DISCRIMINATED on and had my community supervision-probation fraudulently revoked in violation of the "ACTS" of the "Tex. Code of Crim. Proc.", and that I do not deserve

this "ten-year-prison-sentence"; but that I should be at home with my family, supporting my rebellous child, trying to keep her off the streets and off the stripper-pole, "as I've been doing". These discriminating "Grant-Probation officers" in "Bexar County" know that they were indeed WRONG in how "they" misjudge me and mistreated me, but instead of doing the right things "they" were sworn to do (to abide by the State Laws and respect my civil rights themselves), these "Grant-Probation officers" (Mr. Jeffery Dew and Ms. Shannon Jones) falsified official documentation, filed untrue statements, and gave over-exaggerated and false testimony to any and everyone that questions "their" fraudulent and unlawful actions, to make me out to be this "scum of the earth" and an "irresponsible high-risk threat to public safety", and to whatever other extremes these "Grant-Probation officers" have gone to defamate and injure (unnecessarlly) my "good reputation" with my neighbors, my family, and my community of close friends (even toward the Trial Court Judge), and just to cover-up "their" unwarranted harassment and deliberate discrimination. I know that as an "authority-figure", that "REGULAR" probation officers have to be stern while doing their jobs; but "Grant-Probation officers" (Mr. Dew and Ms. Jones) aren't regular probation officers; and at what point does a "probation officer" go over limitations of their duties and begin to harass a probationer and deprive him of his civil rights, or even his "GOD" given rights as a man. I was treated like a juvenile - probationer-child, not an adult - probationer! I was cussed at, belittled, condescended on, and treated as if I was a rebellous sixteen-year-old child; I'm a grown man, I left my child-hood behind years ago, and I've been raising a child (my child who is sixteen-years now) since she was six-years of age; I think I've earned my right to be treated as an adult. The truth of the matter is, that not even the "San Antonio Police Department's Sex Offender Registration Unit/office

had me registered as a "high-risk", when I was free before, nor during the community supervision, and neither will I be when I'm released. High-Risk Sex Offender Supervision is only for those offenders convicted of a ~~sex sif~~ sexually oriented offense and placed on probation for a sexually oriented offense, given a "GRANT" in their case and assigned "grant-probation officers". "Failure to Register as a Sex Offender Annually" is not a sexually oriented offense; the conditions of probation imposed upon me weren't even "reasonably related" to the crime. Out of retaliation for appealing the conviction itself, once before, the Judge imposed such highly-restrictive conditions of probation deliberately ruining my relationship (parent-child) with my daughter; This statement is true, because when I was originally sentenced to probation-community supervision by Judge Skinner, no such highly-restrictive conditions-of-probation were imposed September 25, 2012. (Please see attached Pro-Se Appellant's Brief for support of these FACTS). It's been approximately "seventeen-years" since that sexually oriented conviction (mistake) I was lied into; the chances of me committing another "sexually oriented law violation" in the future, is very highly unlikely. In my research of statistics over the years (reading court cases and internet research), I have come to learn that a real "Sexual Predator" normally re-offends within the first year of the offender's (sex offender's) release from incarceration; well, it's been approximately "17-years" since that sexually oriented conviction against me, and I have no other sexually oriented law violation, nor will I ever. There was no reason for these "grant-probation-officers", and the assistant-district attorney (Mr. DeMartino), to have treated me so cruelly, harshly, unfairly and with such extreme discrimination, unless "their" only intention was to deliberately harass me. The "grant-probation officers", the Prosecutor-Mr. Chistopher DeMartino, and the Trial Court Judge-Honorable Melissa Skinner, were WRONG for what

"they" did to me, and how "they" unjustly treated me, and how "they" unlawfully and wrongfully revoked my community supervision-probation, and "they" were <u>WRONG</u> for illegally sentencing me and deliberately causing this miscarriage of justice by depriving me of my "STATE" and "Federal" constitutional rights, privileges, and immunities and in the "<u>ACTS</u>" of the texas Code of Criminal Procedure.

## STATEMENT OF PROCEDURAL HISTORY

On August 21, 2011, Petitioner was charged with "<u>FAILURE TO REGISTER AS AS SEX OFFENDER</u>". The indictment was filed on March 19, 2012. On August 13, 2012, Petitioner was offered a plea-deal for "Regular Probation" (not deferred-adjudication or any other highly-restrictive condition(s)) in exchange for a "guilty/no contest" plea; so Petitioner did waive his right to a jury trial and entered a plea of "No Contest" in exchange for this <u>promised</u> "Probation Deal". On September 25, 2012, Judge Melissa Skinner, said that she was going to honor the plea-deal that the "Assistant-District Attorney-Mr. Christopher DeMartino" had offered the Appellant, and that the Judge was <u>not</u> going to give your Petitioner a "big fine", nor any "communittee service" because she wanted Petitioner to get back to his family and "take care of his daughter" (acknowledging the FACT that Judge Skinner knew Appellant was going to his daughter and back to the same house); and at that time "Judge Skinner" obviously did not think or assume that your Petitioner's daughter (Alyssa Jaramillo) was in any danger, being that Petitioner's daughter was in <u>his</u> custody. So judgment for "<u>FAILURE TO REGISTER AS A SEX OFFENDER-Annl.</u>", with a $1,500.00 fine, <u>seven-years</u> probation, No Harmful/Injurous Contact with daughter, and Anger Management Classes, was entered September 25, 2012. The Judge did <u>not</u> order any highly-restrictive conditions-of-probation, nor

anything else. The "COURT REPORTER'S RECORD" for September 25, 2012, will show everything the Honorable Judge Melissa Skinner, said and ordered, as it is written herein. However, I am unable to show the "Court of Criminal Appeals" what Judge Skinner, said and truly ordered, because those "voice recordings/transcripts" for September 25, 2012, are not being released to me and were not provided, by the trial court clerk, as the Fourth Court of Appeals" ORDERED March 9, 2015, for Pro-Se appellate review; (PLEASE SEE ATTACTED-ENCLOSED (stamped-dated & filed) COPY of PETITIONER'S "PRO-SE APPELLANT'S BRIEF" (page-2, line: 18) IN SUPPORT OF THIS PETITION, for support of these FACTS). On September 25, 2012, and without Judge Skinner's knowledge, the Assistant-District Attorney - Mr. Christopher W. DeMartino, altered the "CRIMINAL DOCKET SHEET/ COURT ENTRIES" record to add; "S.T.O.P.", "Sex Offender Supervision", and "Zero Tolerance"; (PLEASE SEE ATTACHED-ENCLOSED COPY OF PETITIONER'S "PRO-SE" APPELLANT'S BRIEF" (page-2, line: 22-24) IN SUPPORT OF THIS PETITION, for support of these FACTS); Mr. DeMartino must've forgotten to write-in "Anger Management" when he committed his fraud of falsifying the court record(s). Petitioner asserts, that he knows it was Mr. DeMartino who maliciously altered the record, because that was not what Judge Skinner ordered. Judge Skinner added EMPHASIS to "Anger Management classes" because of behavioral problems Petitioner was having with his daughter, and Mr. DeMartino mentioned in OPEN COURT that he would make sure Petitioner got put in "S.T.O.P." for "Anger Management classes". Petitioner further asserts, that just because he has to register as a sex offender for something that happen approximately seventeen-years ago when he himself was younger and lied into, that this does not make the Petitioner a bad parent. The very first "S.T.O.P." class-session

Petitioner attended, the "S.T.O.P.-Instructor" made sure that he understood that "S.T.O.P." had nothing to do with "Anger Management", but instead was a "Sex Offender-Sex Addiction Therapy Program". Shortly after learning what Mr. DeMartino had done, Petitioner immediately appealed the case and conviction to get the terms of the plea-bargain that were originally accepted and ordered by Judge Skinner honored and corrected and to get the record corrected. Petitioner was appointed "Vincent D. Callahan" for the first time as his counsel on appeal, and Petitioner explained by telephone conversation to Attorney Vincent Callahan, why he was appealing and that he wanted his attorney's help to correct the record and undo what the assistant-district attorney (Mr. DeMartino) had done. Attorney Vincent Callahan assured Petitioner that he would help to correct Mr. DeMartino's "fraud" and straighten out the record. But... Instead, Attorney Vincent Callahan, submitted a "NO ERROR BRIEF" (Ander's Brief) for the first time in this case and did not inform Petitioner of his right to submit his own "APPELLANT'S BRIEF" and then immediately withdrew himself as appellate counsel; and the appeal was denied, (PLEASE SEE: Luis Jaramillo, Jr. vs. State, No. 04-12-00650-CR, Fourth Court of Appeals, San Antonio, TX., for support of these FACTS). After the first appeal was over, a warrant for Petitioner's arrest was filed and ordered by Judge Skinner. On March 15, 2014, Petitioner was arrested and incarcerated in the Bexar County Jail, just so that Judge Skinner could tell Petitioner, "that 'Now' he was on probation" (why did Petitioner have to endure all that embarrassment just so that the Judge could taunt him and tell him that his appeal had failed and that he was still on probation???). On March 18, 2014, Judge Skinner re-ordered Petitioner back onto probation; however, this time amending the terms of the original "plea-deal" and the "conditions-of-probation" herself, to a more highly-

restrictive-probation which was not agreed upon; to wit: "No Contact with Alyssa Jaramillo" (Petitioner's daughter), "Sex Addiction Therapy Classes" (for approximately three or four years), and to be treated as a High-Risk Sexual-Predator, and now also ordering "Zero Tolerance". Petitioner acknowledges that he does have to register as a sex offender because of some "promiscuous girl" that lied to him about her age when he was young himself (PLEASE SEE ATTACH-ENCLOSED COPY OF PETITIONER'S "PRO-SÉ APPELLANT'S BRIEF (page-3, line: 21-24) IN SUPPORT OF THIS PETITION) but not even the San Antonio Police Department's Sex Offender Registration Office has Petitioner registered as a high-risk. As for the "No Contact with Alyssa Jaramillo (Petitioner's daughter) order"; from September 25, 2012, throu March 18, 2014, (a little over "one and a half" (1½)-years) Judge Skinner was OBVIOUSLY not concerned about Petitioner having contact with his daughter, and only was there no place else for her to live but with Petitioner, but Petitioner has been raising his daughter since she was "six-years-old", and now "sixteen-years-old" at the present time of the filing of this Petition; but on March 18, 2014, the Petitioner's "fourteen-year-old" daughter was being ordered out of her environment and her home with the Petitioner, in retaliation by Judge Skinner for having appealed the case once; this has cause Petitioner MUCH heart-ach, pain, and trouble for his child's welfare. There were times "Alyssa Jaramillo" cried wanting to go back home, but couldn't per Judge's order; and Now, Petitioner's daughter has become promiscuous herself (very), is a drug user (marijuana, alcohol, and only "GOD" knows what else), she now has a juvenile record for possessing drugs, she no longer respects the Petitioner (her father) and says she doesn't love him, and blames Petitioner for the separation saying that he loves being "locked-up" more or than he loves her, and to the present day "Alyssa Jaramillo" is very rebellious. Petitioner would

respectfully give the "Honorable Texas Court of Criminal Appeals" "NOTICE", that there are "Texas State Laws" in the "Code of Crim. Proc." and in the "Family, Government, Public Health and Safety Code" preventing this type of "abuse of authority", "abuse of discretion", unjust and unlawful extremely harsh punishment (retaliation), and discrimination; and to the best of my natural knowledge and belief being a layman to the law, the "name-title" of that "criminal charge" that protects "my child and I" from this type of cruelty and crue and unusual punishment is to wit: "INTERFERING WITH A PARENT-CHILD RELATION-SHIP" (without good cause shown); but no one seems to care about how all this has affected Petitioner's child, only in punishing Petitioner with extremely harsh cruel and unusual punishment for excersing his rights to appeal. Judge Skinner knew Petitioner was going back to his home with his daughter when released from County Jail and even acknowledged this FACT when she first sentenced Petitioner in OPEN COURT September 25, 2012, which is of much importance to have been given the "COURT REPORTER'S RECORD" for September 25, 2012. I honestly and truly believe Judge Skinner amended the original "plea-bargain" and "conditions-of-probation" March 18, 2014, not only to ruin the (father-daughter) parent-child relationship Petitioner had, but also out-of-spit for having appealed once trying to correct what fraud Mr. DeMartino did, but thinking Petitioner was appealing her judgment instead. Because court-appointed counsel (Mr. Callahan) did not help Petitioner to clarify his reasons for appealing, Petitioner speculates Judge Skinner thought he was appealing her judgment on the case; Petitioner now boldly asserts, why all of a sudden does Judge Skinner now assume that his daughter is now in danger, but wasn't making these assumptions September 25, 2012, when she released Petitioner from jail on probation but ordering that he'd better take care of and support his daughter (?!?). Petitioner immediately "OBJECTED", through "Attorney

Keith Engelke"(who was not even Petitioner's "court-appointed counsel", nor "official attorney" for the case at the time) when Judge Skinner re-ordered Petitioner back onto the probation with the newly amended "highly-restrictive conditions" on March 18, 2014; but Mr. Keith Engelke was the only lawyer present and willing to help Petitioner in the 290TH. District Court, after having been arrested, thrown into jail, and brought before Judge Skinner in chains, just so that she could tell Petitioner that his appeal failed and that "Now he was on probation". Petitioner was released from the Bexar County Jail on "highly-restrictive probation conditions" March 20, 2014, still not having a lawyer appointed to assist in an appeal for the "OBJECTION" Petitioner made in open court. Immediately after Petitioner's release from jail, he began making preparations and arrangements to appeal Judge Skinner's amended judgment(having OBJECTED to it in open court March 18, 2014), and began asking questions to certain Court Officials (e.g.: Probation Court Coordinator) in how to appropriately navigate an appeal through the legal-system. Petitioner again speculates that this must've angered "somebody", because on April 8, 2014, (approximately eighteen-days after his release from jail) Petitioner was "charged/accused" of having allegedly committed his first violations to his probation. On April 8, 2014, the first "Motion To Revoke Community Supervision" (M.T.R.) and another "WARRANT" for his arrest was filed, for allegedly violating the conditions of his probation(PLEASE SEE ATTACHED-ENCLOSED COPY OF PETITIONER'S "PRO-SE APPELLANT'S BRIEF"(page-4, lines: 25-29) IN SUPPORT OF THIS PETITION). Approximately April 9, 2014, Attorney Keith Engelke, was "officially" appointed by the trial court to represent the Petitioner for this "felony-M.T.R.-case/hearing"; but of course, those "COURT RECORDS" were neither provided by the "Trial Court Clerk" for appellate review (3-9-2015) as the "4TH. Court of Appeals" ordered; PLEASE SEE ATTACHED-ENCLOSED COPY OF PETITIONER'S "PRO-SE APPELLANT'S BRIEF"(page 2,

lines:<u>14 - 19</u>) FOR SUPPORT OF THESE FACTS). I would Respectfully point out, that Petitioner did give the "trial court" <u>NOTICE</u> of his oral, written, and <u>DOCUMENTED</u> "OBJECTION" to Judge Skinner's amended Conditions-of-probation(that were ridiculously extreme and not related to the crime or the nature of the conviction) before, and even after, the trial court allegedly placed-ordered back onto this "so called" REGULAR Adult Probation-Community Supervision(3-18-2014);(PLEASE SEE ATTACHED-ENCLOSED "7-PAGE" MOTION FOR REINSTATEMENT OF PROBATION" LABELED AS: EXHIBIT-<u>1 IN SUPPORT OF PETITION</u>) for support of the FACTS;(PLEASE SEE ALSO, ATTACHED-ENCLOSED COPY OF PETITIONER'S "PRO-SE APPELLANT'S BRIEF"(page-<u>4</u>, lines:<u>10-20</u>) IN SUPPORT OF THIS PETITION).(EMPHASIS ADDED). I would also respectfully give <u>NOTICE</u> to the "Honorable Judges" of this "Court of Criminal Appeals", that the "alleged" violations mentioned in <u>first</u> "M.T.R."(filed:4-8-2014)(PLEASE SEE ATTACHED-ENCLOSED COPY OF PETITIONER'S "PRO-SE APPELLANT'S BRIEF"(page-<u>4</u>, line:<u>29</u> "very last line" throu page-5, lines:<u>1-5</u>) IN SUPPORT OF THESE FACTS), are not on the <u>original</u> sentencing "court-order" of (9-25-2012), nor are these violations even mentioned or listed as conditions-of-probation in the "amended-conditions of probation" Petitioner was forced and COERCED into signing and ordered to follow(PLEASE SEE AGAIN, ATTACHED-ENCLOSED COPY OF PETITIONER'S "PRO-SE APPELLANT'S BRIEF"(page-<u>5</u>, lines:<u>4 & 5</u>) IN SUPPORT). Even though such "charges/violation-conditions" mentioned in the "M.T.R." were proven false and incorrect(PLEASE SEE AGAIN, ATTACHED-ENCLOSED "<u>EXHIBIT-1 IN SUPPORT</u> of <u>this PETITION</u>"), Petitioner still <u>complied</u> with Judge Skinner's "unjust amended-order", watching his daughter cry and suffer because she couldn't come home.... per judge's and Probation Officers' orders. Petitioner honestly asserts, the "alleged violations" mentioned in the <u>first</u> "M.T.R." were fabricated to harass him and also in an attempt to scare him and deter Petitioner from timely filing an "appeal" to the Judge's "amended conditions-of-probation": this <u>first</u> "M.T.R." was <u>DISMISSED</u> (with the condition that I tell an "untrue statement" on the record pleading true to at least one violation), and Petitioner was

released from jail May 1, 2014. Then on May 5, 2014, Petitioner and his "court-appointed counsel - Attorney Keith Engelke", again continued making preparations in motioning the trial court to produce the "COURT REPORTER'S RECORD" for (9-25-2012) to remind the "Honorable Melissa skinner", of 'her' "honorable" "word' and 'order', of honoring the original plea-deal 'she' accepted (9-25-2012) and finally straighten out the record. Petitioner, again, can only speculate, that in response to his attempts to ask questions, appeal, and exercise his "STATE" Constitutional rights to do so and petition the courts; On May 16, 2014, a Second "Motion To Revoke Probation" (M.T.R.) and "WARRANT" for Petitioner's arrest was filed and issued (PLEASE SEE ATTACHED-ENCLOSED COPY OF PETITIONER'S "PRO-SÉ APPELLANT'S BRIEF" (page-5, lines: 20-22) IN SUPPORT OF THESE FACTS). Again, Petitioner would respectfully and humbly give NOTICE to this "Honorable Court of Criminal Appeals", that the ALLEGED violated conditions are not mentioned or listed in the "amended conditions-of-probation", neither was Petitioner given notice of any "such additional" ridiculous conditions-of-probation; (PLEASE SEE ATTACHED-ENCLOSED COPY OF PETITIONER'S "PRO-SÉ APPELLANT'S BRIEF" (page-5, lines: 22-25 and page-6, lines: 1-8) IN SUPPORT OF THIS PETITION). Petitioner was immediately arrested at his residence (police officers scaring family with their profanity and aggressiveness) and detained (thrown into jail again) in the Bexar County Jail on May 19, 2014. On July 27, 2014, Petitioner "BONDED-OUT" of jail on an "M.T.R.-BOND" approved and GRANTED by Judge Skinner (herself) (PLEASE SEE ATTACHED-ENCLOSED COPY OF PETITIONER'S "PRO-SÉ APPELLANT'S BRIEF" (page 5, lines: 27-29 "end of page" and page-6, line: 1)). When Petitioner was released from jail (7-19-2014) on "M.T.R.-BOND", pending this Second "M.T.R.-Hearing", the only instructions he was given NOTICE of or papers Petitioner signed, were BOND-PAPERS and he was told to REPORT IMMEDIATELY to the "BOND'S MAN" that BONDED him out. At NO time during "out-processing" or upon Petitioner's release from jail,

was he given NOTICE of any other information, nor was Petitioner told to report to probation or anyone else, and nor was he given anything to sign indicating or even implying to do so or that it was Petitioner's duty to report to anyone but his "BOND'S MAN". The only "papers" Petitioner signed only ordered him to report to "BOND'S MAN". Petitioner was eventually found "INCOMPETENT" and re-arrested in Court on August 14, 2014, (PLEASE SEE ATTACHED-ENCLOSED COPY OF PETITIONER'S "PRO-SE APPELLANT'S BRIEF" (page-6, lines:8-10) IN SUPPORT) and thrown back into the Bexar County Jail, yet again. Petitioner can only, once again, speculate at this point, that his being found "INCOMPETENT" and unnecessary detainment was a "prejudicial tactic" to keep him incarcerated and to keep him from preparing for this Second "M.T.R. Hearing" (still pending), knowing that the Second "M.T.R." was also BOGUS. In the amount of time Petitioner was released and out on "M.T.R.-BOND" (pending Second "M.T.R.-Hearing"), which was from (7-27-2014) to the time he was found "INCOMPETENT" and thrown into jail again (8-14-2014) approximately "three-weeks"; the Bexar County Probation office/Department, nor the Assistant-District Attorney (Mr. DeMartino), OBVIOUSLY didn't care, nor were concerned about, want Petitioner to report while on "M.T.R.-BOND" pending Second "M.T.R. Hearing", because there are NO other complaints, "amended-M.T.R.'s", or alleged violations filed (EMPHASIS ADDED). On August 25, 2014, Petitioner was transported to the "Texas State Hospital" in San Antonio (also known as "S.A.S.H."), for "psychological evaluation". By this point Petitioner felt as if he was going crazy. On October 8, 2014, Petitioner was transported from "S.A.S.H.", back to the Bexar County Jail for a "Competency Hearing". Though Petitioner was found to be "MENTALLY UNSTABLE" by the "Medical Examiner" that sent him to "S.A.S.H." for treatment in the first place, Judge Andrew Carruthers decided that Petitioner was well enough to understand what was going on (dispite my MENTAL condition) and entered a Judgment of "Restoration of Competency" (PLEASE SEE ATTACHED-ENCLOSED COPY OF PETITIONER'S

"PRO-SE APPELLANT'S BRIEF" (page-6, lines: 24-25) IN SUPPORT OF THIS PETITION). On October 9, 2014, Petition was AGAIN released from the Bexar County Jail on "BOND" pending second "M.T.R.-Hearing" (still). And AGAIN, at NO time during "out-processing" or upon release from jail, was Petitioner given NOTICE of any other information, nor told to report to probation or anyone else, and nor was he given any PAPER-WORK to sign indicating or implying that it was Petitioner's duty to report to Probation (neither anyone else, except the BOND'S MAN for that matter) while out on "M.T.R.- BOND", pending second "M.T.R.-Revocation-Hearing". Petitioner declares, that he has gone so far as to "read and research" the entire law on "Community Supervision Requirements" under Article-42.12 of the "Texas Code of Criminal Procedure" (which is a very thick and lengthy "Article"), and No where is it stated as a "requirement" of probation that Petitioner must report to probation "weekly" if he is released from jail on "M.T.R. BOND" pending revocation-hearing; there was however, an "AFFIRMATIVE DEFENSE REQUIREMENT" in "Petitioner's favor" that is mentioned in the "GROUNDS FOR REVIEW" section of this Petition. (EMPHASIS ADDED). I would humbly CRY OUT though, what is the point of the "Texas State Legislation" even making such laws and lawful-requirements, if the Bexar County Justice System, those pettifoggers who act as lawyers & prosecutors and to whatever other "name or title" does not give mention, don't have to obide by the "ACTS" and "requirements" of the laws of Texas; only what benefits "them"; this is "said and written" with the strongest emotions because of what has been done emotionally and mentally to the Petitioner, his family, and his ONLY daughter-child. AGAIN, the only "PAPERS" Petitioner signed only ordered him to report to his "BOND'S MAN"; however, Judge Andrew Carruther did also order that Petitioner, upon release from jail, not only REPORT to his "BOND'S MAN", but to REPORT to "Pre-Trial Services", and COURT-ORDERED "Mental Health Services" with the "Center for Health Care Services" for psychological help and treatment; NOTHING ELSE, (PLEASE SEE ATTACHED-ENCLOSED COPY OF PETITIONER'S "PRO-SE APPELLANT'S

BRIEF(page-7, lines: 8-11) IN SUPPORT OF THIS PETITION). Even though NO orders or warning were given Petitioner to report to probation while out on "BOND", he still made a good-faith attempt to report to "Probation Officer - Mr. Jeffery Dew", shortly after his release from jail on "M.T.R.- BOND"; Petitioner doesn't remember the exact of this good-faith voluntary visit to probation, but FACT was mentioned, confirmed, and recorded, and DISREGARDED, in open court during the November 13, 2014, revocating hearing. It was at that time, at Petitioner's good-faith attempt to voluntarily report, that he learned he had been given another probation officer, only known by the name of "MS. Jackson"; and "MS. Jackson" told the Petitioner that she couldn't see him because she hadn't scheduled to see him at that particular time and then told Petitioner to leave. So Petitioner responded to "MS. Jackson", that he was not going to leave until he got something on paper indicating that he did make an attempt to report (and inquire of his status). "MS. Jackson" then threatened Petitioner that "if he didn't leave, she would call the Police and have him arrested and thrown into jail, again". So being in FEAR of his life and freedom, Petitioner left the Probation office (and the vicinity) immediately, and decided not to return until after the November 13, 2014, pending second "M.T.R.-revocation-hearing", and after Petitioner had a chance to tell Judge Skinner everything that was going on and being done to him. Again, these FACTS were mentioned, recorded, and disregarded during the November 13, 2014, "M.T.R.- revocation-hearing"; but of course, those records were not included or provided by the "trial court clerk" for "appellate review" as the "4TH. Court of Appeals" ORDERED (3-9-2015), (PLEASE SEE ATTACHED-ENCLOSED COPY OF PETITIONER'S "PRO-SÉ APPELLANT'S BRIEF(page-2, lines: 18-19) FOR FURTHER SUPPORT). Petitioner was out on "M.T.R.-BOND" approximately "twenty-nine-days", reporting to his "BOND'S MAN", to "Pre-Trial Services", and the "Center for Health Care Services"; and on November 7, 2014, exactly "six-days" before the scheduled November 13, 2014, "M.T.R.-

revocation-hearing", a "MOTION TO AMEND" the original second "M.T.R.", was filed with the Court, trial court, in violation of Article-42.12, and

● Section : 21(b-2), of the "Texas Code of Criminal Procedure"; and a WARRANT was issued for Petitioner's arrest on November 10, 2014, (PLEASE SEE ATTACHED-ENCLOSED COPY OF PETITIONER'S "PRO-SE APPELLANT'S BRIEF" (page-8, lines:6-13) FOR SUPPORT OF THESE FACTS). On November 12, 2014, Petitioner was re-arrested at his place of residence (police officers, AGAIN, scaring family and freaking-out neighbors with their aggressiveness) and detained (thrown into jail again) in the Bexar County Jail. On November 13, 2014, (the day of the "M.T.R.-Revocation-Hearing") Petitioner was brought before the "trial court" and "Judge Skinner" in chains to make him out to be this "criminal scum with no regard for the laws of the state" and to also give the Judge the false appearance of Petitioner being a "disrespectful and an irresponsible high-risk threat to public safety" and to whatever other

● extremes probation officers (Mr. Jeffery Dew and Ms. Shannon Jones) have gone to injure and defamate his character before Judge Skinner (in closed-door private meets with Your Honor), and not to mention the unnecessary ruining of the "Parent-Child relationship" Petitioner had with his daughter and his "good reputation" with his family, neighbors, and commity of close friends. "Probation-Community Supervision" was suppose to be (for an adult) a "system of supervision" for an individual (offender) and his reintergration & reentry back into society and to be encourage in the "right ways" to maintain work or be provided with employment resources, to refrain from drugs and alcohol during this probationary-period, and whatever rehabili-tation needed to prevent another similar "criminal-charge" or "act". Not only does the Petitioner NOT use illegal-drugs or abuse alcohol, but there was NOTHING rehabilitating about the "type of probation" Petitioner was

● placed on (3-18-2014); and there was NOTHING "REGULAR" about the probation he was sentenced to, and NOTHING good came out of this "So Called" Probation....but harassment and discrimination and the interfering of a

"parent-child relationship" (or better said, "the making of a rebellious kid and POSSIBLE statistic in the criminal justice system) which Petitioner thought was illegal. Whatever Petitioner was sentenced to and promised for a "No Contest" plea, <u>was not</u> Regular Probation-Community Supervision; Petitioner asserts; that had he known Prosecutions intentions and "evil-motives" in the beginning (9-25-2012) that he would've just went taken a "two or <u>three</u>-year" prison-sentence from the start than to have his "<u>thirteen</u>-year-old" daughter (at the time) exposed to all this Bexar County Judicial tyrannical malarkey. What chance ~~pauper~~ does a pauper (such as Your Petitioner) have against such tyrants in the Bexar County Justice System. Petitioner did argue ~~these~~ issues to the best of his own natural abilities (since Attorney Keith Engelke was afraid to speak up), but because of his lack-of-knowledge in the law, ~~because~~ Petitioner is not versed in the law, and because was constantly silenced by Judge Skinner and was ordered to speak through his court-appointed attorney (when Mr. Engelke wasn't saying anything); all the FACTS were misconstrued by Assistant-District Attorney-Mr. DeMartino, and Petitioner's probation-community supervision was revoked and sentenced to "<u>Ten-years</u>" in the "Texas Department of Criminal Justice-Institutional Division" (T.D.C.J.-I.D.) for allegedly having failed to report to probation while on "M.T.R.-BOND" for the date(s) of October <u>13</u>, <u>20</u>, <u>27</u>, 2014; but all of the other ridiculous alleged violations were immediately disregarded and thrown-out before the revocation-hearing began. (PLEASE SEE ATTACHED-ENCLOSED COPY OF PETITIONER'S "PRO-SE APPELLANT'S BRIEF" (page-<u>8</u>, lines: <u>18</u>-<u>19</u>) IN SUPPORT). On December <u>15</u>, 2014, Petitioner filed an APPEAL with the "<u>290TH</u> District Court", appealing the "ten-year-prison-sentence" and with the "<u>Fourth</u> Court of Appeals". On December <u>17</u>, 2014, "Attorney Vincent Callahan" was "once again" appointed to represent Petitioner on APPEAL in this same case; but of course no one informed the Petitioner of who his new (old) appellate lawyer was, until Petitioner's "now" ex-girlfriend

looked-up his "appellate-court information" over the internet the following year (PLEASE SEE ATTACHED-AN-ENCLOSED "EXHIBIT-2, IN SUPPORT OF THIS PETITION"). All of the above mentioned and foregoing issues herein, were explained in writing to "Attorney Vincent Callahan... Esq"... with instruction "on what" and "how" Petitioner wanted him to appeal and what Petitioner would've liked the appeal to be about (PLEASE SEE ATTACHED-ENCLOSED "EXHIBIT-2, IN SUPPORT OF THIS PETITION", IN SUPPORT); however, on February 18, 2015, Attorney Vincent Callahan "once again" submitted and filed "another "ANDER'S BRIEF" (NO ERROR BRIEF) alleging that because"... Appellant pled "true" at the revocation hearing.... Counsel can find in the record no arguable points of error..." (PLEASE SEE ENCLOSED-ATTACHED "EXHIBIT-3, IN SUPPORT OF PETITION" (page-6, lines: 5-6 "Statement of No Points of ERROR") IN SUPPORT OF THESE FACTS); and this was done even after "Appellate Counsel" acknowledged in writing having seen "for himself" on the "trial court records" all the violations "of the "ACTS"" by prosecution, Petitioner wrote to him about and also stated herein, (PLEASE SEE ATTACHED-ENCLOSED COPY OF PETITIONER'S "PRO-SE APPELLANT'S BRIEF" (page-9, lines: 1-3) IN SUPPORT OF THESE FACTS). On April 10, 2015, Petitioner filed his "Pro-Se Appellant's Brief" with the "Fourth Court of Appeals" arguing the "violations" of the "ACTS" of the "Tex. Code of Crim. Proc." and the "abuse of discretion" by prosecution and trial court; though Petitioner may not have articulated as a lawyer, he did argue the "Points of Errors" on the court record, to the best of his own natural abilities, (PLEASE SEE ATTACHED-ENCLOSED "EXHIBIT-4, IN SUPPORT OF THIS PETITION "with it's attached-exhibits" IN SUPPORT OF THESE FACTS). On June 10, 2015, the State-Appellee filed a letter WAIVING the right to file a Brief in response to "Appellant's Pro-Se Brief". On August 5, 2015, the "Fourth Court of Appeals" set this case and appeal "for formal submission "ON BRIEFS ONLY"" for September 2, 2015. On August 21, 2015, Petitioner filed a letter with the Fourth Court of Appeals

requesting to be "personally present" at that September 2, 2015, "formal submissions hearing" because he knew his "court-appointed appellate counsel" was not looking out for his best interest and Petitioner mentioned verbatim that he straight-out just "didn't trust Mr. Callahan", because Petitioner knew that "appellate-counsel" wouldn't put forth the effort to effectively defend him, (PLEASE SEE ATTACHED-ENCLOSED EXHIBIT-5, IN SUPPORT OF PETITION). On September 2, 2015, apparently Petitioner was not allowed to attend the "formal submissions hearing". On September 9, 2015, the "Fourth Court of Appeals" denied Petitioner's appeal holding, that his "appeal was frivolous and without merit because Petitioner pled true to violating the conditions of his community supervision", (PLEASE SEE ATTACHED-ENCLOSED APPENDIX OF THIS PETITION) for support of these facts. Petitioner affirmatively asserts, to the "Honorable Judges" of the "Texas Supreme Court", the "Court of Criminal Appeals", as he humbly asserted to the Bexar County trial court of the 290TH. Judicial District, that he did not report to the Probation office for the date(s) of October 13, 20, & 27, 2014, as stated in this "Petition for Discretionary Review" (Referencing Pages: 22, lines: 5-21 & Page: 24, lines: 13-24); but this was not done intentionally, Petitioner failed to report to Probation with a clear conscious and clean hands and not with any criminal intent either. It seems as if every one is failing to realize that NO ONE told, advised, informed, or even order the Petitioner to report. Isn't it a law in Texas (the TX.C.C.P.) that Petitioner has to be given some sort of legal "NOTICE" of some form of a "pending obligation" of some kind before he can be held responsible for not doing a particular thing (e.g.: reporting to probation while on "M.T.R.-BOND"); and the one attempt Petitioner made in good-faith on his own accord to report to probation and inquire of his status quo, Probation Officer-Ms. Jackson threatened Petitioner to leave and "vacate the premise" or that she would have Petitioner incarcerated. Petitioner humbly beseeches this "Honorable Court of Criminal

Appeals" for forgiveness for such a lengthy "Petition for Discretionary Review", however, Petitioner felt the need to give a precise chronological record of events of what culminated into this "miscarriage of justice" detailed in this Petition before this Honorable Court now; as it is imperative that this "prosecutorial vindictiveness" be intentioned with urgency so that Petitioner may salvage what remains of his life and family. In all sincerity, there really is NO way to briefly, easily, nor simply explain a precise "Procedural History" any other way; and there is No honor in what was done to Petitioner by the Bexar County Justice System or the 290 TH. Judicial District Court. Please Help Me!

## GROUNDS FOR REVIEW

1) Ineffective Assistance of Appellate Counsel.

2) Prosecutorial Vindictiveness.

*3) Abuse of Discretion and Illegal Sentence.

4) Failure To Comply With The "Requirement" of the "Acts" of: Article- 42.12, section: 11(d)(1)(B); Texas Code of Criminal Procedure.

5) Failure To Comply With The "Requirement" of the "Acts" of: Article- 42.12, section: 24; Texas Code of Criminal Procedure.

*6) Failure To Comply With The "Requirement" of the "Acts" of: Article- 42.12, section: 21(b-2); Texas Code of Criminal Procedure.

7) Failure To Comply With The "Requirement" of the "Acts" of: Article- 42.12, sections: 23(a) & (b); Texas Code of Criminal Procedure.

## STATEMENT OF POINTS OF ERROR

POINT OF ERROR - ONE (Ineffective Assistance of Appellate Counsel)

Appellate Counsel - Vincent D. Callahan, was ineffective for failing to RAISE "insufficient evidence". In High vs. State, 573 S.W. 2d 807 (Tex. Crim. App. 1978), the court ruled that the brief filed by "court-appointed attorney" was inadequate where brief did not refer to anything in the record that could arguably support an appeal; and in Entsminger vs. Iowa, 386 U.S. 748, 87 S.Ct. 1402 (1967) indigent defendant was convicted and "asked" his appointed attorney to file an appeal, but the attorney did not perfect the appeal. the court concluded that appointed counsel "must" take an active role as advocate and, in this case, his representation was inadequate and ineffective. Enclosed-Attached, labeled as: EXHIBIT-2 IN SUPPORT OF PETITION, is a letter that Petitioner wrote to his "Court-Appointed Appellate Counsel" (Vincent Callahan), asking and begging attorney, to file an appeal on "arguable grounds" to support an appeal; and also attached-enclosed with this "plea for help-letter", in support of appointed attorney's ineffective assistance, is Mr. Callahan's "Ander's Brief" in which attorney filed, labeled as: EXHIBIT-3 IN SUPPORT OF PETITION, showing an inadequate brief where attorney did not refer to anything in the record that could arguably support an appeal on Petitioner's claims of DUE PROCESS VIOLATIONS and Fundamental Error(s), Please see Hank vs. State, 625 S.W. 2d 433 (App. 14 Dist. 1981) criminal law-1030(1); Henderson vs. State, 617 S.W. 2d 697 (Cr. App. 1981) criminal law-1038.1(2); and Fed.R. Evid. 103 (d), for further support of the "FUNDAMENTAL-FAIRNESS DOCTRINE". See Also: fundamental error, Plain Error, and error apparent of record; BLACK'S LAW DICTIONARY (Tenth Edition), for the rule that applies the principles of due process to a judicial proceeding to support these FACTS, that Court-Appointed Counsel's (Mr. Vincent D. Callahan) representation was inadequate

and ineffective; Please see Also <u>High vs. State</u>, 573 S.W. 2d 807 (Tex.Crim.App.1978); <u>Chapman VS. U.S.</u>, 469 F.2d 634 (5th.Cir.1972); <u>Evitts vs. Lucey</u>, 469 U.S. 387, 105 S.Ct. 830 (1985), and <u>Passmore VS. Estelle</u>, 607 F.2d 662 (5th.Cir.1979). (EMPHASIS ADDED). The Fourth Court of Appeals, ERRED in holding, that Petitioner's Court-Appointed Appellate Counsel (Mr. Vincent D. Callahan) filed a professional evaluation concluding in his brief that the appeal and Petitioner's "Pro-Se Brief" had no merit; Please see Tex. Rules of App. Proc. (TX.R.A.P.) Rule <u>66.3</u> (c), (d) and (e) in support.

<u>POINT OF ERROR-TWO</u> (Prosecutorial Vindictiveness)

In <u>Blackledge vs. Perry</u>, 417 U.S. 21, 94 S.Ct. 2098 (1974); Court held that after defendant successfully challenged a misdemeanor conviction on appeal, State was precluded by the "DUE PROCESS CLAUSE" from prosecuting defendant for a more serious felony charge on the same facts. "Fundamental Error" in unobjected to charge, in order to constitute reversible error, must go to very basis of case so that charge fails to state and apply law "under which accused was prosecuted." The <u>FRAUDULANT</u> "First Amendment of Motion To Revoke Community Supervision" does <u>not</u> have a "good cause shown" for the STATE to have amended the <u>original</u> "Motion To Revoke" (M.T.R.) after the expired time, in violation of "Article-42.12, Section: 21(b-2), of the Tex. Code Crim. Proc.", (<u>PLEASE SEE</u> ATTACHED-ENCLOSED COPY OF PETITIONER'S "PRO-SE APPELLANT BRIEF" ("page-<u>5</u>, lines: <u>20</u>-22 & <u>27</u> throu page-<u>6</u>, lines: <u>1</u>-7 & <u>25</u>-<u>29</u> throu page-<u>7</u>, lines: <u>1-2</u>" and "page-<u>8</u>, lines: <u>4</u>-19 and page-<u>11</u>, lines: <u>5</u> throu page-<u>13</u>, line: <u>2</u>") (See also Referencing Para-graphs: "Page-<u>15</u>, lines: <u>11</u>-30 throu Page-<u>16</u>, lines: <u>1</u>-13" & Page-<u>17</u>, lines: <u>20</u>-25" & "Page-<u>18</u>, lines: <u>29</u>-30 throu Page-<u>19</u>, lines: <u>1</u>" & "Page-<u>19</u>, lines: <u>9</u>-13" & "Page-<u>19</u>, lines: <u>22</u>-30 throu Page-<u>20</u>, lines: <u>1</u>-5" & "Page-<u>20</u>, lines: <u>13</u>-20" & "Page-<u>21</u>, lines: <u>2</u>-17" & "Page-<u>22</u>, lines: <u>27</u>-30 throu

Page-23, lines: 1-9° & °Page-24, lines: 11-25° & °Page-26, lines: 13-26°) for support of these FACTS. This not only PROVES the STATE'S vindictiveness and intentions to harass the Petitioner and clearly shows a deliberate Prosecutorial vindictiveness. The State-Prosecution did unlawfully deprive Petitioner (defendant) of his °Procedural Rights° as stated in Article-42.12, section: 21(b-2), of the TEX. Code of Criminal Procedure (TX.C.C.P.) wherein it is stated in part °…. the State may amend the motion to revoke community supervision any time up to seven (7) days °before° the date of the revocation hearing, after which time the motion °may not° be amended except for good cause shown…°°. Article-42.12, section: 21(b-2) of the TX.C.C.P., is a legal enforceable claim that another will or will not do a given act; a recognized and protected interest °the violation of which is wrong°° (a breach of duty that infringes one's right); Please See: PROCEDURAL RIGHTS - BLACK'S LAW DICTIONARY (Tenth Edition) for support of this rule and law. See also Passmore vs. Estelle, 607 F.2d 662(5th.Cir.1979) in which the Court held, that the entire proceeding as a whole was fundamentally unfair. The Fourth Court of Appeals, ERRED in holding that Petitioner's appeal was frivolous and without merit. See Also, Texas Rules of Appellate Procedure (TX. R.A.P.) 66.3 (b), (c), (d), (e), & (f), (EMPHASIS ADDED); and TX.R.App. Proc. 44.2 (a), in support.


POINT OF ERROR - THREE (Abuse of Discretion & Illegal Sentence)

The Fourth Court Court of Appeals, ERRED in holding that the Appellant's (Your Petitioner) appeal was without merit, because in the course of a criminal proceeding, and trial & it's it's incidents, a trial court can °abuse it's discretion° and impose an °illegal sentence°. This can also be defined as °FUNDAMENTAL ERROR°° (Plain Error), and is also termed as °Error Apparent of Record° (BLACK'S LAW DICTIONARY-

Tenth Edition); and are those calculated to injure the RIGHTS of a defendant or deprive defendants of a "fair and impartial" trial, "fair and impartial" criminal proceedings, and "fair and impartial" hearings, see Hank vs. State, 625 S.W. 2d 433 (App. 14 Dist. 1981) Criminal Law-1030(1). A plain error is often said to be so obvious and substantial (Referencing Paragraphs: "Page-15, lines: 11-15 & 1-2" and "Page-20, lines: 13-20") that failure to correct it would infringe a party's "due process rights" and damage the integrity of the judicial process. Appellant did give the "Court of Appeals" notice that he did give Oral, Written, and Documented "OBJECTION" before, and even after, the Trial Court sentenced and then placed Petitioner back onto "REGULAR" Adult Probation-Community Supervision March 18, 2014, (Referencing Paragraphs: "Page-16, lines: 30 thro Page-17, lines: 1-12") (Please see also Enclosed-Attached seven-page "MOTION FOR REINSTATEMENT" labeled as: EXHIBIT-1 IN SUPPORT OF PETITION) for support of these FACTS. In the Tex. Code of Criminal Procedure, Article-36.14 (Charge of Court) states in part, "... the Judge shall, before argument begins... except in... where jury is waived..." and Article-36.15 (Requested Special charges) "... The requirement that the instructions be in writing is complied with if the instructions are dictated to the Court reporter.... the defendant may by a special requested instruction, CALL THE TRIAL COURT'S ATTENTION TO ERROR....and no other exception or objection to the Court's charge shall be necessary to "PRESERVE" any "ERROR" reflected by any special requested instruction which the Trial Court refuses...", see Bueno vs. State, 630 S.W. 2d 333 (App. 14 Dist. 1982) for support. As you can see, not only was "OBJECTION" MOTION FOR REINSTATEMENT" stamped-dated and filed, it was also ignored by the Trial Court and just sat in "obvious error" as a form of discrimination to Petitioner's rights; but did "preserve" room for "error", to appeal. Petitioner gave NOTICE to the trial court of his "written objections" because

the conditions-of-probation imposed by the trial court <u>were</u> <u>not</u> <u>reasonably</u> <u>related</u> to the crime-conviction, see <u>U.S. vs. Stafford</u>, 983 F.2d 25, 28-29 (5th.Cir.1993) and <u>State vs. Villarreal</u>, 418 S.W. 3d 920 (Tex.App.-Austin '2013). Appellant truly believes that the trial court discriminated on him because he appealed the original "Judgment" and "Conviction" trying to undo the FRUAD that Assistant-District Attorney Mr. Christopher DeMartino had committed on the record (Referencing Paragraphs: Page-<u>13</u>, lines: <u>11-20</u>) because there were <u>NO</u> highly-restrictive conditions-of-probation imposed during the original sentencing September <u>25</u>, 2012; Please see <u>LUIS JARAMILLO VS. STATE</u>, No. <u>04-12-00650-CR</u>, <u>Fourth</u> Court of Appeals, San Antonio, Texas, Memorandum Opinion affirming delivered on April 3, 2013. The Petitioner was further discriminated on because the trial court deprived him of his "Procedural Rights" as stated in part in Article-<u>42.12</u>, section:<u>21</u> (b-2) of the Tex.Code of Crim.Proc., "...the State may amend the motion to revoke communtiy supervision any time up to <u>seven</u> (7) days "<u>before</u>" the date of the revocation hearing, after which time the motion "<u>may not</u>" be amended except for good cause shown...". Petitioner now humbly asks the Honorable Court of Criminal Appeals, a "question-of-law"; when does a sentence become illegal? In the United States Constitution, Article-<u>IV</u>.(THE STATES) it states in part, "Section:<u>1</u> ... Full Faith and Credit shall be given in each State to the public Acts..." "Amendment-<u>14</u> (Citizenship Rights) All persons born... in the United States, and subject to the juridiction thereof, are citizens... wherein they reside. No state shall make or enforce any law which shall abridge the "<u>privileges</u>" or "<u>immunities</u>" of citizens...". In <u>Armstrong vs. State</u>, 805 S.W. 2d 791 (Cr.App.1991) the Court concluded that the "QUESTION" of whether a judge has complied with the "requirements" of the "ACTS" <u>was</u> a "Question of Law" and was therefore "APPEALABLE"...; Petitioner NOW invokes

the "Subject Matter Jurisdiction" which generally raises the "QUESTION" of whether a court is empowered to decide a given issue or type of issue. Absent "subject matter jurisdiction", any orders or judgments a court may enter are void and may be attacked subsequently. The lack of "subject matter jurisdiction" cannot be waived by failure to make a timely objection. The court may address the issue of "SUBJECT MATTER JURISDICTION" sua sponte. The STATE amended the original "Motion To Revoke" (M.T.R.) after the time to amend (without good cause shown) had expired (Referencing Paragraphs: Page-21, lines: 2-17" and "Page-22, lines: 27-30 throu Page-23, lines: 1-6) and then Petitioner was sentenced to ten-years in the "Texas Department of criminal Justice (T.D.C.J.) in violation of the "Acts" of the "Texas Code of Criminal Procedure", namely to-wit: Article-42.12, section: 21 (b-2). Therefore, the trial court, nor the judge, complied with the "requirments" of the "Acts" and thus, this "Question of Law" is therefore APPEALABLE; see Armstrong vs. State, 805 S.W. 2d 791 (EMPHASIS ADDED). Why is it okay, for the trial court (State) and Judge, to use only the "Act of Law" that they can benefit from but that also abridge Petitioner's "rights", "privileges", and "immunities" as a citizen of Texas? Why can't Petitioner (when he was still defendant) do the same under the FOURTEENTH-Amendment of the U.S. Constitution's Equal Protection clause? Or even the State Constitution of Texas, Article-1, section: 19? See generally, Louis & N.R. Co. vs. Mottley, 211 U.S. 149, 29 S.Ct. 42 (1908), holding that a plaintiff may not invoke federal jurisdiction based on an anticipated affirmative defense. Mottley is also well know for the proposition that an objection to "SUBJECT MATTER JURISDICTION" cannot be waived and can be raised at any stage of the proceeding. In Mottley, the case reached a final decision in the trial court and was appealed to the Supreme Court, apparently without either party or the trial court ever

raising or even noticing the issue of lack of SUBJECT MATTER JURISDICTION. The issue was raised for the first time by one of the Justices of the Supreme Court at the oral argument! See also La Resolana Architects, P.A. vs. Clay Realtors Angel Fire, 416 F.3d 1195, 1198, 75 U.S.P.Q. 2d 1496 (10th Cir. 2005) ("It is axiomatic that SUBJECT MATTER JURISDICTION, which gives courts the power to adjudicate cases, cannot be waived".) Pursuant to Article-42.12, section: 23(b), TX.C.Crim.Proc., these are meritorious reasons that give rise to the right of Petitioner's APPEAL. Petitioner is truly of the belief (as the record will show but unable to provide for this Honorable Court due to his indigency) that Judge Skinner, Probation officers-Mr. Jeffery Dew and Ms. Shannon Jones, Assistant-District Attorney-Mr. Christopher DeMartino; became so embroiled in sending Petitioner to prison (for the MAX term) that they all truly lost sight of justice and imposed an illegal sentence onto Petitioner. In Article-44.01(b) (Appeal By State) (TX.C.Crim.Proc.), the STATE-Prosecution is entitled to appeal a sentence in a case on the ground that the sentence is illegal. Article-44.02, (TX.Code Crim.Proc.); and Rule 25.2, (TX.R.App.Proc.) (Rule 25.2(a)(2)); and under the FOURTEENTH-Amendment, U.S. Constitution; Petitioner is also entitled to appeal a sentence in a case on the ground that the sentence is illegal. The Fourth Court of Appeals, erred in hold that Petitioner's appeal was without merit on the grounds of a deliberate "abuse of discretion" by the trial court as well. See also, the Tex. Rules of App.Proc., Rule 66.3(b),(c),(d),(e),& (f). (EMPHASIS ADDED)

POINT OF ERROR - FOUR (Failure To Comply With The "Requirement" of the "Acts" of: Article-42.12, section: 11(d)(1)(B), TX.Code Crim.Proc.) PLEASE SEE ATTACHED-ENCLOSED COPY OF PETITIONER'S "PRO-SE APPELLATE BRIEF" labeled as: EXHIBIT-4 IN SUPPORT OF THIS PETITION, Page: 9.

POINT OF ERROR - FIVE (Failure To Comply with the "Requirement" of The "Acts" of : Article- 42.12, Section: 24, Tex. Code of Crim. Proc.). PLEASE SEE ATTACHED-ENCLOSED EXHIBIT-4 IN SUPPORT OF THIS PETITION - Page: 10.

POINT OF ERROR - SIX (Failure To Comply With The "Requirement" of The "Acts" of: Article - 42.12, Section: 21 (b-2), Tex Code of Crim. Proc.). PLEASE SEE ATTACHED-ENCLOSED EXHIBIT-4 IN SUPPORT OF THIS PETITION - Page: 11.

POINT OF ERROR - SEVEN (Failure To Comply with The "Requirement" of The "Acts" of : Article- 42.12, sections: 23 (a) & (b), Tex. Code of Crim. Proc.). PLEASE SEE ATTACHE-ENCLOSED EXHIBIT-4 IN SUPPORT OF THIS PETITION -Page: 13.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERER, I, Petitioner, humbly Pray this Honorable Texas Court of Criminal Appeals consider everything stated and asserted in the Pro-Sé Petition For Discretionary Review and reverse this "ten-year" prison sentence and the judgment in this case. Petitioner HUMBLY Prays this Honorable Court of Criminal Appeals GRANT me relief and ORDER my Probation-Community Supervision to be reinstated and Petitioner be released from the custody of the "Texas Department of Criminal Justice - Institutional Division" immediately.
Signed on: 12-2-2015.

Respectfully Submitted,

Luis Ray Jaramillo

Luis Ray Jaramillo, Jr.
Petitioner          Pro-Sé
T.D.C.J. # 1966673  Garza West Facility
4250 HWY 202, Beeville, TX. 78102

# APPENDIX

"MEMORANDUP   OPINION" OF THE

FOURTH COURT OF APPEALS

(Page-1 of 4)



# Fourth Court of Appeals
## San Antonio, Texas

### JUDGMENT

No. 04-14-00902-CR

Luis **JARAMILLO**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR2228
Honorable Melisa Skinner, Judge Presiding

BEFORE CHIEF JUSTICE MARION, JUSTICE ANGELINI, AND JUSTICE PULLIAM

In accordance with this court's opinion of this date, the judgment of the trial court is AFFIRMED, and appellate counsel's motion to withdraw is GRANTED.

SIGNED September 9, 2015.

_Sandee Bryan Marion_
Sandee Bryan Marion, Chief Justice



# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00902-CR

Luis **JARAMILLO**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR2228
Honorable Melisa Skinner, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
               Karen Angelini, Justice
               Jason Pulliam, Justice

Delivered and Filed:  September 9, 2015

AFFIRMED

Luis Jaramillo, Jr. pled true to violating the conditions of his community supervision, and the trial court revoked his community supervision and sentenced him to ten years' imprisonment. Jaramillo's court-appointed attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel concludes that the appeal has no merit. Counsel provided Jaramillo with a copy of the brief and informed him of his right to review the record and file his own brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex.

App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Jaramillo obtained a copy of the record and filed a *pro se* brief.

After reviewing the record, counsel's brief, and Jaramillo's *pro se* brief, we agree that the appeal is frivolous and without merit.[1] The judgment of the trial court is affirmed. Appellate counsel's request to withdraw is granted. *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1. No substitute counsel will be appointed. Should Jaramillo wish to seek further review of this case by the Texas Court of Criminal Appeals, Jaramillo must either retain an attorney to file a petition for discretionary review or Jaramillo must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of: (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH

---

[1] Because we have determined that the appeal is frivolous, we do not address any of the issues raised by Jaramillo in his *pro se* brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## UNSWORN DECLARATION

Pursuant to Federal and State Law as follows:

28 U.S.C. §1746    and   V.T.C.A. Civil Practive & Remedies Code
§132.001-132.003

My name is Luis Ray Jaramillo, Jr., my date of birth is 10-25-1978 and my inmate identifying number is 1966673. I am presently incarcerated in Garza West Facility/Unit in Beeville, Bee County, Texas 78102. I declare under penalty of perjury that the foregoing is true and correct. Under penalty of perjury the foregoing Petition for Discretionary Review is and true and correct. Executed on the 2nd. day of December, 2015.

*Luis Jaramillo*

EXHIBIT-1 IN SUPPORT OF PETITION

Cause NO. 2012-CR-2228

THE STATE OF TEXAS

VS.

LUIS RAY JARAMILLO, JR.

IN THE DISTRICT COURT

290TH JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

MOTION FOR REINSTATEMENT OF PROBATION

TO THE HONORABLE JUDGE OF SAID COURT:

Come now Luis Ray Jaramillo, Jr. , Defendant in the above styled and numbered cause and files this Motion for Reinstatement of Probation and in support of said motion would show the Court the following:

I.

Defendant signed a plea-bargain for seven (7)-years of "Regular Adult Probation", with the addition of "Anger Managment". Defendant's conviction is not a "3-G Grant Case", but a non-violent/non-sexually oriented conviction.

II.

Defendant, however, was placed on a Highly-Intensified-Restrictive Community Supervision Probation by the Trial Court. Defendant adds, that his Probation-Conviction is being treated as a "3-G Grant Case" and was also assigned "Grant-Probation-officer".

III.

Defendant also asserts, that the Trial Court imposed "Highly-Restrictive" conditions of Probation that was not, in or part, of the "Original" plea-bargain, nor reasonably related to the nature and circumstances of the offense; which was a "Failure To Register As A Sex-offender" to wit: Defendant was accused of not maintaining a current Registered address. Please see SENTENCING GUIDLINES, supra note 2033 §§ 5B1.3 (b) (1) (B)-(E), 5B1.3 (b) (2); See also U.S. vs. Stafford,

983 F.2d 25, 28-29 (5th.Cir.1993); and <u>U.S. vs. Warren</u>, 186 F.3d 358,367 (3d.Cir.1999); Examples of cases of conditions not reasonably related to crime. (EMPHASIS ADDED). Please See Attached copy of Plea-Bargain for support.

## IV.

Defendant Further Argues, that a Plea Bargain is a contract between the State and the Defendant, and ONLY the State and the Defendant may alter the terms of the agreement; the trial court's only role in the plea-bargain process is to advise the Defendant whether it will accept or reject the plea bargain. Trial Court has NO authority to participate in plea-bargain negotiations, and it is reversible error for the trial court to insert additional, non-negotiated terms into a plea bargain. Trial Court has a ministerial duty to either accept or reject a plea agreement without modification; Please See <u>STATE VS. VILLARREAL</u>, 418 S.W. 3d 928, Tex.App-Austin 2013, for support of these facts. (EMPHASIS ADDED).

## V.

Upon Information and Belief and to the best of Defendant's knowledge, a "GRANT CASE" is a conviction for a "violant" or a "sexually oriented offense". Defendant asserts, that the conviction, which was the result of Defendant being on Probation, was for <u>neither</u> a violant or a sexually oriented offense.

## VI.

On March <u>31</u>, <u>2014</u>, Defendant was accused of violating the "Court-Created" terms and conditions of his Probation and the following particulars to wit: VIOLATION OF CONDITION No. <u>25B</u>: "Failing To Attend A Scheduled Sex-Offender Sex Addiction Treatment Program". Defendant states, that even though

137

the conviction for which the Defendant is ~~not~~ on Probation; for, is not Sexually-Oriented, nor a part of "terms of agreement" of the Original Plea-Bargain, and not REASONABLY related to the nature and circumstances of the offense; Defendant states that such accusations and/or allegion(s) are false and an untrue statement (a straight out lie). Defendant States, that he <u>still</u> attended the March <u>31</u>, 2014, Sex Addiction Treatment Program, or Sex Offender Therapy Treatment (S.O.T.P.) Program; even though he knew this class was <u>not</u> reasonably related to the nature and circumstances of the offense. Please See attached-copy of the "S.O.T.P. - Service-Slip" Signed by the Sex-Therapy Instructor, showing that Defendant did in fact attend the March <u>31</u>, 2014, "S.O.T.P." Sex Addiction Treatment class, which was scheduled for <u>3-31-14</u>, 1:00 p.m.. The "S.O.T.P. - Instructor" has the Probationer's <u>date</u> the "Service-Slip/receipt" and pay it in <u>advance.</u> Defendant further argues, that on April <u>7</u>, 2014, at 1:00p.m. to 1:30p.m., he was in Probation Officer's (Jeffrey Dew) Office reporting; Probation's "<u>log-in sheet</u>" will prove this fact. It is impossible for Defendant to be at two (2) places at once.

## VII.

On March <u>31</u>, 2014, Defendant is being accused of violating a Probation-Created term and condition of his Probation; VIOLATION OF CONDITION No. 25 @: Having Personal Contact with His <u>14</u>-Year old Daughter". Defendant states, that such accusations and/or allegation is false and an untrue statement. The truth of the matter is, Defendant's daughter had gotten herself in trouble at her school and had wanted to speak to her father (the Defendant); So on April <u>4</u>, 2014, Defendant sent a text-message to his daughter, asking "if she was alright." On September <u>25</u>, 2012, the date Defendant was sentenced to Seven (7)-Years 'Regular' Adult Probation, Your Honor, You knew that the

Defendant was going back to with his daughter and Grandmother; and the only ORDERS you gave the Defendant; was a $1,500.00-fine, No Harmful/Injury with Defendant's daughter and grandmother, Anger Managment Classes, and No Community Service because You ORDERED the Defendant, to take care of and to support his daughter; So from: 9-25-2012 to the PRESENT", Defendant (to the Best of his Abilities) has tried his best to be a good father and grandson. Defendant adds, that he has also sought-out psychiatric treatment for himself and his daughter since 9-25-2012. The Assistant-District Attorney Christopher Demartino, added stuff onto the "Docket Sheet" that was NOT ordered by you, Judge Skinner, nor did Defendant agree to; which was "Sex Addiction Therapy" and "No Contact with (daughter) Alyssa Jaramillo." and "Sex Offender Supervision". Defendant states, that he and his Grandmother have been raising Alyssa Jaramillo (who will be "15" in June, 2014) for fifthteen-Years; and if she was in any danger, that would've been "recognized" and NOTICED early on. After the March 18th, 2014, hearing; Defendant immediately reported to Probation upon his release from jail, and at that time Supervising Officer-Shannon Jones, informed Defendant, that he could No longer have any contact with his daughter, that it was "Court Ordered" by You, Your Honor. Even though Defendant knew such order was untrue, he still complied. For this reason, Defendant humbly requests the "Court Reporter's Record" for September 25, 2012, be reviewed for support of these FACTS. Defendant further states, that for Probation Superisor-Shannon Jones, to impose such a rediculous-restriction onto the Defendant, after he and his Grandmother spent 15-Years raising Alyssa Jaramillo, and after she's all grown-up now; this restriction does not make any sense. Defendant is of the belief that "Assistant-D.A. Christopher Demartino," "Officer Shannon Jones", and "Officer Jeffery Dew", are conspiring against the Defendant, and fabricating violations to have Defendant sent to Prison. Defendat's Grandmother-Aurora Navarro, is present to give her testimony.

(4 of 7)

WHEREFORE, PREMISES CONSIDERED, Defendant prays the Court reinstate his original period of community supervision with additional conditions of probation that the Court may deem necessary and just.

Respectfully submitted,

_____

Attorney for Defendant

Defendant PROPRIA PERSONA

IN MY OWN PERSON

## CERTIFICATE OF SERVICE

I, hereby certify that on this the 3∅ day of April ,2∅14, a true and correct copy of the above and foregoing Motion for Reinstatement of Probation was transmitted to the following:

Adult Probation Office      Bexar County District Attorney

207 N. Comal      Criminal Justice Center

San Antonio, Texas 78207      101 W. Nueva

San Antonio, Texas 78205

Defendant PROPRIA PERSONA

## ORDER

On this the _____ of _____, _____, came on to be heard Defendant's Motion for Reinstatement of Probation and said motion is hereby

( ) GRANTED      ( ) DENIED

Signed this _____, day of _____, _____.

_____

Judge Presiding

## Professional Associates for Counseling and Evaluation
### 5504 Bandera Road, Suite 707
### San Antonio, Texas 78238

### Service Slip

January February March April May June July August September October November
December
1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 29 30 31

Patient's Name: _Jaramillo Luis_ _R_
(Last) (First) (MI)

Therapist: _____ Group: Probation Parole IT IE

| Account | Service Charge | Payment | Sub-Total | Balance |
|---|---|---|---|---|
| Individual Therapy | $30.00 | | | |
| Group Rate | | | | |
| Group Rate - 1st year | | | | |
| ABEL | | | | |
| MSI, MMPI or SAI | $75.00 | | | |
| Parole Request IE | $50.00 | | | |
| Returned Check Fee | $25.00 | | | |

Sub-Total: $ _30.00_

Payment Received: $ _____

Balanced for Services: $ _____

### CANCELLATIONS WITHOUT 24 HOUR NOTICE & NO SHOWS WILL BE CHARGED ACCORDINGLY

Payment Received by: _____

Therapist Notes: _____

_____

_____

_____

_____

_____

_____

142

Page 6 of 7) OBJECTIONS

I

My Dear Grandson

Sorry that you have to be here. but we sure need you. I need you to help me with Fred because I have been sick of my back I pray every night that they will let you come home you already been to prison for 5 years what more do they want. well take care of yourself + get home soon. here is the paper you ask for Im sending 2. Love you Grandma and have two more.

P. S. Louis
I will go to get you Card Tuesday 22-14 or wait untill you get out.

EXHIBIT-2 IN SUPPORT
OF PETITION

# Vincent D. Callahan
## Attorney
Laurel Heights Station
P. O. Box 12141
San Antonio TX 78212-3007
Telephone/Fax: 210-737-3404

January 14, 2015

Luis Jaramillo #01966673
Garza West Unit
HC 02 Box 995
Beeville TX 78102

RE:   *State of Texas v. Luis Jaramillo*, No. 2012-CR-2228; 04-14-00902-CR
Court of Appeals, Fourth District, San Antonio, Texas

Dear MR. Jaramillo:

I have been appointed to your appeal.

Please write to me why you think your appeal is meritorious.

I acknowledge receiving two telephone messages from a woman identifying herself as Mary Ramirez and your fiancé.

The date entry sheet of the Bexar County Criminal District Clerk reveals that on 11/13/14 you pled 'true' to violating condition #5 of your probation which was then revoked by the trial court. Unless there is something more, the Court of Appeals will affirm the trial court's judgment.

The court reporter filed her transcription on 1/9/15. Still pending is the filing of the court's record.

I will stay in touch.

Sincerely,

Vincent D. Callahan

Vincent D. Callahan

VDC/ar

TO ATTORNEY VINCENT CALLAHAN

IN RE: Luis Ray Jaramillo
T.D.C.J. # 1966673
Garza West Unit
4250 HWY 202
Beeville, TX. 78102
TRIAL COURT CAUSE No. 2012-CR-2228
COURT OF APPEALS, FOURTH DISTRICT, NO. 04-14-00902-CR

Please Let This Serve As My Good-Faith Attempt:

I Respectfully submit this correspondence to ascertain some issues that continue to go unresolved. Yes, Sir, the woman that called You on my behalf, Mari Ramirez, is my fiancee. When I received "NO" letter or Notice from You, which tells me a lot already, in regards to constructing an Appeal, I asked my fiancee to contact You. Now, I was "alleged" to have committed violations to my probation; which resulted in a warrant for my arrest, and me getting arrested, and incarcerated, for a "motion to revoke" my Probation. I "BONDED OUT" on the "M.T.R."; while on "M.T.R.-BOND" No one told me, Nor did I sign any papers saying, I had to continue to report to my Probation officer "every-week" while on "M.T.R.-BOND". The only papers I signed were bond-papers, & the only piece of information I was informed of was that I had to REPORT to my "Bonds-Man" and "Pre-Trial services". Three-weeks later, and about "3 or 4-days" before the "Revocation Hearing", the original "M.T.R." was amended to state that I also failed to report to my probation officer for these "three-weeks" I was out on "M.T.R.-BOND" (why too, was I not informed about reporting while I was incarcerated for the M.T.R., would I still have to report by phone or letter, etc., from jail). Two-days later, I was arrested at my house and booked in the Bexar County Jail, and brought to the "Revokation Hearing" the following day (11-13-14) in cuffs. Before the the "Hearing" began the Assistant-District Attorney-Mr. Demartino, dismissed all of the original "alleged

INEFFECTIVE COUNSEL
(Page-2 of 6)

violations" in the "M.T.R." and pursued the NEW amended violation. I pled "TRUE" because I did not report during those three-weeks I was out on "M.T.R.-Bond"; however, as the record will show, I still did make an effort to report to probation. I did not make any sense or commotion, I just left the Probation office and did not not return for the next "two-weeks" because I was threatened by the Probation office Personnel, that "if I did not leave that they would call the cops on me". So what was I suppose to do; I just left the Probation office, and REPORTED to my "BondsMan" and "Pre-Trial Services" for the following two-weeks after. At No time, did the Probation Officer or Officers contact me afterwards to tell me anything. I did, however, ask my fiancee to call the Probation officer for me, to speak to some one as to what I was suppose to do for the following two-weeks, and a Probation Officer by the name of "Ms. Jackson" also threatened my fiancee "not to call back" or that she would have my fiancee arrested. All of this was presented to the Judge Skinner, however, Judge Skinner gave me the maximum sentence (10-Years) which was very Harsh for the nature of the alleged offense. I truly believe Judge Skinner, took my case very personally (losing sight of justice) when I appealed the original conviction, for which I was on probation for, through You Sir, to which You were no help. I am Hoping and Praying to "GOD Almighty" that You will help me this time. In my research of Article 42.12, of the Tx. Code of Criminal Procedure, I cannot find anywhere in this above-mentioned "ARTICLE" (as it is a very long article), nor in the "conditions of Probation" I signed, does it say that I MUST report to Probation every week if I "BOND-OUT" on an M.T.R. after being arrested. There's a lot wrong with above-mentioned. FIRST, I have been diagoned with "Bipolar" and "Depression"; Article:42.12, sec. 11 (d)(1)(B) states, if the judge places a defendant on community supervision and the defendant is determined to have a "mental illness"... (which I do have)... the judge may require the defendant as a condition... outpatient... mental health treatment. I was never given any "mental health" treatment, I had to go look for treatment on my own, in

INEFFECTIVE COUNSEL

(Page - 3 of 6)

which I was unsuccessful due to the "M.T.R/incarceration", and later found to be incompatent by the Court Ordered Examiner. None of these FACTS were considered by Judge Skinner. In Section: 21 (b-2), of Art. 42.12, it states; that in a felony case, the State may amend the motion to revoke community supervision any time up to "seven days before" the date of the revocation hearing...."not 3 or 4-days before the feek revocation hearing as mention above on "Page 1" of this letter" ... after which time the motion may not be amended...; This is "Point of error - 2". In Section: 24, Article 42.12 Tx. C.C.P. States, "DUE DILIGENCE DEFENSE" For the purposes of a hearing under section 5(b) or 21 (b-2), it is an affirmative defense to revocation for an alleged "failure to report" to a supervision officer as directed or to remain within a specified place that a supervision officer, peace officer, or other officer with power to arrest under a warrant issued by a judge for that alleged violation failed to contact or attempt to contact the defendant "in person" ....; Not only did the Probation officer/office fail to contact me "in person", but STILL No Where does the "ARTICLE" state anywhere that it's my obligation to report weekly if I bond-out on an "M.T.R". Point-of-Error: 4; Section: 23(a), Art. 42.12, states that, "If community supervision is revoked after hearing under "section: 21" of this article, the judge may proceed to dispose of the case as if there had been no community supervision, or if the Judge determines that the best interest of society and the defendant would be served by a "shorter" term of confinement, reduce the term of confinement originally assessed to any term of confinement not less than the minimum perscribed". Not only was the judge very Harsh and very unreasonable by giving me the maximum prison term (10-Years), but the Judge had taken my case very personally (losing sight of justice), because I appealed the original conviction for which I was on probation for; I truly believe this because in "2012" when I originally placed on Probation by the Judge (Skinner) I was not given any restrictive conditions of Probation, then after the Appeal failed, (the Judge was angery for having Appealed) and added additional unreasonable & strict conditions of probation; Court Reporter's Record for Sept. 25, 2012, compared

INEFFECTIVE COUNCEL (Page-4 of 6)

to the Court Reporter's Record for "2014", will show the Judge's prejudicial bias towards me and my case/probation. AND, Judge Skinner was very unreasonable in sentencing me to the maximum term because there was NO victim involved (a victimless crime) and the amended "M.T.R." I plead true to is not even a condition of probation. Please, please, PLEASE help me, Mr. Callahan.

Pursuant to Art. 42.12, of section: 23(b), the above meritorious reasons give rise to the right of my Appeal. I truly believe (as the record will show) that Judge Skinner became so embroiled in sending me to prison for the max term, as probation officer and District Attorney(s)-Assistant was in convicting me, that they truly lost sight of justice. Mr. Callahan, I am Respectfully asking that, You Sir, construct my "APPEAL", argueing the above-mentioned in the Appeal (everything I've written herein), and I humbly request a COPY of the "Appellant Brief" and Oral Arguments, so that I may review it; since You NEVER sent me a COPY of the "Appellate Brief" the last time You were appointed to represent me on the Appeal in the above mentioned Trial Court Cause Number. I do apologize for any inconvenience Mr. Callahan, however, I am begging for Your help Sir, in helping me to give these "10-Years" back and to get reinstated onto back on to my Probation; Or at least a "reduction in sentence". I see clearly by the Factors, principles, and laws set forth in "Article-42.12" that my rights and "DUE PROCESS" were violated and that I was taken advantage of; for these reasons Sir, and other reasons not Yet mentioned herein, I am humbly asking that You please help me with this "Appeal" and send me a copy of it; AND if it's not to much to ask Sir, Please also help me with a "Motion to Reconsider". I close this correspondence with the same Respect as I opened it, and Praying to "GOD Almighty" to hear from You soon, with a COPY of the Appellant Brief.

Your correspondence received: 1-21-15.

Signed on: 1-23-15.

Placed in Prison mailing system

on:

Respectfully Submitty,

Luis Jaramillo

INEFFECTIVE COUNSEL

(Page-5 of 6)

(P.S.)

QUESTION OF FACT:

If the "original" violation-charges were dismissed, why was I/my Probation revoked on the amended-violation-charge? There wouldn't be an ~~attack~~ alleged amended-violation #5, had there been #8. No "original" first alleged four-violations. This also sound like a "question of law". Can you please argue this point in the Appeal-Brief as well, please Mr. Callahan.

Please respond to this correspondence and these "Points of Facts" and inquiries as soon as possible. Thank you for your time and patience in considering this correspondence.

Respectfully

*Luis Jaramillo*

Signed on: 1-23-2015.

INEFFECTIVE COUNSEL

(Page-6 of 6)

EXHIBIT - 3 IN SUPPORT
OF PETITION

ACCEPTED
04-14-00902-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
2/18/2015 5:44:53 PM
KEITH HOTTLE
CLERK

## NO. 04-14-00902-CR

## IN THE COURT OF APPEALS

## FOURTH COURT OF APPEALS DISTRICT OF TEXAS

## SAN ANTONIO, TEXAS

---

**LUIS JARAMILLO, JR.,**

                **Appellant**

**VS.**

**THE STATE OF TEXAS,**

                **Appellee**

---

## APPEALED FROM THE 290TH JUDICIAL DISTRICT COURT

## OF BEXAR COUNTY, TEXAS

## CAUSE NUMBER 2012-CR-2228

## JUDGE MELISSA SKINNER PRESIDING

---

## BRIEF FOR APPELLANT

---

**VINCENT D. CALLAHAN**
**P O Box 12141**
**San Antonio, TX 78212**
**Telephone and Fax: 210-737-3404**
**State Bar No. 03651700**

*Court Appointed Attorney for Appellant*

ANDER'S BRIEF
(Page - 1 of 12)

## **TABLE OF CONTENTS**

LIST OF AUTHORITIES ..................................................................................................... 3

NAME OF PARTIES ......................................................................................................... 4

STATEMENT OF THE NATURE OF THE CASE ............................................................ 5

STATEMENT OF NO POINTS OF ERROR .................................................................... 6

PRAYER ............................................................................................................................ 7

CERTIFICATE OF COMPLIANCE ................................................................................. 8

CERTIFICATE OF SERVICE .......................................................................................... 9

NOTICE TO APPELLANT OF RIGHT TO PROCEED PRO SE, AND TO OBTAIN
RECORD ON APPEAL ................................................................................................... 10

ANDER'S BRIEF

(Page - 2 of 12)

# LIST OF AUTHORITIES

## CASES

Anders v. California, 386 U.S. 738, 744 (1967)..............................................................6

Butler v. State, 486 S.W. 2d 331, 334 (Tex. Crim. App. 1972)..........................................6

Gainous v. State, 432 S.W. 2d 137 (Tex. Crim. App. 1969).............................................6

ANDER'S BRIEF

(Page-3 of 12)

## NAME OF PARTIES

Indigent and supervised Luis Jaramillo, Jr. is the Appellant. Appellant was represented at hearing on motion to revoke probation by S. Keith Engelke, Esq. and on appeal by Vincent D. Callahan, Esq. The State of Texas is the Appellee and was represented at this hearing by Assistant District Attorney Derek Hilley and Christopher W. DeMartino. Appellee has not yet designated counsel on appeal.

ANDER'S BRIEF
(Page - 4 of 12)

## STATEMENT OF THE NATURE OF THE CASE

Indigent and supervised Appellant was charged by a one count Indictment with failing to register a change of address as a sex offender to have occurred on August 21, 2011. The Indictment was filed on March 19, 2012 (C.R. p. 4).

In a bench trial on August 13, 2012, Appellant waived a jury and entered a plea of no contest (R.R. Vol. 1, p. 5, line 2). On September 25, 2012, the judge followed the plea bargain and returned verdict of guilty as charged (C.R. p. 8, lines 16-17). Judgment for failing to register a change of address as a sex offender (with court costs of $314.00, $1,500.00 fine ten years incarceration, but probated for seven years) was entered September 25, 2012 (C.R. pgs. 36-37). (See: Luis Jaramillo, Jr. v. State, No. 04-12-00650-CR, Fourth Court of Appeals, San Antonio, Texas, Memorandum Opinion affirming delivered on April 3, 2013).

In a hearing on November 13, 2014 on the State's First Amended Motion to Revoke Community Supervision, the Appellant pled 'true' to three allegations of violating condition #5 (R.R. 11-13-14 Vol., pgs. 4-6), and the trial court found the allegations true (R.R. 11-13-14 Vol., p. 16, line 18) and assessed a sentence and judgment of 10 years TDCJ-ID (R.R. 11-13-14 Vol., p. 18, line 3).

ANDER'S BRIEF

(Page - 5 of 12)

## STATEMENT OF NO POINTS OF ERROR

After a review of the entire record, undersigned counsel believes that the appeal in this case contains no merit according to settled principles of law and the decisions of the Texas Court of Appeals. See <u>Anders v. California</u>, 386 U.S. 738, 744 (1967); <u>Gainous v. State</u>, 432 S.W. 2d 137 (Tex. Crim. App. 1969).

Undersigned counsel can find in the record no arguable points of error.

Appellant pled 'true' at the revocation hearing (R.R. Vol. 11-13-14, pgs. 4-6).

Community supervision can be revoked only when there is a showing that the defendant violated a condition of his probation. <u>Butler v. State</u>, 486 S.W. 2d 331, 334 (Tex. Crim. App. 1972).

The court reporter's record reveals a showing that the Appellant violated three conditions of his probation.

ANDER'S BRIEF

(Page - 6 of 12)

## PRAYER

WHEREFORE PREMISES CONSIDERED, undersigned counsel respectfully presents this 'no error' Appellant's Brief.

Respectfully submitted:

_Vincent D. Callahan_
VINCENT D. CALLAHAN
Laurel Heights Station
P O Box 12141
San Antonio TX 78212
Telephone and Fax: 210-737-3404
State Bar No. 03651700

*Court Appointed Attorney for Appellant*

ANDER'S BRIEF
(Page - 7 of 12)

## CERTIFICATE OF COMPLIANCE

The undersigned certifies this brief complies with the Texas Rules of Appellate Procedure and Rule 38.4, and contains 876 words.

The brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Times New Roman, 14.

THE UNDERSIGNED UNDERSTANDS A MATERIAL MISREPRESENTATION IN COMPLETING THIS CERTIFICATE, OR CIRCUMVENTION MAY RESULT IN THE COURT'S STRIKING THE BRIEF AND IMPOSING SANCTIONS AGAINST THE PERSON SIGNING THE BRIEF.

VINCENT D. CALLAHAN
*Court Appointed Attorney for Appellant*

ANDER'S BRIEF
(Page - 8 of 12)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Appellant's Brief has been mailed or hand delivered to the Appellate Section of the Office of the District Attorney, Bexar County Justice Center, 300 Dolorosa, San Antonio, TX 78204, and Luis Jaramillo, Jr. TDCJ-ID #01966673, Garza West Unit, HC 02 Box 995, Beeville, Texas 78102, (Appellant has been advised of his/her right to a free record on appeal and to file a Pro Se Appellant's Brief) on this the 18 day of Feb , 2015.

_____
VINCENT D. CALLAHAN
*Court Appointed Attorney for Appellant*

ANDER'S BRIEF

(Page-9 of 12)

ACCEPTED
04-14-00902-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
2/18/2015 5:48:07 PM
KEITH HOTTLE
CLERK

## NO. 04-14-00902-CR

| | | |
|---|---|---|
| **LUIS JARAMILLO, JR.,** | § | **COURT OF APPEALS** |
| **Defendant-Appellant** | § | |
| | § | **FOURTH COURT OF APPEALS** |
| **VS.** | § | |
| | § | **DISTRICT** |
| **THE STATE OF TEXAS,** | § | |
| **Plaintiff-Appellant** | § | **SAN ANTONIO, TEXAS** |

## MOTION TO WITHDRAW AS ATTORNEY OF RECORD

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes undersigned court appointed attorney, pursuant to <u>Nichols v. State</u>, 954 S.W. 2d 83, (Texas App. San Antonio, July 23, 1997 no. pet.) (the court appointed attorney who determines an appeal is frivolous should request permission from the appellate court to withdraw), to request that this court enter an order permitting him to withdraw as attorney of record.

Respectfully Submitted:

VINCENT D. CALLAHAN
P O Box 12141
San Antonio, Texas 78212-9998
Telephone/Fax: 210-737-3404
State Bar No. 03651700

Court Appointed Attorney for Appellant

1

ANDER'S BRIEF

(Page - 10 of 12)

# CERTIFICATE OF SERVICE

I hereby certify that a copy of Motion to Withdraw as Attorney of Record has been mailed or hand delivered to the Appellate Section of the Office of the District Attorney, Bexar County Justice Center, 300 Dolorosa, San Antonio, TX 78204, and Luis Jaramillo, Jr. TDCJ-ID #01966673, Garza West Unit, HC 02 Box 995, Beeville, Texas 78102, on this the 18th day of Feb., 2015.

_____
VINCENT D. CALLAHAN

2

ANDER'S BRIEF
(Page - 11 of 12)

## NOTICE TO APPELLANT OF RIGHT TO
## PROCEED PRO SE, AND TO OBTAIN RECORD ON APPEAL

The Appellant, Luis Jaramillo, Jr., has the right to present and file his own

Appellant's Brief in the Court of Appeals. Additionally, the Appellant, Luis Jaramillo,

Jr., has the right to request in writing to the 290th Judicial District Court that the reporter's

record and clerk's record by copied and sent to him at no cost.

_Vincent D. Callahan_
VINCENT D. CALLAHAN
*Court Appointed Attorney for Appellant*

ANDER'S BRIEF
(Page- 12 of 12)

EXHIBIT-4 IN
SUPPORT OF THIS
PETITION

No. 04-14-00902-CR

IN THE COURT OF APPEALS

FOURTH COURT OF APPEALS DISTRICT OF TEXAS

SAN ANTONIO, TEXAS

---

LUIS RAY JARAMILLO, JR.,

    Appellant

VS.

THE STATE OF TEXAS,

    Appellee

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS
2015 APR 10 AM 10: 44
KEITH E. HOTTLE CLERK

---

APPEALED FROM THE 290TH. JUDICIAL DISTRICT COURT

OF BEXAR COUNTY, TEXAS

CAUSE NUMBER 2012-CR-2228

JUDGE MELISSA SKINNER PRESIDING

---

PRO-SÉ APPELLANT'S BRIEF

---

Luis Ray Jaramillo, Jr.
T.D.C.J. #1966673
Garza West Unit
4250 HWY 202
Beeville, TX. 78102

    Appellant      Pro-Sé

i

# LIST OF AUTHORITIES

(Page)

Texas Code of Criminal Procedure, Article - 1.04 . . . . . . . . . . . . . 15

Tex. Code Crim. Proc., Article - 11.43 . . . . . . . . . . . . . . 18

Tex. Code Crim. Proc., Article - 32.01 . . . . . . . . . . . . . . 11

Tex. Code Crim. Proc., Article - 42.12, Section: 11(d)(1)(B) . . . . . . . . . 9

Tex. Code Crim. Proc., Article - 42.12, Sec: 23(a)(b) . . . . . . . . . . . 13

Tex. Code Crim. Proc., Article - 42.12, Sec: 21(b-2) . . . . . . . . . 8 & 11

Tex. Code Crim. Proc., Article - 42.12, Sec: 24 . . . . . . . . . . . . 10

Tex. Code Crim. Proc., Article - 2.01 . . . . . . . . . . . . . . . 18

Texas Penal Code, Section: 39.02(a) . . . . . . . . . . . . . . . 17

Texas Penal Code, Section: 39.03(3) . . . . . . . . . . . . . . 18
    (Acts 1965, 59th. Leg., Vol. 2, Page: 317, Ch. 722.) . . . . . . . . . 18


Civil Commitment of Sexually Violent Predators
    (Texas Legislature -1999) . . . . . . . . . . . . . . . . . 14

Texas Code of Criminal Procedure, Chapter: 62 . . . . . . . . . . 14 & 15


Dicken vs. Court of Appeals, 727 S.W. 2d 542, 548
    (Tex. Cr. App. 1987) . . . . . . . . . . . . . . . . . 13 & 15

Boyd vs. U.S., 116 U.S. 616; 6 S.Ct. 524; 29 L.Ed. 746 (1885) . . . . . . . 15

Howlett vs. Rose, 496 U.S. 356 (1990) . . . . . . . . . . . . . . 16

Hagans vs. Larine, 415 U.S. 528 (1974) . . . . . . . . . . . . . . 16

Johnson vs. Zerbst, 304 U.S. 458 . . . . . . . . . . . . . . . . 16

Scott vs. McNeal, 154 U.S. 34 . . . . . . . . . . . . . . . . . 16

Bonner, 151 U.S. 242 . . . . . . . . . . . . . . . . . . . . 16

Melo vs. U.S., 505 F.2d 1026 . . . . . . . . . . . . . . . . . 16

Joyce vs. U.S., 474 F.2d 215 . . . . . . . . . . . . . . . . . 16

Downer vs. Aquamarina, In: Bracey vs. Gramley, 81 F.3d 684 (7th. Cir. 199(

Goldberg vs. Kelly, 397 U.S. 254 (1970) . . . . . . . . . . . . . 16

Argersinger vs. Hamlin, 407 U.S. 25 (1972) . . . . . . . . . . . . 16

Connally vs. General Construction Co., 269 U.S. 385 . . . . . . . . . 16

Muskrat vs. U.S., 219 U.S. 346 . . . . . . . . . . . . . . . . 17

<u>Smith vs. U.S.</u>, 360 U.S. 1 (1959).........................17

<u>U.S. vs. Lee</u>, 106 U.S. 196; 1 S.Ct. 240; 27 L.Ed. 171 (1882)......17

<u>U.S. vs. Prudden</u>, 424 F.2d 1021.....................17

<u>U.S. vs. Tweel</u>, 550 F.2d 297 (1977)..................17

<u>Bransom vs. Standard Hardware, Inc.</u>, 874 S.W. 2d 914 (1984).....17

<u>U.S. vs. Throckmorton</u>, 98 U.S. 61.................17 & 18

<u>U.S. vs. Muniz</u>, 49 F.3d. 36.....................18

<u>Commet vs. Langois</u>, 871 F.Supp. 918 (E.D. Texas 1994).......18

<u>Perry vs. United States</u>, 204 U.S. 330................18

<u>World Wide Volkswagon vs. Wooden</u>, 444 U.S. 286...........12

Texas Constitution, Article -<u>1</u>, Section: <u>19</u>............14

United States Constitution, <u>FIFTH</u>-Amendment..............16 & 17
United States Constitution, <u>FOURTEENTH</u>-Amendment, <u>I.</u>,.........14

TO THE HONORABLE JUDGES of the
FOURTH COURT OF APPEALS

IN RE: Luis Ray Jaramillo, Jr. (Appellant)
T.D.C.J.-I.D. # 1966673
Garza West Unit
4250 HWY 202
Beeville, TX. 78102

TRIAL COURT CAUSE NO. 2012-CR-2228 , 290TH. District Court
4TH. COURT OF APPEALS No. 04-14-00902-CR

## PRO SÉ APPELLANT BRIEF

Please Let This Serve As My Good-Faith Attempt:
I, Luis Ray Jaramillo, Jr., T.D.C.J.# 1966673, Appellant, in the above-
mentioned Cause Number(s), Respectfully submit this Pro-Sé
Appellant's Brief to ascertain some issue that continue to go unresolved.
I am incarcerated by virtue of an illegal "Amended Motion to Revoke
Community Supervision", in violation of Article 42.12, of the Texas
Code of Criminal Procedure. I am unlearned and a layman to the law,
and I Humbly ask that this Honorable Court to please accept this
paper and the pleas for reversal of this unlawful "10-year" prison
sentence, as my "Appellant Brief" in this Appeal and I submit to
this Court of Appeals the following:

## STATEMENT OF FACTS OF THE CASE

On August 21, 2011, I was charged with "Failure To Register As A
Sex offender" the Indictment was filed on March 19, 2012. On
August 13, 2012, I was offered a plea-deal for "Regular Probation"
in exchange for a guilty/no contest plea; so I did waive my right

to a Jury Trial and entered a plea of "No Contest" in exchange for this promised "Probation Deal". On September 25, 2012, Judge Melissa Skinner, said that she was going to honor the plea-deal that the "Assistant-District Attorney-Mr. Christopher Demartino", had offered me, and that the Judge was not going to give me a "big fine", nor any "communittee Service" because she wanted me to get back to my family and "take care of my daughter" (acknowledging that she knew I was going back to the same house). So judgment for "Failure To Register As A Sex Offender-Annl.", with a $1,500.00 fine, seven-years probation, No Harmful/Injurous Contact with daughter, and Anger Management classes, was entered September 25, 2012. The Judge did not order anything else. The "COURT REPORTER'S RECORD" for (9-25-2012) will show everything the Judge-Honorable Melissa Skinner, said and ordered as it is written herein. However, I am unable to show this "Court of Appeals" what the Judge said and ordered because those "voice recordings/transcripts" for (9-25-2012) were not provided, by the trial court clerk, to me for review as this "Court of Appeals" ORDERED March 9, 2015, (PLEASE SEE ATTACHED-ENCLOSED documents labeled as: EXHIBIT-A). On September 25, 2012, and without the Judge's knowledge, Assistant-District Attorney-Mr. Demartino altered the "CRIMINAL DOCKET SHEET/COURT ENTRIES" record to add; "S.T.O.P.", "Sex Offender Supervision", and "Zero Tolerance", (PLEASE SEE ATTACHED-ENCLOSED "3-Page-EXHIBIT" labeled as: EXHIBIT-1). No where does this "Court Record" labeled "EXHIBIT-1" state "Anger Management". Now, I know it was Mr. Demartino who maliciously altered the record, because that was not what the Judge ordered, but because Judge Skinner added EMPHASIS to "Anger Management classes", and Mr. Demartino mentioned in OPEN COURT that he would make sure I got put in "S.T.O.P." for

"Anger Management Classes". The very first 'S.T.O.P.' class-session I attended, the 'S.T.O.P.-Instructor' made sure that I understood that 'S.T.O.P.' had nothing to do with 'Anger Management', but instead was a "Sex Offender-Sex Addiction Therapy Program". Shortly after learning what Mr. Demartino had done, I Appealed this case and conviction to get the terms of the plea-bargain honored and to get the record corrected. I was appointed 'Vincent D. Callahan' for the first time as my Counsel on Appeal, and I explained (by phone) to him, why I was appealing and that I wanted his help to correct the record and undo was Mr. Demartino had done. Mr. Callahan assured me that he would help me to correct Mr. Demartino's "fraud" and straighten out the record. Instead, Mr. Callahan submitted a "NO ERROR BRIEF" and immediately withdrew himself as counsel, (Please see: Luis Jaramillo, Jr. VS. State, No. 04-12-00650-CR, Fourth Court of Appeals, San Antonio, TX., for support). Then, after the Appeal was over; on March 18, 2014, Judge Skinner re-ordered me back onto Probation; however, this time amending the terms of the 'plea-deal' and the 'conditions-of-probation' herself, to a more highly-restrictive-probation which was not agreed upon; which was 'No Contact with My Daughter', Sex Addiction Therapy, and to be treated as a High-Risk Sex-Preditor. I do have to register as a Sex offender because of some girl that lied to me about her age when I was young myself, but not even the San Antonio Police Department have me registered as a 'high-risk (Please See Attached-Enclosed EXHIBIT-2). As for the 'No Contact with my Daughter', not only was there no place else for her to live but with me, but I've been raising my daughter since she was 6-years-old, but now 15-years-old at this present time. Judge Skinner knew I was going back home to my daughter when she first sentenced me on "9-25-2012" and acknowledged. acknowledge the fact, which is

why it is so important to have been given the "Court Reporter's Record" for September 25, 2012; but I honestly believe Judge Skinner amended the Plea-Bargain and conditions-of-probation (this time doing it herself) to ruin the father-daughter relationship I had, but also, out of spit for having Appealed the case once trying to correct what Mr. Demartino did. Because Mr. Callahan did not help me to clarify my reasons for appealing, I guess Judge Skinner thought I was appealing her judgment on the case; I mean <u>why</u> all of a sudden, now that my child is all grow-up, is she now in danger, but I've had my daughter since she was 6-years-old, (?!?). I immidiately "OBJECTED", through my "Trial Court - Court Appointed Lawyer - Attorney keith Engelke". "Mr. Engelke", was not my officially appointed-lawyer for this case in cause no. 2012-CR-2228 at the time the Judge re-ordered me back onto the probation March 18, 2014; but was the only lawyer present and willing to help me, in the 290TH. District Court, after having been arrested, thrown into jail, and brought before the Judge in chains, just so that Judge Skinner could tell me that my appeal failed and that "Now I was on probation", and I was released from jail March 20, 2014, still not having a lawyer appointed. Attorney keith Engelke, was not officially appointed by the Court to represent me for this "felony-M.T.R.-case" until APPROXIMATELY April 9, 2014, about the time I was alleged to have committed my first violations to probation; but of course, those RECORDS were neither added with the records given me by the "Trial Court Clerk" March 12, 2015, as this Honorable Court of Appeals ordered. On April 8, 2014, the first "Motion To Revoke my Commuity Supervision" (M.T.R.) and another warrant for my arrest was filed, for having allegedly violated the conditions of my probation, (PLEASE SEE ATTACHED-ENCLOSED "M.T.R." labeled as: EXHIBIT-3). I would point out, that the alleged violations mentioned

in "EXHIBIT-3", are not on the original sentencing 'Court-order' September 25, 2012, nor are they mentioned or listed as conditions-of-probation in the 'original or amended - conditions of probation' I was forced and coerced into signing and ordered to follow; (PLEASE SEE ATTACHED-ENCLOSED 'Conditions-of-Probation' labeled as: EXHIBIT-4). Even though such charges/violations mentioned in 'M.T.R.' labeled as "EXHIBIT-3" were proven false and incorrect, I still complied with the Judge's unjust amended order, watching my daughter cry and suffer because she couldn't come home.... per judge's and Probation officer's orders. I honestly believe the violations mentioned were fabricated to harass me. This first 'M.T.R.' was DISMISSED, and I was released from jail May 1, 2014. Then on May 5, 2014, my Court-Appointed-Counsel-Attorney Keith Engelke and myself, began making preparations in motioning the Trial Court to produce the 'Court Reporter' Record' for September 25, 2012, to remind the Honorable Melissa Skinner, of her honorable 'word' and 'order', of honoring the original plea-deal she accepted September 25, 2012, and to finally straighten out the record. So I guess in response to my attempts to ask questions and exercise my constitutional rights to petition the courts; on May 16, 2014, a second 'Motion To Revoke my Probation' (M.T.R.) and warrant for my arrest was filed and issued (PLEASE SEE ATTACHED-ENCLOSED 'M.T.R.' labeled as: EXHIBIT-5). I would respectfully point out, again, that the ALLEGED violated Conditions No. 25G and No 25 I (A) are neither mentioned or listed in the 'Conditions-of-Probation' labeled as EXHIBIT-4 or EXHIBIT-4(A), also Attached and Enclosed. I was immediately arrested and detained (thrown into jail again) in the Bexar County Jail May 19, 2014. On July 27, 2014, I BONDED-OUT on an "M.T.R.-Bond" approved and GRANTED by Judge Skinner, herself, (PLEASE SEE ATTACHED-ENCLOSED 'Time Credited' section of document labeled as:

EXHIBIT-6). When I BONDED-OUT, pending this "Second-M.T.R.", the only instructions I was given or papers I signed, were BOND-PAPERS and I was told to REPORT immediately to the BOND'S MAN that BONDED me out. At No time during "out-processing" or upon my release from jail, was I told to report to probation or any one else, nor was I given anything to sign indicating or even implying that it was my duty to report to anyone, but my BOND'S MAN. The only papers I signed, only ordered me to report to my BOND'S MAN. I was eventually found "INCOMPETENT" and re-arrested in Court, August 14, 2014, (PLEASE SEE ATTACHED-ENCLOSED documet labeled as: EXHIBIT-7). In the amount of time I was out/released on "M.T.R.-BOND", pending my "second-M.T.R.-Hearing", which was from "7-27-2014" to the time I was found "INCOMPETENT" and thrown into jail again "8-14-2014", approximately 3-weeks, the Bexar County Probation Office/Department OBVIOUSLY didn't care about, nor were concerned about, wanting me to report while on "M.T.R.-BOND" pending hearing, because there are NO other complaints, amended-M.T.R.'s, or violations filed. On August 25, 2014, I was released from the Bexar County Jail and transported to the "Texas State Hospital in San Antonio". On October 8, 2014, I was transported from the "State Hospital", back to the Bexar County Jail for a "Competency Hearing". Though I was found to be "MENTALLY UNSTABLE" by the Medical-Examiner that sent me to the "State Hospital" for treatment in the first place, Judge Andrew Carruthers decided that I was well enough to understand what was going on and entered a Judgment of Restoration of Competency (PLEASE SEE ATTACHED-ENCLOSED "order" labeled as: EXHIBIT-8). On October 9, 2014, I was again released from jail, pending "Seconding-M.T.R.-Hearing", on "M.T.R.-BOND" to await the "Revokation Hearing". AGAIN, at NO time during "out-processing" or upon my release from jail; was I told, or ordered, nor given any PAPER-WORK to sign, indicating or

implying, that it was my duty to report to Probation while out on "M.T.R.-BOND" pending (STILL) "second-M.T.R.-Hearing". I've gone so far as to read and research the entire law on "Community Super-vision Requirements" under Article-42.12 of the Texas Code of Criminal Procedure (which is a very thick and lengthy "Article"), and NO where is it stated as a requirement of probation that I must report to probation if I am released on "M.T.R.-BOND" pending "M.T.R./Revokation Hearing". Judge Andrew Carruthers did order, however, that I REPORT to my "BOND'S MAN", "Pre-Trial Services", and Court Ordered "Mental Health Services" with the "Center for HealthCare Services"; nothing else (PLEASE SEE ATTACHED-ENCLOSED "order" labeled as: EXHIBIT-8). Even though NO orders or warnings were given me to report to probation, I still made a good-faith attempt to report to my Probation Officer - Mr. Jeffery Dew, shortly after my release from jail on "M.T.R.-BOND". I don't remember the exact date, but this FACT was mentioned, confirmed, and recorded, and disregarded, during the November 13, 2014, "Revokation Hearing". It was at that time, I had made a good-faith attempt to report, that I learned I had been given another probation officer to report to by the name of "Ms. Jackson"; and Ms. Jackson told me she couldn't see me because she hadn't scheduled to see me at that particular time, and then told me to leave. So I told Ms. Jackson, that I was not going to leave until I got something on paper indicating that I did make an attempt to report. Ms. Jackson threatened me that "if I didn't leave, she would call the Police and have me arrested and thrown in jail, again". So being in FEAR for my life and freedom, I left the Probation Office and decided not to return until after the November 13, 2014, "M.T.R.-Hearing" and after I had a chance to tell Judge Skinner everything that was going on and being done to me. Again, these FACTS were mentioned, recorded and

disregarded during the November 13, 2014, 'M.T.R.-Hearing'; but of course, those records were not included or provided by the trial court clerk (to show and prove these FACTS to this Honorable Court of Appeals) as ORDERED by this Court March 9, 2015. I was let out on 'M.T.R.-BOND' approximately '29-days', reporting to my 'BOND'S MAN', to 'Pre-Trial Services', and 'Center for Health Care Services'; and on November 7, 2014 exactly 'six-days' before the November 13, 2014, 'M.T.R./Revokation Hearing', a "MOTION TO AMEND" the original 'second-Motion To Revoke Community Supervision', was filed with the Court, in violation of Article-42.12, section 21 (b-2) of the TEXAS Code of Criminal Procedure; and a warrant was issued for my arrest on November 10 2014, (PLEASE SEE ATTACHED-ENCLOSED 'first Amended-M.T.R.' labeled as: EXHIBIT-9). On November 12, 2014, I was re-arrested and detained (thrown into jail again) in the Bexar County Jail. On November 13, 2014, (the day of the 'M.T.R.-Hearing') My Probation was revoked and I was sentenced to '10-Years-T.D.C.J.-I.D.' for allegedly having failed to report to probation while out on 'M.T.R.-BOND' for the date(s) of October 13, 20 & 27, 2014; (PLEASE SEE ATTACHED-ENCLOSED 'first Amended-M.T.R.' labeled as: EXHIBIT-9)(for support). On December 15, 2014, I filed an APPEAL with the 290TH. District Court, appealing the '10-Year-Sentence' imposed upon me, and with this Honorable Fourth Court of Appeals. On December 17, 2014, 'Attorney Vincent Callahan' was 'once again' appointed to represent me on APPEAL in this same case. All of the above mentioned and foregoing herein, was explained in writing to Attorney Vincent Callahan, with instruction 'on what' and 'how' I wanted him to appeal and on what I would've liked the appeal to be about; however, Mr. Callahan once again, submitted a "NO ERROR BRIEF", even after having acknowledged seen for himself on the Court Records, all the violations by prosecution

I wrote to him about and also stated herein; (PLEASE SEE ATTACHED-ENCLOSED "letter of notification by Mr. Callahan" labeled as: EXHIBIT-10).

## STATEMENT OF POINTS OF ERROR

### Point of Error-One:

TX.C.C.P., Article-42.12, section: 11 (d) (1) (B); states in part... "If the Judge places a defendant on community supervision and the defendant is determined to have a "MENTAL ILLNESS"... the Judge may require the defendant as a condition... outpatient... mental health treatment...". Through-out the entire prosecution and even before I was place on Probation/Community Supervision, the trial court knew I suffered from mental illnesses (i.e.: Bipolar and Depression) and that I was diagnosed, declared, and certified "mentally unstable and disable" by "Texas State Physicians" and receiving "Supplement Security Insurance" (S.S.I.) benefits due to my "mental disability". "EXHIBIT-7" attached and enclosed, clearly proves my mental health issues when I was found INCOMPETENT; All the Prosecution cared about, was if I understood I was being prosecuted. At No time during the course of my Probation/Community Supervision, nor the prosecution(s), was I ordered or directed to seek help/mental health treatment. Judge Skinner did Court-Order "Angermanagement Class"; however, Probation Officers Shannon Jones and Jeffery Dew and Assistant-D.A.-Mr. Demartino would not allow me to seek "Anger Management Classes" or mental health services/treatment; Instead, they thought to override the Judge's ORDERS and have me attend "Sex Addiction Therapy"; Please See Referencing Statement of Facts Above-Pages: 2 and 3, for support). I had to seek mental health treatment-help on my own throughout the course of my Probation/Community Supervision. It wasn't until I was

discharged from the "State Hospital" and released once again on "M.T.R.-BOND" October 9, 2014, that Judge Andrew W. Carruthers ordered and directed me to seek "mental health treatment" with the Center for Health Care Services; however, I had already be seeking treatment of my own with the "Center for Health Care Services" since before I was found to be incompetent. All of these facts mentioned herein, were mentioned and confirmed November 13, 2014, (the day of hearing) and disregarded in Court before the Judge. I do not have the Court Reporter's Record/transcripts to show this Court of Appeals, because those records were not afforded to me.

Point of Error - Two:

Article- 42.12, Section:24, of the Texas Code of Criminal Procedure, titled as " DUE DILIGENCE DEFENSE", states in part, "For the purposes of a hearing under Section: 5(b) or 21(b-2), it is an "affirmative defense" to revocation for an alleged failure to report to a Supervision Officer as directed or to remain within a specified place that a Supervision Officer, Peace Officer, or other officer with power to arrest under a warrant issued by a judge for that alleged violation failed to contact or attempt to contact the defendant "IN PERSON"..." As I stated in my "Statement of Facts of the Case" above at NO time during the prosecution of the first "Motion To Revoke" (see EXHIBIT-3), the second "Motion To Revoke" (see EXHIBIT-5), nor the "First Amended-Motion To Revoke" (see EXHIBIT-9), was I CONTACTED IN PERSON by Probation Officers Mr. Jeffery Dew, or Ms. Jackson, and told to report while in Jail or out on "M.T.R.-BOND" (Referencing Paragraphs In "Statement of FACTS of the Case"-Pages: 4-Lines: 25 - Page: 5 Line: 12; Page: 5 Line: 20 thro Page: 8 Line: 13). There were NEVER any statements made, nor records indicating, that I was informed or directed by Probation Officers to report to "IN PERSON" to report to

the Probation/Community Supervision office while in Jail or out on "M.T.R.-BOND" pending Revocation Hearing, nor does any signed-documentation or other=wise exist.

## Point of Error-Three:

Article-42.12, Section: 21(b-2), of the Texas Code of Criminal Procedure, states in part, "In a felony case, the State may amend the motion to revoke community supervision any time up to "SEVEN DAYS BEFORE" the date of the revocation hearing, after which time the motion may not be amended except for good cause shown...". On November 7, 2014, the original "second-Motion To Revoke Community Supervision" was amended "six-days" before the actual date of the "revocation hearing" which was on November 13, 2014. The attached-enclosed "amended-M.T.R." labeled as "EXHIBIT-9", clearly shows the filing-date of the "amended-M.T.R.", without good cause shown, in violation of this statute/State Law. The law is clear, as stated in the statute, that the "State may amend the motion to revoke....up to "seven-24 hour -days" BEFORE the date of the revocation hearing"; Not on the seventh-day (6-days before) of the revocation hearing, after which time the motion may not be amended. If I can understand this "statute" and "State Law" being a layman to the law, then it is obvious that this "ERROR" was deliberately caused by the Probation office and the Prosecution to harass me (Your Appellant). Notwithstanding the aforementioned illegal prosecution that has me illegally restrained and deprived of my life and liberty for lack of prosecution within limitation, Tex. C.C.P. Article-32.01. I would RESPECTFULLY give NOTICE to this "Honorable Fourth Court of Appeals", that I was charged with a "felony" and placed on "Probation/Community Supervision" for violating one of the "Texas Codes of Criminal Procedures", but the Assistant-District Attorney isn't charged

with violating the "Texas Code of Criminal Procedures" or my State and Federal Constitutional rights, as mentioned above; and if, even if, by some chance, good cause can be shown or manifested to justify amending the "Motion To Revoke" seven-days within the revocation hearing, or "six-days before" the hearing; that still does not explain why "this issue of not reporting while on "M.T.R.-BOND" pending hearing", was "NOT an issue" at all when I "BONDED-OUT" July 27, 2014, pending revocation hearing, and I was out on "BOND" approximately 3-weeks (Referencing Paragraphs "Page:5-Line:27" through "Page:6-Line:17", of the Statement of Facts of Case); but then suddenly became an issue on October 13, 20, & 27, 2014, (PLEASE SEE ATTACHED-ENCLOSED EXHIBIT-9 So there is NO good cause that can be shown or proven to justify amending the "Motion To Revoke", labeled as "EXHIBIT-9". Where prosecution is without "DUE PROCESS" it is legally void, ab initio, and no longer has jurisdiction. Any Court that fails "due process" forfiets any perceived jurisdiction and any rulings rendered are null and void, without any force or effect whatsoever, (see World wide Volkswagon vs. Wooden, 444 U.S. 286, 291 . . . "A judgment rendered in violation of due process is void"). I, Appellant, can obviously see from the record, having endured all the aforemention and foregoing, that the Probation Officers (Jeffery Dew and Ms. Jackson) and the "Assistant-District Attorney-Mr. Christopher Demartino", did work together to take advantage of me being a layperson and to oppress me, to put me infront of "Judge Skinner" enough times (in County Jail oranges and in restraints-cuffs) to give the false-appearance of me not complying with probation and the false-appearance of making the Judge think or assume that I had a complete disregard for the law. Appellant has lost his faith in the Public Courts. I strongly believe that No other adequet remedy at law is available, except for this "OUT CRY" for JUSTICE as stated herein this Appellant Brief - Pro Sé...

Please see: <u>DICKENS VS. COURT OF APPEALS</u>, 727 S.W. 2d. 542, 548 (Tex. Cr.App.1987).

## Point of Error - Four:

Article - 42.12, Sections: <u>23</u> (a) & (b), of the Texas Code of Criminal Procedure, states in part, "If community supervision is revoked after a hearing under "Section:<u>21</u>" of this article, the judge may proceed to dispose of the case as if there had been No community supervision, or if the Judge determines that the best interest of society and the defendant would be served by a "<u>SHORTER</u>" term of confinement, reduce the term of confinement originally assessed to any term of confinement not less than the minimum perscribed"... (Implying a Reduction of Sentence)... "when he is notified that his community supervision is revoked for"... ALLEGEDLY... ALLEGED... "violation of the conditions of community supervision and he is called on to serve a sentence..., he may appeal the revocation". I cannot emphasise enough, that Your Appellant can plainly and <u>OBVIOUSLY</u> see from the Court records and everything written herein above, and having endured all the afore-mentioned and foregoing, that the Probation officers (Jeffery Dew, shannon Jones, and Ms. Jackson) and the "Assistant-District Attorney-Christopher Demartino" did knowingly, willingly, intentionally, and deliberately prejudice my "State Constitutional" rights as a "Texas Citizen" and my "Federally protected Constitutional" rights as an "American", and discriminated on me to take advantage of me as a layperson and "OFFICIALLY OPPRESSED" me, to put me in front of "Judge Skinner" enough times in "County Jail Oranges and restraints" to give "Judge Skinner" the false-impression of Your Appellant not complying with probation and the false-appearance of having the Judge assume or think that I had a complete disregard for the law. This is evident from the record, because I have <u>NO</u> "civil committments"

behind that 'girl' that lied to me about her age when, I-myself, was a teen ager and for having to 'register as a sex offender' in the first place, (Please See: CIVIL COMMITMENT OF SEXUALLY VIOLENT PREDATORS, Texas Legislature - 1999), see also: Tex. Code Crim. Pro. - ch. 62, for more support; and this discrimination by Prosecution (Referencing Paragraphs: Pages: 2-9, in the STATEMENT OF FACTS) are violations of 'due process' and 'due Course' because these actions by Probation Officers and Mr. Demartino, deprive a person of liberty and property by providing for criminal penalties against a person as a result of having been convicted without allowing the person (Your Appellant) the opportunity to be heard on the issue of whether I am sexually violent, whether I was a threat to the public safety at the time I was originally convicted, whether I was ever a threat to public safety, if whether I remain a threat to the public safety at time 2d THIS time, and whether I have rehabilitated myself to where I do not merit inclusion of this type of Prejudicial discrimination and Prosecutorial - misconduct or malicious prosecution (Please See: Fourteenth-Amendment to the United States Constitution I., and Texas Constitution Art. 1, Sec. 19) because they are violations of said 'Equal Protection Provions'; and I would further assert, to subject me to these type of provisions and prejudial- discrimination, by prosecution and probation officers, does deprive me of life, liberty, privacy (between me, my family, fiancée) and reputation without equal protection of the laws. All these FACTS were made know to 'Judge Skinner' at the time of the 'revocation hearing' November 13, 2014, and long before, however completely disregarded by the Judge because of 'Probation officers' and 'Mr. Demartino' continuing to have me brought before her to answer for frivilous and fabricated 'violations of conditions' that don't even pertain to the type of probation I was promised, signed for, and conviction resulting in probation, to have me look like a complete criminal and sex predator; if this were not true, I would not have been given '10-Years-Prison-Sentence' for the

ALLEGED "official <u>first</u> Motion To Revoke -(M.T.R)", for a Conviction of which resulted in me being on "Probation/Community Supervision", which isn't even sexually oriented. I truly believe the Judge would have given me a much lesser sentence had I not been maliciously-prosecuted and discriminated on, even re-instated my probation. The "10-Year-Prison-Sentence" was indeed <u>too harsh</u> for the nature of the original conviction, of "Failure To Resigter AS A Sex Offender-Annual", a violation of "Chapter <u>62</u>", of the "Tex.Code Crim.Proc.". I have completely and utterly lost my faith in the Public Courts. I truly believe that <u>NO</u> other recourse or adequet remedy at law is availble to reverse this "10-Year-Prison-Sentence" or to redress ther wrongs done to me; and because of my right to Appeal, this "Pro-Sé Appellant Brief" is a "CRY OUT" for JUSTICE, (Please See: <u>DICKENS VS. COURT of APPEALS</u>, 727 S.W. 2d. 542, 548 (Tex.Cr.App.1987)). I, Appellant, have the right to "<u>due course</u>" of law, Tex.Code Crim.Proc. Article- <u>1.04</u>.

## IN SUMMATION

<u>JUSTICE BRADLY</u>, "It may be that it is the obnoxious thing in its mildest form, but illigitimate and unconstitutional practice gets there first footing in that, by silent approaches and slight deviations from legal modes of procedure. This can only be obviated by adhearing to the rules that constitutional provision for the security of persons and property should be liberally construed. A close and literal construction derives them of half efficacy, and leads to gradual depreciation of the right, as if it consists more it <sup>tel.</sup> in sound than in substance. It is the duty of the court to be watchful for the constitutional rights of the citizen, and against any stealthy encroachment thereon. There motto should be OBSTA PRINCIIS". <u>BOYD vs. U.S.</u>, 116 U.S. 616, at 635 (1885); "Obsta Princiis": lat., withstand beginings; resists first approaches or encroachment. <u>BOYD vs. U.S.</u>, 616, 636; 6 S.Ct. 524, 535; 29 L.Ed. 746; as found in "BLACK'S

LAW DICTIONARY, 5TH. Edition, page: 972.

● "Federal Law & Supreme Court cases apply to State Court cases"; See Howlett vs. Rose, 496 U.S. 356 (1990). "Once jurisdiction is challenged it must be proven", Hagans vs. Lavine, 415 U.S. 528, at: 533 (1974); "If the 'Bill of Rights' is not complied with, the Court no longer has jurisdiction to proceed. The judgment... pronounced by a Court without jurisdiction is void...", see Johnson vs. Zerbst, 304 U.S. 458, 468; Scott vs. McNeal, 154 U.S. 34; Re: Bonner, 151 U.S. 242; Melo vs. U.S., 505 F.2d 1026; "There is no discretion to ignore lack of jurisdiction", Joyce vs. U.S., 474 F.2d 215. "Abuse of descretion" defined - "Acted on without any reference to any guiding rules of principles", Downer vs. Aquamarina, U.S. vs. Burr, 25 F Cas. 30, 35, F.Cas. No. 14, 69 2d" In Bracey vs. Gramley, 81 F. 3d. 684, 702 (7th.Cir.1996). "Fundamental

● requisit of "DUE PROCESS of LAW" is the opportunity to be heard, to be aware that a matter is pending, to make an informed choice whether to aquiesce or to contest, and to assert before the appropriate decision-making body the reasons for such choice", see Trinity Episcopal Corp vs. Romny, D.C.N.Y., 387 F.Supp. 1044, 1084; Kazubowski vs. Kazubowski, 45 111 2d 405, 259 N.E. 2d 282, 290; Goldberg vs. Kelly, 397 U.S. 254 (1970); See also, Argersinger vs. Hamlin, 407 U.S. 25 (1972); "DUE PROCESS" means fundamental fairness and substantial justice, Vaughn vs. State, 3 Tenn.Crim.App. 54; 456 S.W. 2d 879, 883; "Notification of legal responsibility is the first essential of 'due process of law'", see Connally vs. General Construction Co., 269 U.S. 385, 391. "...No State shall make or enforce any law which shall abridge

● the privileges or immunities of citizens of the U.S.; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the law", see U.S. Constitution 14TH.-Amendment; "The Fifth-Amendment

mandates that all judicial proceedings must proceed by due process...
This is the only guarantee that a Court of admiralty, a star chamber proceeding, a Kangaroo Court, or an arbitrary proceeding by whatever name does not occur. That Court proceedings must be within constitutions provisions has been forcefully established by the Supreme Court", see Muskrat vs. U.S., 219 U.S. 346; Smith vs. U.S., 360 U.S. 1 (1959). "No man in this country is so high that his above law. No officer of the law may set that law at defiance with impunity. All the officers of the law are bound to obey it. And, it is the only supreme power in our system of government and every man who, by accepting office participates in its functions, is only the more strongly bound to submit to that supremacy and to observe the limitations which it imposes on the exercise of the authority which it gives", see U.S. vs. Lee, 106 U.S. 196, 220; 1 S.Ct. 240, 261; 27 L.Ed. 171 (1882); TEXAS PENAL CODE §39.02 (a), "A public servant commits... with intent to obtain a benefit or.... to harm or defraud another, he intentionally or knowingly: (c) misuses Government.... services,.... belonging to the Government that has come into public servant's custody or possession by virtue of the public servant's office or employment". "Silence can only be equated with fraud when there is a legal and moral duty to speak...", U.S. vs. Prudden, 424 F.2d 1021; U.S. vs. Tweel, 550 F.2d 297, 299, 300 (1977); (Referencing Paragraphs: Pages: 2 throu 10 - STATEMENT OF FACTS). This is also a condition of default, and estoppel, "party in interest may become liable for FRAUD by mere silent acquiescience and partaking of benefits of fraud", Bransom vs. Standard Hardware, Inc., 874 S.W. 2d 919 (1984); Fraud destroys the validity of everything into which it enters See Boyce vs. Grundy, 3 Pet. 210; "Fraud vitiates the most solemn contracts, documents and even judgments"; U.S. vs. Throckmorton,

98 U.S. 61; <u>U.S. vs. Muniz</u>, 49 F.3d 36, 43. "A public servant... commits an offense if he: (3) intentionally denys or impedes another in the exercise or enjoyment of any right, privilege, power, or immunit knowing his conduct is unlawful...", TEXAS PENAL CODE § 39.03. A criminal action is prosecuted... in accordance with its laws, Acts 1965, 59TH. Leg., Vol. 2, Page: 317, ch. 722 (EMPHASIS ADDED); "it shall be the primary duty of all prosecuting attorneys... not to convict, but to see that justice is done. They shall not supress facts... capable of establishing the innocence of the accused"; TEX. Code of Crim. Proc., Article - 2.01; A bad faith prosecution violates constitutional rights; see <u>Commet vs. Langois</u>, 871 F. Supp. 918 (E.D. Texas 1994 Remedy signifies the judicial means for enforcing a right or redressing a wrong; <u>Walters vs. City of Ottawa</u>, 88 N.E. 651, 654; 240 III 259. No presumption of guilt arises from the mere fact that a criminal accusation has been made before a competent authority, Tex. Code of Crim. Proc., Article - 11.43. U.S. Supreme Court Justice Robert H. Jackson, "I do not understand the government to contend that it is any less bound by the obligation than a private individual would be... It is not the function of our government to keep the citizen from falling into error; it is the function of the citizen to keep the government from falling into error", see <u>Perry vs. United States</u>, 204 U.S. 330, 358. I, the Appellant, Luis Jaramillo, has brought these things forth in good faith and to the BEST of my knowledge and belief. I have not brought this paper forth to vex, annoy, delay, or for any improper purpose. My constitutional rights have been seriously violated, resulting in impaired defense and undue OPPRESSION and concern.

Respectfully Submitted,

Signed on: 4-6-2015

Luis Ray Jaramillo, Jr.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERER, I humbly Pray this Honorable Court of Appeals consider everything stated and asserted in this Pro-Sé Appellant's Brief and reverse the "10-Year-Prison-Sentence" and judgment in this case. I HUMBLY Pray this Honorable Court of Appeals GRANT me relief and ORDER my Probation-Community Supervision to be reinstated and I be from the custody of the "Texas Department of Criminal Justice-Institutional Devision" immediately, released.

Signed on: 4-6-2015 .

Respectfully Submitted,

_Luis Ray Jaramillo, Jr._

Luis Ray Jaramillo. Jr
Appellant         Pro-Sé

T.D.C.J.-I.D.# 1966673, Garza West
4250 HWY 202, Beeville, TX. 78102

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Pro-Sé Appellant's Brief has been trasmitted to the Appellate Seation of the Office of the District Attorney, Bexar County Justice Center 300 Dolorosa, San Antonio, TX. 78204,

Signed on this <u>6th</u> day of <u>April, 2015.</u>

*Luis Ray Jaramillo, Jr.*

Luis Ray Jaramillo, Jr.
T.D.C.J.-I.D.# 1966673
Garza West Unit
4250 HWY 202, Beeville, TX.
78102

Appellant     Pro-Sé

ATC-060 (Rev. 7)
Attachment 2

## NOTICE
## OFFENDER NOTARY PUBLIC SERVICE

Under both Federal law (28 U.S.C § 1746) and State law (V.T.C.A. Civil Practice & Remedies Code, §132.001-132.003), offenders incarcerated in Texas may use an unsworn declaration under penalty of perjury in place of a written declaration, verification, certification, oath, or affidavit sworn before a Notary Public.

In a request for Notary Public service, each offender must explain why an Unsworn Declaration is insufficient before Notary Public service will be provided.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*An example of an unsworn declaration pursuant to State law is as follows:*

"My name is __Luis__ __Ray__ __Jaramillo__ my date of birth is __10-25-78__
    (First)    (Middle)    (Last)

and my inmate identifying number, is __1966673__. I am presently incarcerated in

__Garza West Facility/Unit__ in __Beeville__,
    (Corrections unit name)        (City)

__Bee__ , __Texas__ __78102__. I declare under penalty of
(County)    (State)    (Zip Code)

perjury that the foregoing is true and correct.

Executed on the __8th__ day of __April__, 20__15__ ___Luis Jaramillo___ "
                                          (Offender Signature)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*An example of an unsworn declaration pursuant to Federal law is as follows:*

I _____(insert offender name and TDCJ number), being presently incarcerated in _____ (insert TDCJ unit name), in _____County, Texas, declare under penalty of perjury that the foregoing is true and correct.

Executed on the _____day of_____, 20___. _____ "
                                              (Offender Signature)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE
## NOTARY PUBLIC SERVICE DENIAL

Regarding your request for Notary Public service, insufficient justification was provided necessitating Notary Public service. However, you may proceed with an Unsworn Declaration.

_____       _____
    (Signature - Notary)                           (Date)

**EXHIBIT-A**



# Fourth Court of Appeals
## San Antonio, Texas

March 9, 2015

No. 04-14-00902-CR

Luis **JARAMILLO, JR.,**
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR2228
Honorable Melisa Skinner, Judge Presiding

## ORDER

On February 27, 2015, pro se appellant Luis Jaramillo Jr., who is indigent, filed a motion for a free appellate record. *See* TEX. R. APP. P. 20.2.

Appellant's motion is GRANTED. We ORDER the trial court clerk to (1) provide Appellant with a printed copy of the appellate record, at no cost to Appellant, and (2) provide this court with written confirmation that it has complied with this order within TEN DAYS of the date of this order. *See id.*; *Newman v. State*, 937 S.W.2d 1, 3 (Tex. Crim. App. 1996) ("[T]he trial court has a duty to provide an indigent defendant with an adequate record on appeal.").

Appellant's brief will be due THIRTY DAYS after we receive written confirmation that the trial court clerk has provided Appellant with a printed copy of the reporter's record. *See* TEX. R. APP. P. 38.6(a).

_____
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 9th day of March, 2015.

_____
Keith E. Hottle
Clerk of Court

CRIMINAL APPEALS
CERTIFICATE OF NOTICE OF APPEAL TO THE FOURTH COURT OF APPEALS

**EXHIBIT-A**

TRIAL COURT NO. 2012CR2228

THE STATE OF TEXAS

IN THE 290TH DISTRICT COURT

VS

OF

LUIS JR JARAMILLO

BEXAR COUNTY, TEXAS

NOT A FILED COPY

1. Defendant filed motion for new trial: X no __ yes, date filed: _____

2. Notice of appeal was filed on 10-05-2012 _____

3. The Honorable MELISA SKINNER _____ presided at the trial .

4. The above named defendant was convicted of the offense(s) of VIOL SEX OFFENDER REG - ANNUAL _____

as a (Repeater)(Habitual)

5. State's appeal attorney: SUSAN D. REED _____ 300 Dolorosa, Suite 4025, Bexar County Justice Center, San Antonio, Texas, 78205 (210)335-2413 SBN: 16687400

6. Trial Attorney(s): LEONARD MICHAEL HOYLE _____

(Retained)(Appointed) Appeals attorney: VINCENT DENNIS CALLAHAN
Address & Phone No: PO BOX 12141 SAN ANTONIO, TX, 78212-0141 (210)737-3404 SBN: 3851700

Defendant Pro-Se __ Yes X No

7. The trial held was: __Trial before the Court       __Jury trial on guilt only
                       __Jury trial on punishment only  __Jury trial guilt and punishment
                       X Plea of guilt / nolo contendere to court - negotiated plea agreement followed by court
                       __Pretrial motion heard prior to plea  __Open/non negotiated plea of guilty/nolo contendere
                       __Motion to enter adjudication of guilt  __Motion to revoke community supervision
                       __Other _____

8. The sentence was (suspended) on:09-25-2012 for a period of:yrs:007 mths:00
   and a fine of $        1,500.00

9. Defendant is presently in:__ BCADC __ TDCJID. Defendant is on ____10,000.00____ appeal bond.

10. Name and Address of Court Reporter(s) who reported the evidence: SACHIKO NAGAO 101 W. NUEVA
    (APPLIED FOR PROBATION 08-13-12) DEBRA JIMENEZ 100 DOLOROSA (PROBATION
    GRANTED 09-25-2012)

11. If two or more cases were tried together the other cases that have been or may be appealed are:(Defendant's name
    & cause number) _____

WITNESS MY HAND THIS THE 8th DAY OF October , 2012

COURT REPORTER(S): *Debra Jimenez* (Hand-delivered) Date: OCT - 8 2012
*Sachiko Nagao* (Hand delivered) Date: OCT - 8 2012

KEITH E. HOTTLE, CLERK

BY: _____ Date: 10-8-10
Deputy

DONNA KAY MCKINNEY
BEXAR COUNTY DISTRICT CLERK
BY: _____

CEDAR, ASHLEY NICHOLE ,DEPUTY

(jsdca)

48

EXHIBIT-A

TRIAL COURT NO. 2012CR2228

| | |
|---|---|
| THE STATE OF TEXAS | IN THE 290TH DISTRICT COURT |
| VS | OF |
| LUIS JR JARAMILLO | BEXAR COUNTY, TEXAS |

1. Defendant filed motion for new trial: X no __ yes, date filed: _____

2. Notice of appeal was filed on 12-15-2014 _____

3. The Honorable MELISA SKINNER _____ presided at the hearing .

4. The above named defendant was convicted of the offense(s) of VIOL SEX OFFENDER REG - ANNUAL _____

   as a (Rxxxxxxx)(Xxxxxxxx).

5. State's appeal attorney: SUSAN D. REED _____ 300 Dolorosa, Suite 4025, Bexar County Justice
   Center, San Antonio, Texas,78205 (210)335-2413     SBN: 16687400 _____

6. Hearing Attorney(s): S KEITH ENGELKE _____

   (Retained)(Appointed) Appeals attorney:VINCENT DENNIS CALLAHAN _____
   Address & Phone No: PO BOX 12141 SAN ANTONIO, TX, 78212-0141 (210)737-3404    SBN: 3651700

   Defendant Pro-Se__ Yes X No

7. The trial held was:___Trial before the Court          ___Jury trial on guilt only
   ___Jury trial on punishment only          ___Jury trial guilt and punishment
   ___Plea of guilt / nolo contendere to court - negotiated plea agreement followed by court
   ___Pretrial motion heard prior to plea     ___Open/non negotiated plea of guilty/nolo contendere
   ___Motion to enter adjudication of guilt   _X_Motion to revoke community supervision
   ___Other_____

8. The sentence was (imposed ) on:11-13-2014 for a period of:yrs:010 mths:00
   and a fine of $      1,500.00 .

9. Defendant is presently in:__ BCADC X TDCJID. Defendant is on ** RWOB ** _____ appeal bond.

10. Name and Address of Court Reporter(s) who reported the evidence: SACHIKO NAGAO 101 W. NUEVA(APP
    L PROB08-13-12)DEBRA JIMENEZ 100 DOLOROSA(PROB GRANTED09/25/2012)
    (MTR 04/30/14)ROXIE PENA(COMP 10/09/2014)ERMINIA UVIEDO (MTR 11/13/14)

11. If two or more cases were tried together the other cases that have been or may be appealed are:(Defendant's na
    & cause number) _____

WITNESS MY HAND THIS THE 22nd DAY OF December , 2014

COURT REPORTER(S): Sanchiko Nagao, Debra Jimenez,     Date: DEC 2 2 2014
Roxie Pena, Erminia Uviedo     Date:
KEITH E. HOTTLE, CLERK

BY:_____     Date:_____
Deputy

DONNA KAY MCKINNEY
BEXAR COUNTY DISTRICT CLERK

BY: _____

DAVIS, ANTHONY TERRELL     ,DEPUTY

(jsdca)

*Where are these records*

EXHIBIT-A

# CLERK'S RECORD

## VOLUME 1 OF 1

TRIAL COURT CAUSE NO. 2012CR2228

IN THE 290TH DISTRICT COURT

OF BEXAR COUNTY, TEXAS,

HONORABLE MARIA TERESA HERR , PRESIDING

---

LUIS JARAMILLO

VS.

STATE OF TEXAS

---

DELIVERED TO THE COURT OF APPEALS FOR THE 4TH DISTRICT OF TEXAS, SAN ANTONIO, TEXAS ON Tuesday, October 09, 2012.

---

ATTORNEY FOR APPELLANT:
VINCENT DENNIS CALLAHAN
PO BOX 12141
SAN ANTONIO, TX 78212-0141
210/737-3404   FAX:   210/737-3404
BAR NO: 3651700

DONNA KAY MCKINNEY
DISTRICT CLERK
BEXAR COUNTY, TEXAS

BY: _____
    GABRIEL RIOS
    APPEALS CLERK

EXHIBIT-A

NO. 2012CR2228

LUIS JARAMILLO                                    IN THE DISTRICT COURT

VS.                                               290TH JUDICIAL DISTRICT

STATE OF TEXAS                                    BEXAR COUNTY, TEXAS

# INDEX

CLERK'S RECORD COVER SHEET.........................................................................1

INDEX.....................................................................................................2-3

TRUE BILL OF INDICTMENT........................................................................4
***** FILE STAMPED ON 05/19/2012 PG 4 ****

MOTION TO WITHDRAW AS COUNSEL.........................................................5-7
***** SIGNED ON 05/25/2012 PG 7 ****

APPOINTMENT OF ATTORNEY...............................................................8
***** SIGNED ON 05/25/2012*****

MOTION FOR PRODUCTION OF STATEMENTS AND/OR WRITINGS BY THE
DEFENDANT TO BE OFFERED BY THE STATE....................................9-10
***** SIGNED ON 07/06/2012 PG10*****

COURT'S ADMONISHMENT AND DEFENDANT'S WAIVERS AND
AFFIDAVIT OF ADMONITIONS...............................................................11-15
***** FILE STAMPED ON 08/13/2012 PG 11 ****

WAIVER, CONSENT TO STIPULATION OF TESTIMONY AND
STIPULATIONS...................................................................................16-34
***** FILE STAMPED ON 08/13/2012 PG 16****

TRIAL COURT'S CERTIFICATION OF DEFENDANT'S
RIGHT OF APPEAL ..........................................................................35
*****SIGNED ON 08/13/2012 PG 35****

JUDGMENT OF CONVICTION BY COURT-WAIVER OF JURY TRIAL....36-37
***** SIGNED ON 09/25/2012 PG 37****

CONDITIONS OF PROBATION............................................................38-41
***** SIGNED ON 09/25/2012 PG 41*****

2

EXHIBIT-A

**NOTICE OF APPEAL FROM A NEGOTIATED PLEA**.....................................42-44
***** FILE STAMPED ON 10/05/2012 PG 42*****

**NOTICE OF APPEAL** ..........................................................................45-46
***** FILE STAMPED ON 10/05/2012 PG 45*****

**APPOINTMENT OF ATTORNEY** ...............................................................47
***** SIGNED ON 10/08/2012*****

**CRIMINAL APPEALS CERTIFICATE OF NOTICE OF
APPEAL TO THE FOURTH COURT OF APPEALS**...........................................48
***** FILE STAMPED ON 10/08/2012 PG 76 *****

**CRIMINAL DOCKET SHEET**........................................................................49

**CERTIFICATE**.........................................................................................50

3

EXHIBIT-A

# CERTIFICATE

THE STATE OF TEXAS

COUNTY OF BEXAR

I, DONNA KAY MCKINNEY, Clerk of the District Court of Bexar County, Texas do hereby certify that the documents contained in this record of which this certification is attached are all of the documents specified by Texas Rule of Appellate Procedure 34.5 (a) and all other documents timely requested by a party to this proceeding under Texas Rule of Appellate Procedure 34.5 (b).

GIVEN UNDER MY HAND AND SEAL of said Court at office in the City of San Antonio, Bexar County, Texas this <u>October 9, 2012</u>.

DONNA KAY MCKINNEY

Clerk, <u>290TH</u> Judicial District
Court of Bexar County, Texas

by: _____
GABRIEL RIOS

\* \* \* \* \* \* \* \* \* \*

EXHIBIT-A

# CLERK'S RECORD

### VOLUME 1 OF 1

TRIAL COURT CAUSE NO. 2012CR2228
IN THE 290TH DISTRICT COURT

OF BEXAR COUNTY, TEXAS,

HONORABLE MELISA SKINNER, PRESIDING

---

### LUIS JARAMILLO

### VS

### STATE OF TEXAS

---

DELIVERED TO THE COURT OF APPEALS FOR THE 4TH DISTRICT OF TEXAS, SAN ANTONIO, TEXAS ON Wednesday, December 31, 2014.

---

ATTORNEY FOR DEFENDANT:
VINCENT DENNIS CALLAHAN
PO BOX 12141
SAN ANTONIO, TX 78212-0141
PHONE: 210/737-3404 FAX: 210/737-3404

DONNA KAY M<sup>C</sup>KINNEY
DISTRICT CLERK
BEXAR COUNTY

BY : /s/ *Cynthia Gomez*
  CYNTHIA GOMEZ
  APPEALS CLERK

EXHIBIT-A

LUIS JARAMILLO
DEFENDANT                                        IN THE DISTRICT COURT
VS.                                              290TH JUDICIAL
THE STATE OF TEXAS                               BEXAR COUNTY, TEXAS

# INDEX

CLERK'S RECORD COVER SHEET................................................................................1

INDEX..........................................................................................................2-6

TRUE BILL OF INDICTMENT.............................................................................7
FILE STAMPED ON 03-19-2012 PG 7******

MOTION FOR SPEEDY TRIAL.........................................................................8-10
FILE STAMPED ON 05-10-2012 PG 8******

DEFENDANT'S REQUEST FOR NOTICE OF STATE'S INTENTION TO
USE EVIDENCE OF EXTRANEOUS OFFENSES AT TRIAL ..........................11-14
FILE STAMPED ON 05-25-2012 PG 11******

MOTION IN LIMINE.....................................................................................15-19
FILE STAMPED ON 05-25-2012 PG 15******

MOTION FOR DISCOVERY ...........................................................................20-26
FILE STAMPED ON 05-25-2012 PG 20******

MOTION FOR SPEEDY TRIAL.......................................................................27-29
FILE STAMPED ON 05-25-2012 PG 27******

MOTION TO WITHDRAW AS COUNSEL .......................................................30-32
SIGNED ON 05-25-2012 PG 32******

MOTION FOR CONSTITUTIONAL RIGHT OF SPEEDY TRIAL.................33-35
FILE STAMPED ON 06-04-2012 PG 33******

MOTION FOR PRODUCTION OF STATEMENTS AND/OR WRITINGS
BY THE DEFENDANT TO BE OFFERED BY THE STATE ...........................36-37
SIGNED ON 07-06-2012 PG 37******

STATE WITNESS LIST ..................................................................................38-39
FILE STAMPED ON 07-09-2012 PG 38******

EXHIBIT-A

STATE'S NOTICE OF INTENT TO INTRODUCE EVIDENCE PURSUANT
TO TEX. R. CRIM. EVID. 404(B) AND 609(F), TEX. CODE CRIM. PRO.
ARTS. 37.07 AND 38.37 ............................................................................40-43
FILE STAMPED ON 07-09-2012 PG 40******

MOTION FOR PRE-TRIAL HEARING ......................................................44-56
FILE STAMPED ON 07-27-2012 PG 44******

MOTION TO SET ...........................................................................................57-59
FILE STAMPED ON 07-30-2012 PG 57******

MOTION FOR PRE-TRIAL HEARING ......................................................60-63
FILE STAMPED ON 07-30-2012 PG 60******

MOTION FOR CONSTITUTIONAL RIGHT OF SPEEDY TRIAL .................64-66
FILE STAMPED ON 07-31-2012 PG 64******

DEFENDANT'S MOTION TO DECLARE TEXAS SEX OFFENDER
REGISTRATION PROVISIONS UNCONSTITUTIONAL BECAUSE OF
DUE PROCESS VIOLATION .......................................................................67-69
FILE STAMPED ON 07-31-2012 PG 67******

MOTION TO SUPPRESS ILLEGAL IDENTIFICATION OF THE
DEFENDANT AND REQUEST FOR HEARING OUTSIDE THE PRESENCE
OF THE JURY ..............................................................................................70-72
FILE STAMPED ON 07-31-2012 PG 70******

DEFENDANT'S MOTION TO DECLARE TEXAS SEX OFFENDER
REGISTRATION PROVISIONS UNCONSTITUTIONAL BECAUSE OF
EQUAL PROTECTION VIOLATION ..........................................................73-75
FILE STAMPED ON 07-31-2012 PG 73******

APPLICATION FOR COMMUNITY SUPERVISION (NON JURY) ..................76
FILE STAMPED ON 08-13-2012 PG 76******

COURT'S ADMONISHMENT AND DEFENDANT'S WAIVERS AND
AFFIDAVIT OF ADMONITIONS ................................................................77-81
SIGNED ON 08-13-2012 PG 80******

WAIVER, CONSENT TO STIPULATION OF TESTIMONY AND
STIPULATIONS ........................................................................................82-100
SIGNED ON 08-13-2012 PG 85******

TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF
APPEAL ...........................................................................................................101
SIGNED ON 08-13-2012 PG 101******

# EXHIBIT-A

JUDGMENT OF CONVICTION BY COURT – WAIVER OF JURY
TRIAL..............................................................................................102-103
SIGNED ON 09-25-2012 PG 103******

TERMS AND CONDITIONS OF COMMUNITY SUPERVISION................104-107
SIGNED ON 09-25-2012 PG 107******

NOTICE OF APPEAL FROM A NEGOTIATED PLEA ................................108-111
FILE STAMPED ON 10-05-2012 PG 108******

NOTICE OF APPEAL .................................................................................112-113
FILE STAMPED ON 10-05-2012 PG 112******

MOTION FOR APPOINTMENT OF COUNSEL ON APPEAL .....................114-116
FILE STAMPED ON 10-05-2012 PG 114******

PAUPER'S OATH .......................................................................................117-119
FILE STAMPED ON 10-05-2012 PG 117******

MOTION TO OBTAIN TRANSCRIPT .........................................................120-122
FILE STAMPED ON 10-05-2012 PG 120******

APPOINTMENT OF ATTORNEY ......................................................................123
SIGNED ON 10-08-2012 PG 123******

MANDATE.........................................................................................................124
FILE STAMPED ON 06-05-2013 PG 124******

TERMS AND CONDITIONS OF COMMUNITY SUPERVISION................125-128
SIGNED ON 03-18-2014 PG 128******

VIOLATION REPORT ................................................................................129-130
FILE STAMPED ON 04-03-2014 PG 129******

MOTION TO REVOKE COMMUNITY SUPERVISION (ADULT
PROBATION)..............................................................................................131-132
SIGNED ON 04-08-2014 PG 132******

ORDER AMENDING CONDITIONS OF COMMUNITY
SUPERVISION ....................................................................................................133
SIGNED ON 04-30-2014 PG 133******

PAUPER'S OATH .......................................................................................134-135
FILE STAMPED ON 05-02-2014 PG 134******

4

EXHIBIT-A

MOTION FOR REINSTATEMENT OF PROBATION ...................................136-148
FILE STAMPED ON 05-02-2014 PG 136******

VIOLATION REPORT ..............................................................................149
FILE STAMPED ON 05-12-2014 PG 149******

MOTION TO REVOKE COMMUNITY SUPERVISION (ADULT
PROBATION).........................................................................................150-151
SIGNED ON 05-16-2014 PG 151******

APPOINTMENT OF ATTORNEY ............................................................152
SIGNED ON 05-21-2014 PG 152******

AMENDED COMPETENCY ORDER FOR PSYCHIATRIC
EVALUATION ........................................................................................153
SIGNED ON 05-28-2014 PG 153******

UNIVERSITY HEALTH SYSTEM INVOICE ...........................................154
SIGNED ON 07-29-2014 PG 154******

AGREED JUDGMENT OF INCOMPETENCY.............................................155
SIGNED ON 08-14-2014 PG 155******

LIFT HOLD ............................................................................................156
SIGNED ON 10-09-2014 PG 156******

SPECIAL CONDITIONS OF RELEASE ON BOND.....................................157
SIGNED ON 10-09-2014 PG 157******

JURY WAIVER, WAIVER OF RIGHT TO CROSS-EXAMINE &
CONFRONT WITNESSES AND AGREEMENT........................................158
SIGNED ON 10-09-2014 PG 158******

JUDGMENT OF RESTORATION OF COMPETENCY BY COURT UPON
RECEIPT OF WRITTEN NOTICE OF THE SUPERINTENDENT OF
SAN ANTONIO STATE HOSPITAL........................................................159
SIGNED ON 10-09-2014 PG 159******

FIRST AMENDED MOTION TO REVOKE COMMUNITY SUPERVISION
(ADULT PROBATION)...........................................................................160-162
SIGNED ON 11-07-2014 PG 162******

JUDGMENT REVOKING COMMUNITY SUPERVISION...........................163-164
SIGNED ON 11-13-2014 PG 164******


EXHIBIT-A

TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF
APPEAL.................................................................................................165
SIGNED ON 11-13-2014 PG 165******

PAUPER'S OATH.............................................................................166-167
FILE STAMPED ON 12-12-2014 PG 166******

NOTICE OF APPEAL.......................................................................168-170
FILE STAMPED ON 12-15-2014 PG 168******

MOTION FOR APPOINTMENT OF COUNSEL ON APPEAL...........171-174
FILE STAMPED ON 12-15-2014 PG 171******

APPOINTMENT OF ATTORNEY..............................................................175
SIGNED ON 12-17-2014 PG 175******

CRIMINAL APPEALS CERTIFICATE OF NOTICE OF APPEAL TO THE
FOURTH COURT OF APPEALS...............................................................176

CRIMINAL APPEALS CERTIFICATE OF NOTICE OF APPEAL TO THE
FOURTH COURT OF APPEALS...............................................................177

CRIMINAL DOCKET SHEET.........................................................178-179

CERTIFICATE...........................................................................................180

# EXHIBIT-1

## No. 2012CR2228

## PLEA BARGAIN

I, the undersigned Defendant, together with my counsel and counsel for the State, agree that in exchange for the Defendant's agreement to plead guilty or nolo contendere, to allow the State to prove its case by means of written stipulations. The State may make recommendations regarding punishment; however, it is understood by all that even in the event the parties agree to recommend specific conditions and terms of community supervision or deferred adjudication or the length of supervision that such recommendations are not part of the formal plea agreement and are not binding on the Court. All parties understand and agree that the terms, conditions and length of supervision of community supervision or deferred adjudication are to be determined and assessed solely within the Court's discretion. It is further understood and agreed by the parties that in the event the Court assessed terms, conditions and or a length of supervision of community supervision or deferred adjudication different from those agreed to by the parties, that such difference shall not constitute grounds for setting aside the Defendant's plea in this cause. If the court grants deferred adjudication, the State does not recommend any term of years as part of the plea agreement. All parties agree that if deferred adjudication is subsequently revoked, Defendant may be sentenced to any term of years within the range of punishment provided by law for this offense.

It is mutually agreed and recommended by the parties:

_____ Prosecution to proceed only on Count(s) _____ Prosecution for lesser included offense of _____

_____ Defendant agrees that he has been previously convicted of one/two or more felonies for enhancement under 12.42 P.C.

_____ Class A Misdemeanor punishment with State Jail Felony Conviction under 12.44 P.C.

__X__ Punishment to be assessed at ____10__ years

__X__ Fine $___1500

_____ Affirmative Finding of Deadly Weapon or 3G offense, Defendant not eligible for supervision under CCP42.12,Sec.3

_____ There is no application for community supervision/deferred adjudication.

_____ State will make no recommendation of Defendant's deferred adjudication/community supervision application. State reserves right to speak as to factual issues relevant to Defendant's punishment.

_____ State opposes community supervision/deferred adjudication.

__X__ State recommends community supervision.

_____ State recommends deferred adjudication.

_____ Concurrent with: _____ CHILD _____ cc 380020 (Theft of Service)

__X__ Causes taken into consideration: 2012CR3425(Injury to Elderly) and 2012CR3426 (Inj to Elderly); 383739 (Crim Trespass)

__X__ Restitution to be determined by the Court through the Community Supervision office or $_____

_____ Payable to victim in this cause number only: _____

__X__ Payable to victims under: ALYSSA JARAMILLO AND AURORA NAVARRO; Firestone

__X__ Other: ___ COMPLY WITH SEX REGISTRATION REQUIREMENTS; no contact with ~~ACCESS~~ no contact with Nicole Marcus of 4951 Woodstone

## WAIVER OF APPEAL

I understand that upon my plea of guilty or nolo contendere, where the punishment does not exceed that recommended by the prosecutor and agreed to by me, my right to appeal will be limited to only: (1) those matters that were raised by written motion filed and ruled on before trial, or (2) other matters on which the trial court gives me permission to appeal. I understand that I have this limited right to appeal, However, as part of my plea bargain agreement in this case, I knowingly and voluntarily waive my right to appeal under (1) and (2) in exchange for the prosecutor's recommendation, provided that the punishment assessed by the court does not exceed our agreement. In addition, if and when I am sentenced to the Texas Department of Criminal Justice on this case, I hereby request transfer to said institution.

_____          _____          _____
DEFENDANT                        DATE  8/13/12                       COUNSEL FOR DEFENDANT

The above terms constitute our agreement, and there are no agreements not set forth above. The Defendant and Counsel request the Court to follow the plea bargain.

_____          _____          _____
ASSISTANT DISTRICT ATTORNEY      ATTORNEY FOR DEFENDANT            DEFENDANT

NOTE: The parties are not allowed to make binding agreements regarding the length of community supervision or the terms and conditions of community supervision, which are totally dependent upon the Court's discretion. The following recommendations do not constitute part of the formal plea agreement. However, the (State) (~~both parties~~) make the following non-binding recommendations:

__X__ Community Supervision be granted for 10 years.

_____ Treatment Alternative to Incarceration Program          _____ Days in Bexar County Jail or State Jail (circle one)

__X__ 150 Hours Community Service                             _____ Substance abuse treatment facility

_____ Days Electronic Monitoring                             _____ Zero Tolerance Bootcamp or State Bootcamp Program (circle one)

_____ No contact with _____

Other Punishment recommendations: No contact w/ Alyssa Jaramillo + Aurora Navarro

EXHIBIT-1

## CRIMINAL DOCKET SHEET

| FINGERPRINT | NAME OF PARTIES | ATTORNEYS | COURT ACTIVITY |
|---|---|---|---|

**2012-CR-2228  D290  03/19/2012**

STATE OF TEXAS VS.
**JARAMILLO, LUIS**
SCC: 701

VIOL SEX OFFENDER REG - ANNUAL

OFFENSE INFORMATION

REDUCED TO LESSER OFFENSE

STATE PROCEEDS ON COUNT (s)
PARAGRAPH
ENHANCEMENT PARAGRAPH (s)

RIGHT THUMBPRINT

**STATE ATTORNEY**
Michael Hoyle
DEFENSE ATTORNEY

**COURT REPORTER**
Michael Hoyle

**COURT INTERPRETER**

### COURT ACTIVITY

JUDGE PRESIDING _____

___ NO RECOMMENDATION/ NO PLEA BARGAIN
___ PLEA BARGAIN AGREEMENT
_10_ YRS MDS DYS (TDCJ – ID)(BDADC)(STATE JAIL)
$1500 Fine $ _____ Restitution

___ Comm Supervision (Recommended)(Silent)(Opposed)

___ Def Adjudication (Recommended)(Silent)(Opposed)

___ Cases to Run Concurrent/Consecutively

___ Cases Taken into Consideration:

___ Non Binding Recommendations
___ DYS MOS(BCADC)(STATE JAIL)(Cond of Suprvsn)
___ HRS Community Service/ _____ DYS ELM

___ Substance Abuse Treatment Facility

___ YRS MDS DYS (TDCJ-ID)(BCADC)(ST JAIL)
$ _____ Fine $ _____ Restitution
___ Other:

### COURT RULING

___ YRS MOS DYS (TDCJ – (BCADC)(ST JAIL)
$ _____ Fine $ _____ Restitution
___ Payable to:
___ Affirmative Finding of a Deadly Weapon
___ S.A.I.P. (Boot Camp) ___ Shock Supervision
___ Drivers License Suspension Start Date:
End Date:
___ SAFPF (Comm Supervision)(Amended Comm Supv.)
___ Therapeutic Community Program ___ DYS ELM
___ HRS Community Service
___ DYS MOS (BCADC)(STATE  JAIL)(Cond of Supv)
___ (Work)(Weekend) Release Program (Cond of Supervsn)
___ Found TRUE to Enhancement Paragraph as a Repeater
___ Found TRUE to Enhancement Paragraphs as a Habitual
___ Other:

DONNA KAY McKINNEY
BEXAR COUNTY DISTRICT CLERK

By: _____

DEPUTY

49

### COURT ENTRIES

Defendant Pled _____

Applied For _____

Evidence Sufficient _____

PSI Ordered _____  TAPI Order _____

JUDGE MELISA SKINNER
290TH DISTRICT COURT

### DATE OF ENTRY

| DATE OF ENTRY | COURT ENTRIES |
|---|---|
| 9-25-12 | 10 yrs Suspended 7 years TDC, $1500 fine, STOP No harmful Inj Contact with Alyssa Jaramillo & Aurora Mancus + No Contact w/ Nicole Mancus @ 4951 Wood Stone, Sex Offender Supervision, Random UA's, Proof of Employment, Best Behavior |

EXHIBIT-1

| DATE OF ENTRY | |
|---|---|
| APR 3 0 2014 | |
| 79 | |

**HEARING ON MOTION TO REVOKE**
Plead True to # ___ 35B
Plead Not True to # ___
Found Violation of # ___ 35 B
Sanction ___ 22 days BaJail ~ CCS
Revoked (YES) (NO)
JUDGE MELISA SKINNER
290th DISTRICT COURT

8/14/14

Agreed Incompetency Trial, found incompetent
☑ TDSHS ☐ CHCS ☐ ALA ☐ NTSH-VERNON
As an ☐ Outpatient, ☐ Inpatient for a period not
Committed to: to exceed 60/120 . Is likely to be
restored to competency within the fore seeable
future

10/06/14

Restoration hearing:
Jury waived, competency restored

NOV 1 0 2014

**HEARING ON MOTION TO REVOKE**
Plead True to # ___
Plead Not True to # ___ 5
Found Violation of # ___ 5
Sanction ___
Revoked (YES) (NO)
JUDGE MELISA SKINNER
290th DISTRICT COURT

10 yrs. TCS. No Contact w/ Nicole Mason, No
Hentul w/ Alysse, Jonnelle, Curora, Panagle, 451
Weadston,

EXHIBIT-1 cont...

EXHIBIT-2

## JUDGMENT OF CONVICTION - PLEA OF GUILTY BEFORE THE COURT
### SENTENCED TO INSTITUTIONAL DIVISION

THE STATE OF TEXAS     NO. **2000CR1985**     IN THE **175TH** DISTRICT COURT

VS     OF

**LUIS JARAMILLO**     **BEXAR COUNTY, TEXAS**

JUDGE PRESIDING: **JUDGE MARY ROMAN**     DATE OF JUDGMENT: **JAN 12 2001**

APPEARANCES
FOR STATE: **CRYSTAL CHANDLER**

APPEARANCES
FOR DEFENDANT: **MICHAEL DAVID GRANADOS**

OFFENSE CONVICTED OF: **AGG SEXUAL ASSAULT-CHILD**
**22.021(A)(1)(B)PC**

DATE OF CONVICTION: **01-08-2001**

DEGREE OF OFFENSE: **1ST**

DATE OFFENSE COMMITTED: **09-04-1999**

CHARGING INSTRUMENT: **COUNT I OF THE INDICTMENT**

PLEA TO COURT: **GUILTY**     VERDICT OF COURT: **GUILTY**

TERMS OF PLEA AGREEMENT:    **5 YRS TDC + 1000.00 FINE**

PLEA TO
ENHANCEMENT: **N/A**

FINDING ON
ENHANCEMENT: **N/A**

FINDING ON SPECIAL ISSUE(S): N/A

DATE SENTENCE IMPOSED: **01-08-2001**     DATE TO COMMENCE: **01-08-2001**

SENTENCE OF IMPRISONMENT
(INSTITUTIONAL DIVISION):
**5 YRS TDCJ-ID AND A FINE OF $ 1,000.00**

CONCURRENT UNLESS OTHERWISE SPECIFIED: **NA; FURTHER, DEFENDANT IS TO HAVE NO CONTACT WITH VICTIM OF SAID OFFENSE.**

TIME CREDITED: **192 DAYS**     COSTS: $ **692.25**

TOTAL AMOUNT OF
RESTITUTION/REPARATION: $ **TO BE SET**

RESTITUTION TO BE PAID TO:
NAME:
ADDRESS:

     On the **11TH OF December, 2000** the above numbered and entitled cause was reached and called for trial, and the State appeared by the attorney stated above, and the Defendant and the Defendant's attorney were also present. Thereupon, both sides announced ready for trial, and the Defendant, Defendant's attorney, and the State's attorney agreed in open court and in writing to waive a jury in the trial of this cause and to submit it to the Court. The Court consented to the waiver of a jury herein. The Defendant further waived the reading of the indictment and, upon being asked by the Court as to how the Defendant pleaded, entered a plea of **GUILTY** to **AGG SEXUAL ASSAULT-CHILD**

Thereupon, the Defendant was admonished by the Court of the consequences of said plea and, it appearing to the Court that the Defendant was competent to stand trial and that the Defendant was not influenced in making said plea by any consideration of fear or by any persuasion prompting a confession of guilt, the free and voluntary plea of **GUILTY** was received by the Court and is now entered of record in the minutes of the Court as the plea of the Defendant. The Court, having heard all evidence from the State and Defendant, and having heard argument of counsel for both parties, found that there was sufficient evidence to support the Defendant's plea and found the Defendant guilty of the offense stated above.

(JSD10M)



CAUSE NO. _2012 CR 2228 - MTR 2nd._

STATE OF TEXAS                          290TH DISTRICT COURT

BEXAR COUNTY, TEXAS

## APPOINTMENT OF ATTORNEY

The court in accordance with Article 26.04 code of Criminal Procedure, as amended hereby appoints attorney

_Keith Engelke_ , BAR NO. _6624550_
Attorney

to represent

_Luis Jaramillo_ , SID NO. _577294_
Defendant

Such representation is to continue, (unless relieved by the Court earlier, after finding good cause is entered on the record), until charges are dismissed, the defendant is acquitted, all post-trial motions are resolved, notice of appeal is perfected, or until relieved by the Court or replaced by other counsel.

Performance of duties under this order of appointment will result in submission of your claim for payment by submitting a payment voucher for Court approval.

SIGNED and ORDERED this _21st_ day of _May_ , 20 _14_.

4-9-14

_____
JUDGE MELISA SKINNER
290TH DISTRICT COURT
BEXAR COUNTY, TEXAS

EXHIBIT-3



CAUSE # 2012CR2228

| THE STATE OF TEXAS | § | IN THE 290TH DISTRICT COURT |
|---|---|---|
| | § | |
| VS. | § | OF |
| | § | |
| LUIS JARAMILLO JR | § | BEXAR COUNTY, TEXAS |

## MOTION TO REVOKE COMMUNITY SUPERVISION
### (ADULT PROBATION)

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Criminal District Attorney of Bexar County, Texas and would show the Court that the Defendant in the above styled and numbered cause was found guilty of the offense of VIOLATION of SEX OFFENDER REGISTRATION - ANNUAL, and was placed on probation by the Court on the 18th day of March, 2014, for a term of 7 Years under the provisions of the Adult Probation and Parole Law as reflected by said Judgment entered herein;

That thereafter, during the term of said probation, the Defendant violated the terms and conditions therein in the following particulars, to-wit:

VIOLATED CONDITION NO.25B: On or about the 31st day of March, 2014, in Bexar County, Texas, the defendant, Luis Jaramillo Jr., failed to comply with the instructions of Professional Associates for Counseling and Evaluation, his Court ordered sex offender treatment program, in that the defendant failed to attend a scheduled meeting on 31 March, 2014; in violation of Condition No. 25B.

VIOLATED CONDITION NO.25Q: On or about the 31st day of March, 2014, in Bexar County, Texas, the defendant, Luis Jaramillo Jr., did then and there fail to comply with the instructions of the Bexar County Community Supervision and Corrections Department Sex Offender Program, in that the defendant had personal contact with his 14-year old daughter, in violation of Condition No. 25Q.

VIOLATED CONDITION NO.34: On or about the 31st day of March, 2014, in Bexar County, Texas, the defendant, Luis Jaramillo Jr., failed to comply with his Zero Tolerance Probation condition in that the defendant failed to attend sex offender treatment and violated his Child Safety Zones, in violation of Condition No. 34.



146

EXHIBIT -5 continued

Cause: 2012CR2228    )    Name: Luis Jaramillo Jr    )    MTA Page 2 of 2

Premises considered, therefore, the Criminal District Attorney, Bexar County, Texas, moves the Court to cause a warrant to be issued for arrest of said defendant, and that upon his arrest hearing be held and probation revoked in this cause, as the evidence and judgment of the Court thereon may warrant.

DATE: 4/8 2014

_____
Assistant Criminal District Attorney
Bexar County, Texas

## ORDER

The Clerk will issue capias for arrest of the Defendant in the above styled and numbered cause, directing that he be held to answer instanter to this Court for violation of the terms and conditions of his probation herein.

DATE: 4/8 2014

_____
HONORABLE MELISA SKINNER
290TH DISTRICT COURT
BEXAR COUNTY, TEXAS

EXHIBIT-3

CAUSE # 2012CR2228



THE STATE OF TEXAS

VS.

LUIS JARAMILLO JR

IN THE 290TH DISTRICT COURT

OF

BEXAR COUNTY, TEXAS

## ORDER AMENDING CONDITIONS OF COMMUNITY SUPERVISION

On this date, the Court finds that the Order placing the defendant on Adjudicated Community Supervision in Cause No. 2012CR2228 for the offense of Sex Offenders Duty To Register Life/Annually, for a period of 7 Years, should be, and the same is hereby amended by adding the condition(s) of community supervision in said Order as follows, to wit:

Condition 35    THE DEFENDANT IS TO COMPLY WITH ZERO TOLERANCE AS A CONDITION OF PROBATION.

Condition 36    The defendant will serve a term of imprisonment in the Bexar County Jail for 22 days; this period of detention shall begin 04-30-14. If allowed to participate in the Work Release Program you will comply with all rules, regulations, and instructions as directed by the authorized personnel of this program. CREDIT FOR TIME SERVED.

All other terms and conditions of the original Order of community supervision dated the 18th day of March, 2014, shall remain in full force and effect as heretofore ordered.

SIGNED AND ENTERED this the
30 DAY OF April , A.D., 20 14

HONORABLE MELISA SKINNER
290TH DISTRICT COURT
BEXAR COUNTY, TEXAS

X _____
Defendant

_____
Jeffrey Dew
Community Supervision Officer

4|30|14.
Date

4|30|14.
Date

RIGHT THUMB PRINT

133

EXHIBIT-4

IN THE 290 JUDICIAL DISTRICT COURT OF BEXAR COUNTY, TEXAS

THE STATE OF TEXAS

vs.

Luis Jaramillo

NO. 2012 CR22

OFFENSE: Viol. of Sex Offender Reg. - Annual

[X] REGULAR [ ] DEFERRED ADJUDICATION [ ] BOOT CAMP [ ] SHOCK [ ] RECOMMENDATION OF JURY
[ ] FELONY REDUCTION TO MISDEMEANOR [ ] STATE JAIL FELONY

TERMS AND CONDITIONS OF COMMUNITY SUPERVISION

On the 25th day of September; A.D., 2012, you were placed on community supervision for a period of 7. month(s)/year(s) with the following terms and conditions as denoted below by (x) in left margin:

[ ] ORDER ALTERING AND AMENDING TERM AND/OR CONDITIONS OF COMMUNITY SUPERVISION

On the _____ day of _____ , A.D., 20___, you were placed on community supervision for a period of _____ month(s)/year(s) with the following terms and conditions as denoted below by (x) in left margin:

[ ] A. All of your conditions will remain in full force and effect, and are altered and amended by the following changes or additional condition(s):

[ ] B. As an alternative to incarceration, the term of community supervision is extended _____ month(s)/year(s) from _____ until _____ . (# _____ Extension)

*********************************************************************************************************

[X] 1. Neither commit nor be convicted of any offense against the Laws of the State of Texas; or any other State or of the United States of America.

[X] 2. Avoid injurious or vicious habits and abstain from the illegal use of controlled substances, dangerous drugs, nor use alcoholic beverages; submit to drug testing or as directed by the Court/Court Officer/Supervision Officer and pay a one time urinalysis fee of $20.00 ninety (90) days after being granted community supervision. An additional fee per urinalysis test will be charged by the Provider conducting the test.

[X] 3. Avoid places and persons of harmful or disreputable character, including those who engage in criminal activity or have a criminal record.

[X] 4. Obtain and keep gainful employment in a lawful occupation and show proof of employment. Notify the Supervision Officer of any changes within 48 hours. You will tender any and all financial documents as directed by the Court and/or the Supervision Officer.

[X] 5. Beginning 9/25/12 report to the Supervision Officer as directed by the Court/Supervision Officer and obey all rules and regulations of the Community Supervision and Corrections Department. You will conduct yourself in a proper and orderly manner during any office visit, field visit, or any other contact with any Supervision Officer or employee of the Bexar County Community Supervision and Corrections Department.

[X] 6. ___A. Permit the Supervision Officer, or his Assistants, to transport you as needed and to visit you in your home or elsewhere.
___B. You are subject to possible search of your person, residence or any vehicle, which you operate, occupy or possess at any time by any Supervision Officer, without prior notice or search warrant, to determine if you are in compliance with the conditions of community supervision. Any contraband found to be in your possession will be subject to confiscation and ultimately destroyed.
___C. You shall not possess any contraband in your home, vehicle, or on your person, including, but not limited to: prohibited or illegal weapons; controlled substances or illegal drugs, pornographic materials and obscene devices.

[X] 7. Remain within Bexar County, Texas, unless permitted in writing to depart by the Court and/or by the Supervision Officer.

[X] 8. Support your dependents.

[X] 9. A. Provide proof of residence and report any change of address to the Supervision Officer within 48 hours.
B. If you are arrested notify the Supervision Officer within 48 hours. If you are released from jail report to the Supervision Officer the next working day.

[X] 10. Pay the following, in one or several sums, through the Bexar County Community Supervision and Corrections Department, and/or Bexar County Collections Section as directed by the payment plan agreement and in any sum that the Court shall determine during the term of your community supervision until all fees have been paid in full.

[X] A. ADMINISTRATIVE FEE of $ 60 per month, each month, beginning 10/25/12 .

[X] B. COURT APPOINTED ATTORNEY FEE in the amount assessed by the Court, calculated into a monthly payment schedule, and TBD subject to increase with a new payment schedule based on subsequent court appearances related to this case. 10/25/12

[X] C. COURT COSTS/FINE of $ 1814 , at a rate of $ 40 each month, beginning 10/25/12 .

[ ] D. RESTITUTION of $ _____ , at a rate of $ _____ each month, beginning _____ .

[ ] E. SEX OFFENDER PUBLICATION FEE of $105.00 payable 90 days from publication date. Such amount will be paid each and every time a change of address is made.

[ ] F. SEXUAL ASSAULT PROGRAM FEE of $5.00 per month, under Texas CCP Chapter 42.12 Sec 19(e) sixty days after the granting of community supervision, beginning _____ .

[ ] G. CHILD ADVOCACY CENTER FEE in a one time payment of $50.00, payable by _____ .

[ ] H. BATTERED WOMEN'S SHELTER in a one time payment of $ _____ , payable by _____ .

[ ] I. FAMILY VIOLENCE SHELTER FEE of $ _____ , at a rate of $ _____ each day of the month, beginning _____ .

[X] J. CRIME STOPPERS PROGRAM FEE in a one time payment of $ 50 , payable by 11/25/12 .

[X] 11. You shall not purchase, receive possess, or transport any weapon, including but not limited to: a club, explosive weapon, firearm, ammunition, illegal knife, martial arts weapon, brass knuckles, or chemical dispensing device during your term of community supervision.

[X] 12. EXTRADITION: You will waive extradition to the State of Texas from any jurisdiction in or outside the United States where you may be found and also agree that you will not contest any effort by any jurisdiction to return you to the State of Texas.

[X] 13. You shall not operate a motor vehicle without a valid Texas Driver's License.

[X] 14. Provide a sample for DNA testing if required by law.

Modified 02/11/10 - Felony Conditions

EXHIBIT -4 NAME: Luis Jaramillo NO.: 2012-CR-2288

[X] 15. Beginning _____9/25/12_____, report to, apply for, provide documentation of attendance and comply with all rules, regulations, instructions and financial agreements, as directed by the Court and/or Supervision Officer and/or the head of or authorized personnel of this agency: Drug / Alcohol / Psychological / Sexual / Batterers/ Tuberculosis counseling treatment diagnostic evaluation, and/or intervention with:

[ ] A.  AIDS Awareness Program – See attached list.
[ ] B.  Adult Parent Family Child (APFC), 10615 Perrin Beitel, Ste. 601, San Antonio, Tx, Tel. 653-1304.
[ ] C.  Anger Management Classes – See attached list.
[ ] D.  Alcoholic Anonymous Meetings (AA) _____ times per week / months, Location to be determined by defendant, Tel. 828-6235.
[ ] E.  Alcoholic/Drug Screening Evaluation - See attached list.
[ ] F.  Alternative To Shoplifting Education (ATSE), - See attached list.
[ ] G.  Bexar County Antabuse Program, 230 E. Fredericksburg Rd, San Antonio, Tx, Tel. 224-4200.
[ ] H.  C.A.R.E. Counseling, 10221 Desert Sands, Ste. 211, San Antonio Tx., Tel. 834-7762.
[ ] I.  Center For Health Care Services (CFHCS), 3031 IH 10 West, San Antonio, Tx. Tel. 731-1320.
[ ] J.  Community Alliance for Traffic Safety (CATS) 7719 Pipers Lane, San Antonio, Tx. Tel. 681-8655
[ ] K.  Counseling Solutions (Ray Miller), 10615 Perrin-Beitel, Suite #403, San Antonio, Tx  508-0449 or 707-0758
[ ] L.  Drug Court Screening / Treatment Assessment.
[ ] M.  Elite Counseling Services, 410 S. Main, Ste. 201, San Antonio, Tx., Tel. 822-9493.
[ ] N.  Kilday Associates Counseling Program., 2929 Mossrock, Suite #11, San Antonio, Tx, Tel. 340-9443.
[ ] O.  Life Skills Program – See attached list.
[ ] P.  Lone Star Offender Treatment program – 12436 West Ave. Suite B, San Antonio, Tx 78216 Tel. 340-4447.
[ ] Q.  Marriage & Family Therapy Associates, 12315 Judson Rd., Suite 206, San Antonio, Tx, Tel. 967-9201.
[ ] R.  Mexican American Unity Council, 2300 W. Commerce, Suite, Ste.200, San Antonio, Tx, Tel. 978-0500.
[ ] S.  Narcotics Anonymous (NA), Location to be determined by defendant, Tel. 434-0665.
[ ] T.  Our Lady Of The Lake University Counseling Services, 590 N. General McMullen, San Antonio, Tx, Tel. 434-1054.
[ ] U.  Palmer Drug Abuse Program, - Location to be determined by Defendant, Tel. 227-2634.
[ ] V.  Parenting Classes – See attached list.
[ ] W.  Preferred Family Healthcare, 306 S. Flores, San Antonio, Tx. Tel. 224-7714.
[ ] X.  Professional Associates For Counseling & Evaluation (PACE), 5430 Fredericksburg Rd., Ste., 614, San Antonio, Tx, Tel. 340-2436.
[ ] Y.  San Antonio Metropolitan Health District, 814 McCullough, San Antonio, Tx, Tel. 207-8823.
[ ] Z.  Stress Education - See attached list.
[X] AA.  South Texas Offender Programs (STOP), 8820 Broadway, San Antonio, Tx, Tel. 826-8686.       *Anger Management Counseling.*
[ ] BB.  Texas Drug Offender Education Program (TDOEP),- See attached list.
[ ] CC.  Treatment Alternative To Incarceration Program (TAIP), 207 N. Comal, San Antonio, Tx, Tel. 335-0423
[ ] DD.  Violence Intervention Program (VIP), 7911 Broadway, San Antonio, Tx, Tel. 930-3669.
[ ] EE.  Wodkins, Reed & Associates, 11230 West Ave., Ste. 1105, San Antonio, Tx, Tel. 344-4475.

[ ] 16. FOR IN-PATIENT (RESIDENTIAL) TREATMENT REFERRALS: You will enter the following residential treatment program and will comply with all rules, regulations, instructions and financial agreements, as directed by the Court and/or Supervision Officer and/or the head of or authorized personnel of this agency:
[ ] A.  The Alpha Home, Tel. 735-3822.
[ ] B.  The Lifetime Recovery, Tel. 633-0201.
[ ] C.  The Patrician Movement, Tel. 534-4029.
[ ] D.  Substance Abuse Treatment Facility (SATF) You will participate in the Bexar County Community Supervision and Corrections Department's Substance Abuse Treatment Facility (SATF) Program for a minimum of_____ days/months or as directed by the Court. Upon successful completion of residential SATF, you will participate in the Aftercare Program for a minimum of 90 days.
[ ] E.  Zero Tolerance Violators Facility (I.S.F.-II) You will participate in the Bexar County Community Supervision and Correction Department's Zero Tolerance Facility Program for a minimum of _____days/months or as directed by the Court.
[ ] F.  Mentally Impaired Offenders Facility (MIOF) You will participate in the Bexar Community Supervision and Corrections Department Mentally Impaired Offenders Facility for a minimum of _____days/months or as directed by the Court.
[ ] G.  Substance Abuse Felony Punishment Facility (S.A.F.P.F.)
[ ] H.  Intermediate Sanction Facility (ISF) - The defendant shall serve a term of confinement and treatment in a State of TX Contracted Intermediate Sanction Facility (ISF) for a period of not less than 45 days or more than 120 days and the defendant shall cooperate with and complete all ISF program requirements and abide with all rules and regulations of said facility. It is the Court's Order that said defendant may be released in manner and on a date determined jointly by the ISF Director and the Director of the CSCD or their designees. Upon release the defendant is required to report to Bexar County CSCD on the same date of release or the very next business day.

[ ] 17.  Young Offender Program (Y.O.P.) You will report to, apply for, and will comply with all rules, regulations, instructions and financial agreements, as directed by the Court and/or Supervision Officer

39

Modified 02/11/10 - Felony Conditions

EXHIBIT-4    NAME: Luis Jaramillo    NO.: 2012 CR2288

[ ] 18.  **No Driving**
   A.  During the term of this community supervision, you will not operate a motor vehicle unless permission is obtained from the Court.
   B.  If during the course of this community supervision, you legally obtain an occupational license for employment purposes, you are instructed to immediately report this fact to the Court through the Bexar County Community Supervision and Corrections Department.
   C.  Further, during the course of your community supervision, if the Texas Department of Public Safety legally restores your driving privileges, you shall not operate a motor vehicle unless the vehicle is equipped with an approved ignition-interlocking device. The device shall remain installed on your personal motor vehicle(s), to include any and all vehicles belonging to a business entity you own or control for the duration of your community supervision, unless otherwise directed by the Court.
   D.  If you are required to operate a motor vehicle in the course of your employment, and the motor vehicle is owned by your employer and you have obtained an occupational license, you may operate that vehicle without installation of an approved ignition interlocking device, if your employer has been notified of this driving privilege restriction and proof of that notification is with the motor vehicle.

[ ] 19.  **Ignition Interlock** You will report to, apply for, and will comply with all rules, regulations, instructions and financial agreements, as directed by the Court and/or Supervision Officer and/or the head of or authorized personnel of this agency.

[ ] 20.  **Community Service Restitution** Perform _____ hours of Community Service Restitution, and provide proof as directed by the Court at the rate of_____hours per month. You will fully comply with all rules, regulations, and instructions as directed by the head or authorized personnel of that Agency.

[ ] 21.  **Electronic Monitoring (E.L.M.)** You will participate in the Bexar County Community Supervision and Corrections Department's Electronic Monitoring Program for a period of_____ days/months. You will comply with all rules, regulations, and instructions as directed by the Court and/or Bexar County Community Supervision and Corrections Department. You will pay a fee of $6.00 per day.

[ ] 22.  **General Curfew** You will be at your residence by _____ a.m./p.m. and remain there until _____ a.m./p.m., unless otherwise authorized by the Court and/or your Supervision Officer.

[ ] 23.  **Voice Program** Participate in the Violent Offenders Intervention Caseload and Enforcement Program (V.O.I.C.E.) and comply with all rules, regulations, instructions and any attached addendum as directed by the Court and/or the Supervision Officer. You will report weekly or at such time that may be scheduled by the Supervision Officer.

[ ] 24.  **Mentally Impaired Caseload** Participate in the Mentally Impaired Caseload and comply with all rules, regulations, instructions as directed by the Court and/or the Supervision Officer.
   a.  Will comply with all rules, regulations, instructions and personnel of the Center for Health Care Services and participate in Drug/ Alcohol / Psychological counseling, treatment, diagnostic evaluation and/or intervention as directed.
   b.  Will continue treatment with private psychiatrist and/or other mental health agency, including the Veterans Administration, and will provide verification of treatment attendance and medication compliance on a monthly basis.

[X] 25.  **Sex Offender Program** You will comply with all rules, regulations, instructions and any attached addendum as directed by the Court and/or Bexar County Community Supervision and Corrections Department. You will immediately register with the law enforcement agency for that jurisdiction.

[ ] 26.  **Intermediate Sanctions Program (ISP) or Gang Diversion Unit:**
   You shall be referred to the Intermediate Sanctions Program (ISP) / Gang Diversion Unit manager for evaluation to determine eligibility for placement with either the Intermediate Sanctions Program (ISP) or the Gang Diversion Unit and abide by the evaluation supervision placement.
   A.  You will submit to a period of supervision by the Gang Diversion Unit. You will comply with all conditions, terms, special instructions, program rules and any attached addendum as ordered by the Court and/or the Bexar County Community Supervision and Corrections Department. The defendant's progress will be reviewed on an annual basis to determine the progress and compliance with the conditions of probation as documented by the Gang Diversion Unit Supervision Officer. You will remain in Gang Diversion Supervision until documentation indicates compliance with conditions, terms, special instructions, program rules and any attached addendum of supervision reflects a positive, law abiding behavioral change.
   B.  You will submit to a period of supervision by the Intermediate Sanctions Program (ISP). You will comply with all conditions, terms, special instructions, program rules and any attached addendum as ordered by the Court and/or the Bexar County Community Supervision and Corrections Department. The defendant's progress will be reviewed on a bi-annual basis to determine the progress and compliance with the conditions of probation as documented by the Intermediate Sanctions Program (ISP) Supervision Officer. You will remain in Intermediate Sanctions Program (ISP) Supervision until documentation indicates compliance with conditions, terms, special instructions, program rules and any attached addendum of supervision reflects a positive, law abiding behavioral change.

[X] 27.  **No Contact Order**
   [X] A.  **General Order** You will neither contact nor attempt to contact _Nicole Marces._ nor any of his/her family members in person, verbally, telephonically, in writing or in any other manner, and should you find yourself inadvertently in contact with said individual, you will immediately leave and not threaten, assault, or verbally abuse him/her.
   [ ] B.  **Stalking**
      1.  You are prohibited from communicating in person, verbally, telephonically, in writing or in any other manner with the victim
      _____
      2.  You are prohibited to be within 500 feet of_____ residence, place of employment or the school of the victim's children.

   4) No H+F Contact w/ Alyssa Jaramillo or Aurora Navarro.

EXHIBIT-4 NAME: Luis Jaramillo NO.: 2012 CR 2288

[ ] C. **Gang Affiliation** You will neither contact nor attempt to contact _____ or any other gang, and should you find yourself inadvertently in contact with said individual/gang or any other gang, you will immediately leave and not threaten, assault, nor verbally abuse them.

[ ] 28. **Jail Time**
  [ ] A. The defendant will serve a term of imprisonment in the Bexar County Jail for _____days/months; this period of detention shall begin _____. If allowed to participate in the Work Release Program you will comply with all rules, regulations, and instructions as directed by the authorized personnel of this program.
  [ ] B. The defendant will serve a term of confinement in the State Jail Felony Facility for a period of _days/months/one year.
  [ ] C. The defendant will serve a term of confinement in the State Jail Felony Facility for a period of not less than 120 days and not more than 180 days; obey all rules and regulations of the State Jail until discharged; participate in the Substance Abuse Program at the State Jail upon availability; follow all guidelines and instructions until successfully discharged or until further ordered by the Court; and follow all aftercare recommendations. This term is to begin upon actual admission to the State Jail without credit for any time spent in the county jail.

[ ] 29. **Beginning** _____, you will report to your supervision officer on a weekly basis and submit to urinalysis until you are accepted into a specialized program as designated by Condition.

[ ] 30. **Education** You shall participate in the following educational or vocational program.
  [ ]Literacy          [ ]GED          [ ]Vocational training

[ ] 31. **Deportation**
  [ ] A. Report By Mail to the Bexar County Community Supervision and Corrections Department once a month or as directed by Court/Supervision Officer.
  [ ] B. You will immediately leave the United States of America either voluntarily or be deported by Constituted Legal Authority.
  [ ] C. You will not illegally re-enter the United States.
  [ ] D. If you legally enter the United States during the term of your probation, you will immediately report to and notify the Bexar County Community Supervision and Corrections Department and this Court; and upon so reporting, the conditions of community supervision will be amended to conform to the requirements of this court.

[ ] 32. Reside at Address: _____ City: _____, State: _____, County: _____ and not depart said County without the written permission from the Court.

[X] 33. Random UA's.

[X] 34. Zero Tolerance Probation.

[X] 35. Sex Offender Registration.

JUDGE PRESIDING

DATE 9/25/12

You are hereby advised that under the Laws of this State, the Court shall determine the Terms and Conditions of your Community Supervision and may at anytime during the period of your community supervision, alter or modify the terms and conditions of your community supervision. **The Court, Also, Has The Authority, At Any Time During The Period Of Your Community Supervision, To Revoke Same For Violation Of Any Of The Conditions Of Your Community Supervision Set Out Above.** The Court has placed you on community supervision, believing that if you sincerely try to obey and comply with the conditions of your community supervision, your attitude and conduct will improve to the benefit of the public and of yourself.

I acknowledge receipt of a copy of the Conditions of Community Supervision and attached addenda and fully understand same. **Conditions And Gun Control Act Were Explained, Conditions Fingerprinted, And Signed. I Also Acknowledge That I Must Report In Person Whether Or Not I Have The Money For Fees.**

I acknowledge receipt of a copy of the Conditions of Community Supervision and fully understand same.

DEFENDANT'S SIGNATURE UNDER DURESS

SUPERVISION OFFICER
Bexar County Community Supervision and Corrections Department
207 N Comal, San Antonio, Texas 78207
(210) 335-7200

Address:_____
City:_____ State:_____
Zip:_____ Phone:_____

**RIGHT THUMB PRINT**

41

Modified 02/11/10 - Felony Conditions

EXHIBIT - 4(A)

IN THE 290th JUDICIAL DISTRICT COURT OF BEXAR COUNTY, TEXAS

THE STATE OF TEXAS          NO. 2012CR2228
VS.
Luis Jaramillo          OFFENSE: Violation of Sex offender Registration - Annual

[X] REGULAR  [ ] DEFERRED ADJUDICATION  [ ] BOOT CAMP  [ ] SHOCK  [ ] RECOMMENDATION OF JURY
[ ] FELONY REDUCTION TO MISDEMEANOR  [ ] STATE JAIL FELONY

TERMS AND CONDITIONS OF COMMUNITY SUPERVISION

On the 18th day of March, A.D., 2014 you were placed on community supervision for a period of 7 month(s)/year(s) with the following terms and conditions as denoted below by (x) in left margin:

[ ] ORDER ALTERING AND AMENDING TERM AND/OR CONDITIONS OF COMMUNITY SUPERVISION

On the _____ day of _____, A.D., 20___, you were placed on community supervision for a period of _____ month(s)/year(s) with the following terms and conditions as denoted below by (x) in left margin:

[ ] A. All of your conditions will remain in full force and effect, and are altered and amended by the following changes or additional condition(s):
[ ] B. As an alternative to incarceration, the term of community supervision is extended_____month(s)/year(s) from _____until_____. (#_____Extension)

*************************************************************************************************************

[X] 1. Neither commit nor be convicted of any offense against the Laws of the State of Texas; or any other State or of the United States of America.
[X] 2. Avoid injurious or vicious habits and abstain from the illegal use of controlled substances, dangerous drugs, nor use alcoholic beverages; submit to drug testing or as directed by the Court/Court Officer/Supervision Officer and pay a one time urinalysis fee of $20.00 ninety (90) days after being granted community supervision. An additional fee per urinalysis test will be charged by the Provider conducting the test.
[X] 3. Avoid places and persons of harmful or disreputable character, including those who engage in criminal activity or have a criminal record.
[X] 4. Obtain and keep gainful employment in a lawful occupation and show proof of employment. Notify the Supervision Officer of any changes within 48 hours. You will tender any and all financial documents as directed by the Court and/or the Supervision Officer.
[X] 5. Beginning 3-18-2014 report to the Supervision Officer as directed by the Court/Supervision Officer and obey all rules and regulations of the Community Supervision and Corrections Department. You will conduct yourself in a proper and orderly manner during any office visit, field visit, or any other contact with any Supervision Officer or employee of the Bexar County Community Supervision and Corrections Department.
[X] 6. X A. Permit the Supervision Officer, or his Assistants, to transport you as needed and to visit you in your home or elsewhere.
     X B. You are subject to possible search of your person, residence or any vehicle, which you operate, occupy or possess at any time by any Supervision Officer, without prior notice or search warrant, to determine if you are in compliance with the conditions of community supervision. Any contraband found to be in your possession will be subject to confiscation and ultimately destroyed.
     X C. You shall not possess any contraband in your home, vehicle, or on your person, including, but not limited to: prohibited or illegal weapons, controlled substances or illegal drugs, pornographic materials and obscene devices.
[X] 7. Remain within Bexar County, Texas, unless permitted in writing to depart by the Court and/or by the Supervision Officer.
[X] 8. Support your dependents.
[X] 9. A. Provide proof of residence and report any change of address to the Supervision Officer within 48 hours.
     B. If you are arrested notify the Supervision Officer within 48 hours. If you are released from jail report to the Supervision Officer the next working day.
[X] 10. Pay the following, in one or several sums, through the Bexar County Community Supervision and Corrections Department, and/or Bexar County Collections Section as directed by the payment plan agreement and in any sum that the Court shall determine during the term of your community supervision until all fees have been paid in full.
[X] A. ADMINISTRATIVE FEE of $ 60 per month, each month, beginning _____.
[ ] B. COURT APPOINTED ATTORNEY FEE in the amount assessed by the Court, calculated into a monthly payment schedule, and subject to increase with a new payment schedule based on subsequent court appearances related to this case.
[X] C. COURT COSTS/FINE of $ TBD / 1500, at a rate of $_____ each month, beginning _____.
[ ] D. RESTITUTION of $_____, at a rate of $_____ each month, beginning _____.
[ ] E. SEX OFFENDER PUBLICATION FEE of $105.00 payable 90 days from publication date. Such amount will be paid each and every time a change of address is made.
[ ] F. SEXUAL ASSAULT PROGRAM FEE of $5.00 per month, under Texas CCP Chapter 42.12 Sec 19(e) sixty days after the granting of community supervision, beginning _____.
[ ] G. CHILD ADVOCACY CENTER FEE in a one time payment of $50.00, payable by _____.
[ ] H. BATTERED WOMEN'S SHELTER in a one time payment of $_____, payable by _____.
[ ] I. FAMILY VIOLENCE SHELTER FEE of $_____, at a rate of $_____ each day of the month, beginning _____.
[ ] J. CRIME STOPPERS PROGRAM FEE in a one time payment of $_____, payable by _____.

[X] 11. You shall not purchase, receive, possess, or transport any weapon, including but not limited to: a club, explosive weapon, firearm, ammunition, illegal knife, martial arts weapon, brass knuckles, or chemical dispensing device during your term of community supervision.
[X] 12. EXTRADITION: You will waive extradition to the State of Texas from any jurisdiction in or outside the United States where you may be found and also agree that you will not contest any effort by any jurisdiction to return you to the State of Texas.
[X] 13. You shall not operate a motor vehicle without a valid Texas Driver's License.
[X] 14. Provide a sample for DNA testing if required by law.

Page 1          Modified 02/11/10 - Felony Conditions.doc

EXHIBIT-4(A)
NAME: Luis Jaramillo     NO.: 2012CR222

[X] 15. Beginning _____, report to, apply for, provide documentation of attendance and comply with all rules, regulations, instructions and financial agreements, as directed by the Court and/or Supervision Officer and/or the head of or authorized personnel of this agency: Drug / Alcohol / Psychological / Sexual / Batterers/ Tuberculosis counseling, treatment, diagnostic evaluation, and/or intervention with:

[ ] A.   AIDS Awareness Program – See attached list.
[ ] B.   Adult Parent Family Child (APFC), 10615 Perrin Beitel, Ste. 601, San Antonio, Tx, Tel. 653-1304.
[X] C.   Anger Management Classes – See attached list.
[ ] D.   Alcoholic Anonymous Meetings (AA) _____ times per week / months, Location to be determined by defendant, Tel. 828-6235.
[ ] E.   Alcoholic/Drug Screening Evaluation - See attached list.
[ ] F.   Alternative To Shoplifting Education (ATSE), - See attached list.
[ ] G.   Bexar County Antabuse Program, 230 E. Fredericksburg Rd, San Antonio, Tx, Tel. 224-4200.
[ ] H.   C.A.R.E. Counseling, 10221 Desert Sands, Ste. 211, San Antonio Tx., Tel. 834-7762.
[ ] I.   Center For Health Care Services (CFHCS), 3031 IH 10 West, San Antonio, Tx. Tel. 731-1320.
[ ] J.   Community Alliance for Traffic Safety (CATS) 7719 Pipers Lane, San Antonio, Tx. Tel. 681-8655
[ ] K.   Counseling Solutions (Ray Miller), 10615 Perrin-Beitel, Suite #403, San Antonio, Tx  508-0449 or 707-0758
[ ] L.   Drug Court Screening / Treatment Assessment.
[ ] M.   Elite Counseling Services, 410 S. Main, Ste. 201, San Antonio, Tx., Tel. 822-9493.
[ ] N.   Kilday Associates Counseling Program., 2929 Mossrock, Suite #11, San Antonio, Tx, Tel. 340-9443.
[ ] O.   Life Skills Program – See attached list.
[ ] P.   Lone Star Offender Treatment program – 12436 West Ave. Suite B, San Antonio, Tx 78216 Tel. 340-4447.
[ ] Q.   Marriage & Family Therapy Associates, 12315 Judson Rd., Suite 206, San Antonio, Tx, Tel. 967-9201.
[ ] R.   Mexican American Unity Council, 2300 W. Commerce, Suite, Ste.200, San Antonio, Tx, Tel. 978-0500.
[ ] S.   Narcotics Anonymous (NA), Location to be determined by defendant, Tel. 434-0665.
[ ] T.   Our Lady Of The Lake University Counseling Services, 590 N. General McMullen, San Antonio, Tx, Tel. 434-1054.
[ ] U.   Palmer Drug Abuse Program, - Location to be determined by Defendant, Tel. 227-2634.
[ ] V.   Parenting Classes – See attached list.
[ ] W.   Preferred Family Healthcare, 306 S. Flores, San Antonio, Tx. Tel. 224-7714.
[ ] X.   Professional Associates For Counseling & Evaluation (PACE), 5430 Fredericksburg Rd., Ste., 614, San Antonio, Tx, Tel. 340-2436.
[ ] Y.   San Antonio Metropolitan Health District, 814 McCullough, San Antonio, Tx, Tel. 207-8823.
[ ] Z.   Stress Education - See attached list.
[ ] AA.  South Texas Offender Programs (STOP), 8820 Broadway, San Antonio, Tx, Tel. 826-8686.
[ ] BB.  Texas Drug Offender Education Program (TDOEP), - See attached list.
[ ] CC.  Treatment Alternative To Incarceration Program (TAIP), 207 N. Comal, San Antonio, Tx, Tel. 335-0423
[ ] DD.  Violence Intervention Program (VIP), 7911 Broadway, San Antonio, Tx, Tel. 930-3669.
[ ] EE.  Wodkins, Reed & Associates, 11230 West Ave., Ste. 1105, San Antonio, Tx, Tel. 344-4475.

[ ] 16. FOR IN-PATIENT (RESIDENTIAL) TREATMENT REFERRALS: You will enter the following residential treatment program and will comply with all rules, regulations, instructions and financial agreements, as directed by the Court and/or Supervision Officer and/or the head of or authorized personnel of this agency:

[ ] A.   The Alpha Home, Tel. 735-3822.
[ ] B.   The Lifetime Recovery, Tel. 633-0201.
[ ] C.   The Patrician Movement, Tel. 534-4029.
[ ] D.   Substance Abuse Treatment Facility (SATF) You will participate in the Bexar County Community Supervision and Corrections Department's Substance Abuse Treatment Facility (SATF) Program for a minimum of _____ days/months or as directed by the Court. Upon successful completion of residential SATF, you will participate in the Aftercare Program for a minimum of 90 days.
[ ] E.   Zero Tolerance Violators Facility (I.S.F.-II) You will participate in the Bexar County Community Supervision and Correction Department's Zero Tolerance Facility Program for a minimum of _____ days/months or as directed by the Court.
[ ] F.   Mentally Impaired Offenders Facility (MIOF) You will participate in the Bexar Community Supervision and Corrections Department Mentally Impaired Offenders Facility for a minimum of _____ days/months or as directed by the Court.
[ ] G.   Substance Abuse Felony Punishment Facility (S.A.F.P.F.)
[ ] H.   Intermediate Sanction Facility (ISF) - The defendant shall serve a term of confinement and treatment in a State of TX Contracted Intermediate Sanction Facility (ISF) for a period of not less than 45 days or more than 120 days and the defendant shall cooperate with and complete all ISF program requirements and abide with all rules and regulations of said facility. It is the Court's Order that said defendant may be released in manner and on a date determined jointly by the ISF Director and the Director of the CSCD or their designees. Upon release the defendant is required to report to Bexar County CSCD on the same date of release or the very next business day.

[ ] 17. Young Offender Program (Y.O.P.) You will report to, apply for, and will comply with all rules, regulations, instructions and financial agreements, as directed by the Court and/or Supervision Officer

126

EXHIBIT-4(A)
NAME Luis Jaramillo    NO.: 2012CR2208

[ ] 18. **No Driving**
    A. During the term of this community supervision, you will not operate a motor vehicle unless permission is obtained from the Court.
    B. If during the course of this community supervision, you legally obtain an occupational license for employment purposes, you are instructed to immediately report this fact to the Court through the Bexar County Community Supervision and Corrections Department.
    C. Further, during the course of your community supervision, if the Texas Department of Public Safety legally restores your driving privileges, you shall not operate a motor vehicle unless the vehicle is equipped with an approved ignition-interlocking device. The device shall remain installed on your personal motor vehicle(s), to include any and all vehicles belonging to a business entity you own or control for the duration of your community supervision, unless otherwise directed by the Court.
    D. If you are required to operate a motor vehicle in the course of your employment, and the motor vehicle is owned by your employer and you have obtained an occupational license, you may operate that vehicle without installation of an approved ignition interlocking device, if your employer has been notified of this driving privilege restriction and proof of that notification is with the motor vehicle.

[ ] 19. **Ignition Interlock** You will report to, apply for, and will comply with all rules, regulations, instructions and financial agreements, as directed by the Court and/or Supervision Officer and/or the head of or authorized personnel of this agency.

[ ] 20. **Community Service Restitution** Perform _____ hours of Community Service Restitution, and provide proof as directed by the Court at the rate of_____hours per month. You will fully comply with all rules, regulations, and instructions as directed by the head or authorized personnel of that Agency.

[ ] 21. **Electronic Monitoring (E.L.M.)** You will participate in the Bexar County Community Supervision and Corrections Department's Electronic Monitoring Program for a period of _____ days/months. You will comply with all rules, regulations, and instructions as directed by the Court and/or Bexar County Community Supervision and Corrections Department. You will pay a fee of $6.00 per day.

[ ] 22. **General Curfew** You will be at your residence by _____ a.m./p.m. and remain there until _____ a.m./p.m., unless otherwise authorized by the Court and/or your Supervision Officer.

[ ] 23. **Voice Program** Participate in the Violent Offenders Intervention Caseload and Enforcement Program (V.O.I.C.E.) and comply with all rules, regulations, instructions and any attached addendum as directed by the Court and/or the Supervision Officer. You will report weekly or at such time that may be scheduled by the Supervision Officer.

[ ] 24. **Mentally Impaired Caseload** Participate in the Mentally Impaired Caseload and comply with all rules, regulations, instructions as directed by the Court and/or the Supervision Officer.
    a. Will comply with all rules, regulations, instructions and personnel of the Center for Health Care Services and participate in Drug/ Alcohol / Psychological counseling, treatment, diagnostic evaluation and/or intervention as directed.
    b. Will continue treatment with private psychiatrist and/or other mental health agency, including the Veterans Administration, and will provide verification of treatment attendance and medication compliance on a monthly basis.

[X] 25. **Sex Offender Program** You will comply with all rules, regulations, instructions and any attached addendum as directed by the Court and/or Bexar County Community Supervision and Corrections Department. You will immediately register with the law enforcement agency for that jurisdiction.

[ ] 26. **Intermediate Sanctions Program (ISP) or Gang Diversion Unit:**
You shall be referred to the Intermediate Sanctions Program (ISP) / Gang Diversion Unit manager for evaluation to determine eligibility for placement with either the Intermediate Sanctions Program (ISP) or the Gang Diversion Unit and abide by the evaluation supervision placement.
    A. You will submit to a period of supervision by the Gang Diversion Unit. You will comply with all conditions, terms, special instructions, program rules and any attached addendum as ordered by the Court and/or the Bexar County Community Supervision and Corrections Department. The defendant's progress will be reviewed on an annual basis to determine the progress and compliance with the conditions of probation as documented by the Gang Diversion Unit Supervision Officer. You will remain in Gang Diversion Supervision until documentation indicates compliance with conditions, terms, special instructions, program rules and any attached addendum of supervision reflects a positive, law abiding behavioral change.
    B. You will submit to a period of supervision by the Intermediate Sanctions Program (ISP). You will comply with all conditions, terms, special instructions, program rules and any attached addendum as ordered by the Court and/or the Bexar County Community Supervision and Corrections Department. The defendant's progress will be reviewed on a bi-annual basis to determine the progress and compliance with the conditions of probation as documented by the Intermediate Sanctions Program (ISP) Supervision Officer. You will remain in Intermediate Sanctions Program (ISP) Supervision until documentation indicates compliance with conditions, terms, special instructions, program rules and any attached addendum of supervision reflects a positive, law abiding behavioral change.

[X] 27. **No Contact Order**
    [X] A. **General Order** You will neither contact nor attempt to contact _Nicole Marcus_ nor any of his/her family members in person, verbally, telephonically, in writing or in any other manner, and should you find yourself inadvertently in contact with said individual, you will immediately leave and not threaten, assault, or verbally abuse him/her.
    [ ] B. **Stalking**
       1. You are prohibited from communicating in person, verbally, telephonically, in writing or in any other manner with the victim
       _____
       2. You are prohibited to be within 500 feet of _____ residence, place of employment or the school of the victim's children.

127

EXHIBIT-4 (A)

NAME: Luis Jaramillo    NO.: 2012CR0228

[ ] G. **Gang Affiliation** You will neither contact nor attempt to contact _____ or any other gang, and should you find yourself inadvertently in contact with said individual/gang or any other gang, you will immediately leave and not threaten, assault, nor verbally abuse them.

[ ] 28. **Jail Time**
  [ ] A. The defendant will serve a term of imprisonment in the Bexar County Jail for _____ days/months; this period of detention shall begin _____. If allowed to participate in the Work Release Program you will comply with all rules, regulations, and instructions as directed by the authorized personnel of this program.
  [ ] B. The defendant will serve a term of confinement in the State Jail Felony Facility for a period of _ days/months/one year.
  [ ] C. The defendant will serve a term of confinement in the State Jail Felony Facility for a period of not less than 120 days and not more than 180 days; obey all rules and regulations of the State Jail until discharged; participate in the Substance Abuse Program at the State Jail upon availability; follow all guidelines and instructions until successfully discharged or until further ordered by the Court; and follow all aftercare recommendations. This term is to begin upon actual admission to the State Jail without credit for any time spent in the county jail.

[ ] 29. Beginning _____, you will report to your supervision officer on a weekly basis and submit to urinalysis until you are accepted into a specialized program as designated by Condition.

[ ] 30. **Education** You shall participate in the following educational or vocational program.
  [ ]Literacy      [ ]GED      [ ]Vocational training

[ ] 31. **Deportation**
  [ ] A. Report By Mail to the Bexar County Community Supervision and Corrections Department once a month or as directed by Court/Supervision Officer.
  [ ] B. You will immediately leave the United States of America either voluntarily or be deported by Constituted Legal Authority.
  [ ] C. You will not illegally re-enter the United States.
  [ ] D. If you legally enter the United States during the term of your probation, you will immediately report to and notify the Bexar County Community Supervision and Corrections Department and this Court; and upon so reporting, the conditions of community supervision will be amended to conform to the requirements of this court.

[ ] 32. Reside at Address: _____ City: _____, State: _____, County: _____ and not depart said County without the written permission from the Court.

33. No HOT Contact with Alyssa Jaramillo and Aurora Navarro

34. Zero Tolerance Probation

JUDGE PRESIDING

DATE 3-18-14

You are hereby advised that under the Laws of this State, the Court shall determine the Terms and Conditions of your Community Supervision and may at anytime during the period of your community supervision, alter or modify the terms and conditions of your community supervision. The Court, Also, Has The Authority, At Any Time During The Period Of Your Community Supervision, To Revoke Same For Violation Of Any Of The Conditions Of Your Community Supervision Set Out Above. The Court has placed you on community supervision, believing that if you sincerely try to obey and comply with the conditions of your community supervision, your attitude and conduct will improve to the benefit of the public and of yourself.

I acknowledge receipt of a copy of the Conditions of Community Supervision and attached addenda and fully understand same. Conditions And Gun Control Act Were Explained, Conditions Fingerprinted, And Signed. I Also Acknowledge That I Must Report In Person Whether Or Not I Have The Money For Fees.

I acknowledge receipt of a copy of the Conditions of Community Supervision and fully understand same.

Luis Jaramillo
DEFENDANT'S SIGNATURE
Under Duress

SUPERVISION OFFICER
Bexar County Community Supervision and Corrections Department
207 N Comal, San Antonio, Texas 78207
(210) 335-7200

Address: 6607 SpringGarden
City: San Antonio    State: TX
Zip: 78249    Phone: 210-281-5515

**RIGHT THUMB PRINT**

128

**EXHIBIT-5**



CAUSE # 2012CR2228

| THE STATE OF TEXAS | § | IN THE 290TH DISTRICT COURT |
|---|---|---|
| | § | |
| VS. | § | OF |
| | § | |
| **LUIS JARAMILLO JR** | § | BEXAR COUNTY, TEXAS |

FILED
_____ O'CLOCK _____ M
MAY 1 6 2014
DONNA KAY McKINNEY
District Clerk, Bexar County, Texas
BY_____ DEPUTY

## MOTION TO REVOKE COMMUNITY SUPERVISION
### (ADULT PROBATION)

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Criminal District Attorney of Bexar County, Texas and would show the Court that the Defendant in the above styled and numbered cause was found guilty of the offense of SEX OFFENDERS DUTY TO REGISTER LIFE/ANNUALLY, and was placed on probation by the Court on the 18th day of March, 2014, for a term of 7 Years under the provisions of the Adult Probation and Parole Law as reflected by said Judgment entered herein;

That thereafter, during the term of said probation, the Defendant violated the terms and conditions therein in the following particulars, to-wit:

VIOLATED CONDITION NO. 5: On or about the 13th day of May, 2014, in Bexar County, Texas, the defendant, Luis Jaramillo Jr., did then and there fail to conduct himself in a proper and orderly manner when communicating by phone to the Supervision Officer at the Bexar County Community Supervision and Corrections Department, in that defendant repeatedly used profanity and disrespectful language, in violation of Condition No. 5.

VIOLATED CONDITION NO. 13: On or about the 2nd day of May, 2014, in Bexar County, Texas, the defendant, Luis Jaramillo Jr., did then and there operate a motor vehicle without a valid Texas Driver's License, in violation of Condition No. 13.

VIOLATED CONDITION NO. 25 G: On or about the 5th day of May, 2014, in Bexar County, Texas, the defendant, Luis Jaramillo Jr., did then and there fail to comply with the instructions of the Bexar County Community Supervision and Corrections Department Sex Offender Program, in that the defendant was found in possession of a sexually oriented device (penis enlargement pump), in violation of Condition No. 25G.

VIOLATED CONDITION NO. 25 I (A): On or about the 5th day of May, 2014, in Bexar County, Texas, the defendant, Luis Jaramillo Jr., did then and there fail to comply with the instructions of the Bexar County Community Supervision and Corrections Department Sex Offender Program, in that the defendant was found in possession of an unmonitored computer, in violation of Condition No. 25 I (A)

WARRANT ISSUED ANC 5/16/14

150

EXHIBIT-5

Cause: 2012CR2228          Name: Luis Jaramillo Jr          MTA Page 2 of 2

THE STATE OF TEXAS § IN THE 290TH DISTRICT COURT

§

VS. § OF

§

**LUIS JARAMILLO JR** § BEXAR COUNTY, TEXAS

Premises considered, therefore, the Criminal District Attorney, Bexar County, Texas, moves the Court to cause a warrant to be issued for arrest of said defendant, and that upon his arrest hearing be held and probation revoked in this cause, as the evidence and judgment of the Court thereon may warrant.

DATE: 5/16 2014

_____
Assistant Criminal District Attorney
Bexar County, Texas

## ORDER

The Clerk will issue capias for arrest of the Defendant in the above styled and numbered cause, directing that he be held to answer instanter to this Court for violation of the terms and conditions of his probation herein.

DATE: 5-16 20 14

_____
HONORABLE MELISA SKINNER
290TH DISTRICT COURT
BEXAR COUNTY, TEXAS





## No. 2012CR2228     COUNT
### INCIDENT No / TRN: 9110866396

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 290TH DISTRICT |
| | § | |
| VS. | § | COURT |
| | § | |
| LUIS JARAMILLO | § | BEXAR COUNTY, TEXAS |
| | § | |
| STATE ID No.: TX6100371 | § | |

## JUDGMENT REVOKING COMMUNITY SUPERVISION

| Judge Presiding: | HON. MELISA C SKINNER | Date Judgment Entered: | 11-13-2014 |
|---|---|---|---|
| Appearances: Attorney for State: | DEREK B HILLEY CHRISTOPHER WILLIAM DEMARTINO | Attorney for Defendant: | VINCENT DENNIS CALLAHAN |

| Date of Original Community Supervision Order: 09-25-2012 | Statute for Offense: CH 62 TCCP PC |
|---|---|

Offense for which Defendant Convicted:

**VIOL SEX OFFENDER REG - ANNUAL**

| Date of Offense: 08-21-2011 | Conditions Violated: #5 AS SET OUT IN THE STATE'S MOTION TO REVOKE. | |
|---|---|---|
| Degree of Offense: 3RD | Plea to Motion to Revoke: TRUE Finding Of Court: TRUE | Findings on Deadly Weapon: |

Original Punishment Assessed: **10 YRS TDCJ-ID**

**FINE: $ 1,500.00**

| Shock Community Supervision: | |
|---|---|
| N/A        FINE: $ N/A | |

| Date Sentence Imposed:   11-13-2014 | Date Sentence to Commence:   11-13-2014 |
|---|---|

| Punishment and Place of Confinement: | 10 YRS TDCJ-ID AND A FINE OF $ 1,500.00 IMPRISONED (INSTITUTIONAL DIVISION): |
|---|---|

**THIS SENTENCE SHALL RUN CONCURRENTLY UNLESS OTHERWISE SPECIFIED.**

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ 1,500.00 | 1,164.00 | $   0.00 | ☐ VICTIM (see below)   ☐ AGENCY/AGENT (see below) |

### IS ORIGINAL JUDGMENT / SENTENCE REFORMED? YES ☐   NO ☒

☐ In accordance with Section 12.44(a) Penal Code, the Court finds that the ends of justice would best be served by punishment as a Class A misdemeanor. Defendant is adjudged to be guilty of a state jail felony and is assessed punishment indicated above.

Sex Offender Registration Requirements do apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62
The age of the victim at the time of the offense was

| Time Credited: | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. | | | | |
|---|---|---|---|---|---|
| | From: 01/06/2012 | To: 01/10/2012 | From: 03/15/2014 To: 03/20/2014 | From: 04/09/2014 | To: 04/30/2014 |
| | From: 05/19/2014 | To: 07/27/2014 | From: 08/14/2014 To: 08/25/2014 | From: 10/08/2014 | To: 10/09/2014 |
| | From: 11/12/2014 | To: 11/13/2014 | From: To: | From: | To: |

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**NOTES: N/A**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called in Bexar County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

EXHIBIT-7

200 N. Comal, MT-01
San Antonio, Texas 78207-3505
UniversityHealthSystem.com/detention-health

Phone: (210) 335-6260
Fax: (210) 335-6193

 

**University Health System** | Health Care Services

FILED
____O'CLOCK____M
JUL 2 2 2014
District Clerk Bexar County, Texas
BY_____
DEPUTY

7/21/2014

INVOICE NO: 577294C0

Bill to:   Ms. Kim Reyes-Ellis
           Criminal Law Magistrate
           Bexar County Courthouse    CRT
           100 Dolorosa
           San Antonio, Texas 78205

### PSYCHIATRIC EVALUATION:

State of Texas vs. Luis Jaramillo, SID#: 577294
Cause No.:   DC2012CR2228 CC443443
Judicial District Court 290th
COMPETENCY Examination

### AMOUNT BILLED: $ 400

FOR TAX PURPOSES: UNIVERSITY HEALTH SYSTEM FEDERAL TAX
ID# 1-74-6002164-9

**Make check payable to:**
**Detention Health Care Services**
**Department Number: 501997**
**Remit Payment To:**

**Detention Health Care Services**
**P.O. Box 2097**
**San Antonio, Texas 78297-2097**

JUL 2 9 2014          ☑ APPROVED

Submitted by:

Martha Gutierrez
Administrative Assistant

cc:   billing file

**PLEASE CITE INVOICE NUMBER AND DEFENDANT'S NAME ON
ANY PAYMENTS MADE.**

154

EXHIBIT-7



# AGREED
# JUDGMENT OF INCOMPETENCY
## 2012CR2228

| THE STATE OF TEXAS |  | IN THE DISTRICT COURT |
|---|---|---|
| VS: | | 290TH JUDICIAL DISTRICT |
| LUIS JARAMILLO | | BEXAR COUNTY, TEXAS |

On this the **14TH** Day of **AUGUST** A.D. **2014**, came to be heard the issue of the Defendant's incompetency to stand trial under chapter 46b. C.C.P.; The accused person **APPEARED IN PERSON,** and appearance was made by **HIS/HER** attorney of record **KEITH ENGELKE** and the State of Texas acting through her Assistant District Attorney of Bexar County, Texas, **BRITTANY MITCHELL.** The State and Defense announced ready for trial.

Neither party requested a jury trial on t he issue of incompetency; neither party opposed a finding of incompetency; nor did the court determine on its own motion that a hearing was necessary to determine incompetency.

Having found that there is evidence to support a finding of incompetency to stand trial pursuant to **46B. 005(c) C.C.P.,** the Court and each party agreed that the Defendant is incompetent to stand trial at the present time pursuant to **46B.054.(c) C.C.P.**

The Court then considered the medical report of **DR. SERGIO OROZCO PhD.,** Having duly considered same, the Court finds that the defendant is: **INCOMPETENT TO STAND TRIAL AT THE PRESENT TIME**; is likely to attain competency in the foreseeable future.

Having so found, it is therefore **ORDERED, ADJUDGED AND DECREED, AS FOLLOWS:**

The Defendant **LUIS JARAMILLO,** in accordance with Article **46B. 073 C.C.P.** is Ordered committed to the **TEXAS DEPARTMENT OF HEALTHCARE SERVICES** and is hereby placed in the custody of the Sheriff of Bexar County, Texas for transportation to the **TEXAS DEPARTMENT OF STATE HEALTH SERVICES** as herein above designated to be confined there for a period not to exceed **ONE HUNDRED TWENTY (120) DAYS** for further examination and treatment toward the specific objective of attaining competency to stand trial.

It is further **ORDERED** that a transcript of all medical testimony adduced upon the trial of this case shall be forthwith prepared by the Official Court Reporter of this Court and such transcript shall be sent to the **TEXAS DEPARTMENT OF STATE HEALTH SERVICES,** this defendant will be an **INPATIENT.**

SIGNED, ENTERED AND ORDERED this **14TH** Day of **AUGUST** A.D., **2014**.

**ANDREW W. CARRUTHERS**
**CRIMINAL LAW MAGISTRATE**
**BEXAR COUNTY, TEXAS**

155

EXHIBIT-8

 

## JUDGMENT OF RESTORATION OF COMPETENCY
## BY COURT UPON RECEIPT OF WRITTEN NOTICE
## OF THE SUPERINTENDENT OF
## SAN ANTONIO STATE HOSPITAL

### 2012CR2228

| | |
|---|---|
| THE STATE OF TEXAS | IN THE DISTRICT COURT |
| VS. | 290TH JUDICIAL DISTRICT |
| LUIS JARAMILLO | BEXAR COUNTY, TEXAS |

On this **9TH Day** of **OCTOBER** A.D. **2014** in the above styled and numbered cause, the court was informed in writing by the Superintendent of **SAN ANTONIO STATE HOSPITAL** the said **LUIS JARAMILLO**, the defendant, is now **COMPETENT TO STAND TRIAL**.

Accordingly, on this the **9TH Day** of **OCTOBER** A.D. **2014** the above entitled and numbered cause was called for the purpose of a hearing to determine the present competency of the defendant. The State of Texas by her Assistant Criminal District Attorney **JOSHUA SANDOVAL** and the defendant, **LUIS JARAMILLO,** appeared in person and appearance was made by **HIS/HER** counsel, **KEITH ENGELKE.**

The defendant in open Court and in writing waived his right of trial by jury and agreed with the State that the issue of competency to stand trial be submitted to and decided by the court without the intervention of a jury, in accordance with the provisions of **CHAPTER 46B;** Code of Criminal Procedure. The said waiver and agreement were approved and accepted by the Court, entered of record in the minutes of the Court and ordered filed in the papers of this case. The case proceeded to trial before the Court without the intervention of a jury. The Court, having heard the evidence which was submitted and the argument of counsel, and having duly considered the same, finds that the defendant is **NOW MENTALLY COMPETENT TO STAND TRIAL** as of this **9TH Day** of **OCTOBER, A.D. 2014.**

It is therefore **ORDERED, ADJUDGED AND DECREED** by the Court that the defendant, **LUIS JARAMILLO**, is **NOW MENTALLY COMPETENT TO STAND TRIAL** as of this **9TH** Day of **OCTOBER, A.D. 2014** AND **IT IS FURTHER ORDERED** that the Criminal Assignment Clerk of Bexar County, Texas do forthwith set said cause on the docket of this Court for trial on the merits.

SIGNED, ENTERED AND ORDERED this **9TH DAY** of **OCTOBER, A.D., 2014.**

ANDREW W. CARRUTHERS
CRIMINAL LAW MAGISTRATE
BEXAR COUNTY, TEXAS

EXHIBIT-8

**LIFT HOLD**
**2012CR2228**

SID # 577294                                                    JUD# 1502315
THE STATE OF TEXAS                                    IN THE DISTRICT COURT
VS                                                                  290TH JUDICIAL DISTRICT
LUIS JARAMILLO                                          BEXAR COUNTY, TEXAS


TO THE SHERIFF OF BEXAR COUNTY, TEXAS: GREETINGS:

By O R D E R of the Court on __OCTOBER9TH, 2014__ the following action is Directed on the above
Named defendant: LUIS JARAMILLO          Sid# 577294


This is your AUTHORITY to release the HOLD on

The defendant from the following hospital:

- CENTER FOR HEALTH CARE SERVICES
- KERRVILLE STATE HOSPITAL

# XXXX- SAN ANTONIO STATE HOSPITAL
- BIG SPRING STATE HOSPITAL
- RUSK STATE HOSPITAL
- MEXIA STATE SCHOOL.


ORDERED this __9TH__ Day of __OCTOBER, 2014__.



ANDREW W. CARRUTHERS
CRIMINAL LAW MAGISTRATE
BEXAR COUNTY, TEXAS


Witness my hand and Seal of Office at San Antonio, Texas this __9TH__ Day of __OCTOBER, 2014__.


DONNA KAY MCKINNEY
BEXAR COUNTY DISTRICT CLERK
BY:
JENNIFER RIOJAS, DEPUTY DISTRICT CLERK

156

# EXHIBIT-8



## SPECIAL CONDITIONS OF RELEASE ON BOND

**THE STATE OF TEXAS**                                                      **COUNTY OF BEXAR**

**NAME** **LUIS JARAMILLO** **SID:** <u>577294</u>                    **CRT**

**CHARGE: VIOL SEX OFFENDER REG-ANNU, SILENT/ABUSE CALLS 911-RPT**

**CASE:** <u>2012CR2228, CC443443</u>

### IS HEREBY ORDERED TO BE RELEASED ON BOND WITH THE FOLLOWING SPECIAL CONDITIONS

☐ 1) **GLOBAL POSITIONING SYSTEM (GPS)**: Principal will submit to: "full house arrest" unless otherwise specified: *Offender Paid*
    ☐ FULL HOUSE ARREST    ☐ PARTIAL HOUSE ARREST: Employment and/or school approved upon verification.

    ☐ GPS RESTRICTED AREAS:_____

☐ 2) **ELECTRONIC MONITORING (ELM)**: Principal will submit to: "full house arrest" unless otherwise specified. *Offender Paid*
    ☐ FULL HOUSE ARREST    ☐ PARTIAL HOUSE ARREST: Employment/and or school approved only upon verification.

☐ 3) **CONDITION OF NO CONTACT**: Principal will not communicate directly or indirectly with Name of Person(s):

_____

☐ 4) **CONDITION OF NO HARMFUL OR INJURIOUS CONTACT (NO HOI)**: Principal will not harm or injure:

    Name of Person(s):_____

☐ 5) **AGGRESSION CONTROL CLASSES**: Principal is ordered to attend aggression control classes at_____.

☐ 6) **MOTOR VEHICLE IGNITION INTERLOCK**: Principal will enroll and install within thirty (30) days of release from custody with an Ignition Interlock vendor. *Offender Paid.*

☐ 7) **SCRAM (Secure Continuous Remote Alcohol Monitor)** Principal will install SCRAM device upon release. *Offender Paid*

☐ 8) **IN-HOM ALCOHOL TESTING UNIT**: Principal will enroll and install upon release from custody with vendor(s). *Offender Paid*

☑ 9) **SPECIAL NEEDS UNIT/C.H.C.S. Treatment & Follow up as required**: Principal will submit to treatment inclusive of drug/alcohol testing.

☐ 10) **SUBSTANCE ABUSE TREATMENT**: Principal will submit to treatment inclusive of drug/alcohol testing. Treatment Agency placement is Determined upon assessment unless otherwise directed.
    OUTPATIENT:_____
    RESIDENTIAL:_____

☑ 11) **DRUG/ALCOHOL TESTING**: Principal will submit to random / weekly testing. *Offender Paid*

☐ 12) **OTHER:**_____

Principal will comply with the above Special condition(s) under the supervision of the **BEXAR COUNTY PRETRIAL SERVICES OFFICE** at **600 N. LEONA, SAN ANTONIO, TX 78207.**

Signed this_____ day of _____2014, _____
                              **PRINCIPAL**

Ordered this _9TH_ day of _OCTOBER_2014, _____
                              **JUDGE/MAGISTRATE**

Executed this _____day of _____2014, _____
                              **OFFICER**

**\*\*CONDITIONS 1,2, &10 MAY TAKE MORE TIME IN RELEASING DEFENDANT FROM CUSTODY. DUE TO CRITERIA REQUIREMENTS.**

157

EXHIBIT-8



THE STATE OF TEXAS
VS.
LUIS JARAMILLO

IN THE DISTRICT/COUNTY COURT
290TH JUDICIAL DISTRICT/AT LAW #1
BEXAR COUNTY, TEXAS

## JURY WAIVER, WAIVER OF RIGHT TO CROSS-EXAMINE & CONFRONT WITNESSES AND AGREEMENT

THE DEFENDANT HAS PREVIOUSLY BEEN FOUND INCOMPETENT TO STAND TRIAL IN THE ABOVE REFERENCED CAUSE. A HEARING ON THE NEED FOR COURT-ORDERED MENTAL HEALTH/RETARDATION SERVICES HAS BEEN ORDERED. THE DEFENDANT HAS HAD HIS CONSTITUTIONAL RIGHTS EXPLAINED TO HIM.

THE DEFENDANT HEREBY WAIVES A JURY. THE DEFENDANT AGREES THAT THE ISSUES OF MENTAL ILLNESS/RETARDATION AND THE NEED FOR COURT-ORDERED MENTAL HEALTH/RETARDATION SERVICES BE SUBMITTED TO AND DETERMINED BY THE COURT WITHOUT THE INTERVENTION OF A JURY.

_____                    _____
DEFENDANT                                    ATTORNEY FOR DEFENDANT

_____
ATTORNEY FOR THE STATE

SUBSCRIBED AND SWORN TO BEFORE ME THIS **9TH** DAY OF **OCTOBER** A.D. **2014**.

_____
DEPUTY DISTRICT CLERK

THE FOREGOING WAIVERS AND AGREEMENT ARE ACCEPTED AND APPROVED BY THE COURT THIS **9TH DAY** OF **OCTOBER 2014**. IT IS ORDERED TO BE ENTERED OF RECORD IN THE MINUTES OF THE COURT AND THAT THIS INSTRUMENT IS FILED IN THE PAPERS OF THIS CAUSE.

_____
ANDREW W. CARRUTHERS
CRIMINAL LAW MAGISTRATE
BEXAR COUNTY, TEXAS

FILED
_____ O'CLOCK _____ M

OCT 09 2014

District Clerk Bexar County, Texas
BY_____ DEPUTY

158

EXHIBIT-9



## CAUSE # 2012CR2228

| THE STATE OF TEXAS | § | IN THE 290TH DISTRICT COURT |
|---|---|---|
| | § | |
| VS. | § | OF |
| | § | |
| LUIS JARAMILLO JR | § | BEXAR COUNTY, TEXAS |

First AMENDED
### MOTION TO REVOKE COMMUNITY SUPERVISION
### (ADULT PROBATION)

TO THE JUDGE OF SAID COURT:

Now comes the Criminal District Attorney of Bexar County, Texas and would show the Court that the Defendant in the above styled and numbered cause was found guilty of the offense of SEX OFFENDERS DUTY TO REGISTER LIFE/ANNUALLY, and was placed on probation by the Court on the 18th day of March, 2014, for a term of 7 Years under the provisions of the Adult Probation and Parole Law as reflected by said Judgment entered herein;

That thereafter, during the term of said probation, the Defendant violated the terms and conditions therein in the following particulars, to-wit:

*A Motion to Revoke Probation of this Defendant was filed in this Court on May 13, 2014 and the following violations are set herein:*

VIOLATED CONDITION NO. 5: On or about the 13th day of May, 2014, in Bexar County, Texas, the defendant, Luis Jaramillo Jr., did then and there fail to conduct himself in a proper and orderly manner when communicating by phone to the Supervision Officer at the Bexar County Community Supervision and Corrections Department, in that defendant repeatedly used profanity and disrespectful language, in violation of Condition No. 5.

VIOLATED CONDITION NO. 13: On or about the 2nd day of May, 2014, in Bexar County, Texas, the defendant, Luis Jaramillo Jr., did then and there operate a motor vehicle without a valid Texas Driver's License, in violation of Condition No. 13.

VIOLATED CONDITION NO. 25 G: On or about the 5th day of May, 2014, in Bexar County, Texas, the defendant, Luis Jaramillo Jr., did then and there fail to comply with the instructions of the Bexar County Community Supervision and Corrections Department Sex Offender Program, in that the defendant was found in possession of a sexually oriented device (penis enlargement pump), in violation of Condition No. 25G.

WARRANT ISSUED
ANC
11/10/14

EXHIBIT-9

Name: Luis Jaramillo Jr          Cause: 2012CR2228          2/3

## CAUSE # 2012CR2228

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 290TH DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| **LUIS JARAMILLO JR** | § | BEXAR COUNTY, TEXAS |

VIOLATED CONDITION NO. 25 I (A): On or about the 5th day of May, 2014, in Bexar County, Texas, the defendant, Luis Jaramillo Jr., did then and there fail to comply with the instructions of the Bexar County Community Supervision and Corrections Department Sex Offender Program, in that the defendant was found in possession of an unmonitored computer, in violation of Condition No. 25 I (A)

*This **First Amended** Motion to Revoke Probation is filed to add the following violations:*

VIOLATED CONDITION NO. 5: In Bexar County, Texas, the defendant, Luis Jaramillo, did then and there fail to report to the Supervision Officer, in person weekly for the week of October 13, 2014, in violation of Condition No. 5.

VIOLATED CONDITION NO. 5: In Bexar County, Texas, the defendant, Luis Jaramillo, did then and there fail to report to the Supervision Officer, in person weekly for the week of October 20, 2014, in violation of Condition No. 5.

VIOLATED CONDITION NO. 5: In Bexar County, Texas, the defendant, Luis Jaramillo, did then and there fail to report to the Supervision Officer, in person weekly for the week of October 27, 2014, in violation of Condition No. 5.

VIOLATED CONDITIONS NO 9 A: Defendant as of 10/9/14 has not provided proof of Residence and report any changes of address to the Supervision Officer within 48 hours of his release from San Antonio State Hospital.

VIOLATED CONDITION NO.25 A: On or about the 17th day October , 2014, in Bexar County, Texas, the defendant, Luis Jaramillo, did then and there fail to comply with the instructions of the Bexar County Community Supervision and Corrections Department Sex Offender Program, in that the defendant failed to report to the appropriate supervision law enforcement agency and register with that agency pursuant to Texas CCP Chapter 62, in violation of Condition No. 25 A.

EXHIBIT-9

Name: Luis Jaramillo Jr                    Cause: 2012CR2228                    **3/3**

## CAUSE # 2012CR2228

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 290TH DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| **LUIS JARAMILLO JR** | § | BEXAR COUNTY, TEXAS |

Premises considered, therefore, the Criminal District Attorney, Bexar County, Texas, moves the Court to cause a warrant to be issued for arrest of said defendant, and that upon his arrest hearing be held and probation revoked in this cause, as the evidence and judgment of the Court thereon may warrant.

DATE: 11-7-14

_____
Assistant Criminal District Attorney
Bexar County, Texas

## ORDER

The Clerk will issue capias for arrest of the Defendant in the above styled and numbered cause, directing that he be held to answer instanter to this Court for violation of the terms and conditions of his probation herein.

DATE: 11-7 2014

_____
HONORABLE MELISA SKINNER
290TH DISTRICT COURT
BEXAR COUNTY, TEXAS

# Vincent D. Callahan
## Attorney
Laurel Heights Station
P. O. Box 12141
San Antonio TX 78212-3007
Telephone/Fax: 210-737-3404

January 29, 2015

Luis Jaramillo #01966673
Garza West Unit
HC 02 Box 995
Beeville TX 78102

RE:   *State of Texas v. Luis Jaramillo*, No. 2012-CR-2228; 04-14-00902-CR
      Court of Appeals, Fourth District, San Antonio, Texas

Dear MR. Jaramillo:

I received your letter postmarked 1/26/15. I will send you a copy of the Appellant's Brief after I have filed it.

I will again examine the court reporter's record with a view to see if the assertions in your letter to me where presented to the trial court.

However, the law is very plain: upon a plea of true the trial court has authority to revoke probation and assess the underlying sentence.

A review of the clerk's record reveals all of the time line which you have written about to me.

Unless the court reporter's record demonstrates an abuse of discretion by the trial court, I will file a "no error" brief (you would then be allowed by the Court of Appeals to timely present in writing your own Appellant's Brief.

I will stay in touch.

Sincerely,

*Vincent Callahan*

Vincent D. Callahan

VDC/ar

*Mr. Callahan's acknowledgement of violations and abuse of discretion.*

Received:
0-2-15

EXHIBIT-10

# STATE BAR OF TEXAS





Jessica A. Bergeman
Program Director

Client-Attorney Assistance Program
1-800-932-1900

April 1, 2015

Mr. Vincent D. Callahan
Attorney-at-Law
P.O. Box 12141
San Antonio, TX 78212-0141

RE:             Mr. Luis Jaramillo # 1966673
Record:       #670040

Dear Mr. Callahan,

Recently, Mr. Jaramillo contacted the Client-Attorney Assistance Program (CAAP). CAAP is a confidential dispute resolution program of the State Bar of Texas. Its objective is to facilitate communication and the transfer of documents to assist Texas lawyers and their clients in resolving minor concerns, disputes, or misunderstandings that impact the Attorney-Client relationship. In most cases, the issues do not rise to the level of a grievance. *In others, CAAP is able to help resolve problems that if neglected may become a grievance.*

Mr. Jaramillo expressed concerns regarding the legal matter you were handling for him. He indicated that he has tried resolving this on his own but has been unsuccessful. Consequently, he requested that CAAP assist by contacting you. For your convenience, enclosed is a copy of his most recent correspondence which appears to request documents in your files. Please contact Mr. Jaramillo to address his concerns:

*Mr. Luis Jaramillo # 1966673*
*Garza West Unit*
*4250 Hwy 202*
*Beeville, TX 78102*

When responding to Mr. Jaramillo's concerns, please advise CAAP that you have done so. If it is more convenient, you may cc CAAP without attachments on your written response via email, fax or letter, so that we may continue to facilitate if necessary. If I can be of further assistance in resolving this issue, please contact me at (800) 204-2222 ext. 1777.

Sincerely,

Jessica A. Bergeman, JD.
Program Director

JAB/dd
Enclosure
cc: Mr. Luis Jaramillo # 1966673

EXHIBIT-5 IN SUPPORT
OF PETITION

### NO. 04-14-00902-CR

| | | |
|---|---|---|
| **LUIS JARAMILLO, JR.** | § | **IN THE FOURTH DISTRICT** |
| | § | |
| | § | |
| **VS.** | § | **COURT OF APPEALS** |
| | § | |
| | § | |
| **STATE OF TEXAS** | § | **SAN ANTONIO, TEXAS** |

## MOTION FOR EXTENSION OF TIME
## TO FILE STATE'S BRIEF

TO THE HONORABLE JUDGES OF THE FOURT COURT OF APPEALS:

NOW COMES Nicholas "Nico" LaHood, Criminal District Attorney of Bexar County and Counsel for the State of Texas, and files this Motion asking that the Court extend the time for filing the State's brief.

Appellant filed an Anders brief on February 18, 2015. Appellant filed a pro se brief on April 10, 2015. The State first received notice of Appellant's filing today. This is the State's first motion requesting an extension of time to file the State's brief and the State requests a 30 day extension to June 10, 2015.

This extension is not sought for the purpose of delaying this appeal. Therefore, counsel respectfully asks the Court to grant this extension of time to file the State's brief in this case.

COURT OF APPEALS RECORD
(Page-1 of 5)

1

WHEREFORE, PREMISES CONSIDERED, Counsel for the State prays that the Court grant an extension of time to June 10, 2015 for filing the State's brief.

Respectfully submitted,

Nicholas "Nico" LaHood
Criminal District Attorney
Bexar County, Texas

/s/ Jennifer D. Rossmeier

**Jennifer D. Rossmeier**
State Bar No. 24079247
Assistant Criminal District Attorney
101 W. Nueva Street
San Antonio, Texas 78205-3030
Phone: (210) 335-2734
Fax: (210) 335-2436
Email: jennifer.rossmeier@bexar.org

## CERTIFICATE OF SERVICE

I, Jennifer D. Rossmeier, Assistant District Attorney, Bexar County, Texas, certify that on May 19, 2015 a copy of the foregoing motion was delivered via first class mail to:

Luis Jaramillo, Jr. #01966673
Garza West Facility
4250 Highway 202
Beeville, TX 78102

**/s/ Jennifer D. Rossmeier**

FOURTH COURT OF APPEAL RECORD
(Page-2 of 5)

2



# COURT OF APPEALS

SANDEE BRYAN MARION
  CHIEF JUSTICE
KAREN ANGELINI
MARIALYN BARNARD
REBECA C. MARTINEZ
PATRICIA O. ALVAREZ
LUZ ELENA D. CHAPA
JASON PULLIAM
  JUSTICES

FOURTH COURT OF APPEALS DISTRICT
CADENA-REEVES JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TEXAS 78205-3037
WWW.TXCOURTS.GOV/4THCOA.ASPX

KEITH E. HOTTLE
CLERK OF COURT

TELEPHONE
(210) 335-2635

FACSIMILE NO.
(210) 335-2762

June 10, 2015

Luis Jaramillo, Jr. #01966673
Garza West Facility
4250 Highway 202
Beeville, TX 78102

Vincent D. Callahan
Attorney At Law
P.O. Box 12141
San Antonio, TX 78212-9998
* DELIVERED VIA E-MAIL *

Jennifer Rossmeier
Bexar County Assistant District Attorney
101 W. Nueva St.
San Antonio, TX 78205
* DELIVERED VIA E-MAIL *

RE:  Court of Appeals Number:   04-14-00902-CR
     Trial Court Case Number:   2012CR2228
     Style:  Luis Jaramillo, Jr.
             v.
             The State of Texas

The State's Letter Waiving the Right to File a Brief on Behalf of the Appellee for the above styled and numbered cause has this date been filed.

Very truly yours,
KEITH E. HOTTLE, CLERK

Jonathan Quintero
Deputy Clerk, Ext. 53220

COURT OF APPEALS RECORD

(Page 3 of 5)



# COURT OF APPEALS

SANDEE BRYAN MARION
  CHIEF JUSTICE
KAREN ANGELINI
MARIALYN BARNARD
REBECA C. MARTINEZ
PATRICIA O. ALVAREZ
LUZ ELENA D. CHAPA
JASON PULLIAM
  JUSTICES

FOURTH COURT OF APPEALS DISTRICT
CADENA-REEVES JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TEXAS 78205-3037
WWW.TXCOURTS.GOV/4THCOA.ASPX

KEITH E. HOTTLE
CLERK OF COURT

TELEPHONE
(210) 335-2635

FACSIMILE NO.
(210) 335-2762

August 5, 2015

Vincent D. Callahan
Attorney At Law
P.O. Box 12141
San Antonio, TX 78212-9998
* DELIVERED VIA E-MAIL *

Jennifer Rossmeier
Bexar County Assistant District
Attorney
101 W. Nueva St.
San Antonio, TX 78205
* DELIVERED VIA E-MAIL *

RE:    Court of Appeals Number:    04-14-00902-CR
            Trial Court Case Number:    2012CR2228
            Style:    Luis Jaramillo, Jr.  v. The State of Texas

Dear Counsel:

The above cause has been set for formal submission ON BRIEFS ONLY before this Court on Wednesday, September 2, 2015, before a panel consisting of Chief Justice Sandee Bryan Marion, Justice Karen Angelini, and Justice Jason Pulliam.

Very truly yours,
KEITH E. HOTTLE, CLERK

Cynthia A. Martinez
Deputy Clerk, Ext. 53853

COURT OF APPEALS RECORD

(Page-4 of 5)



# COURT OF APPEALS

| | | |
|---|---|---|
| SANDEE BRYAN MARION | FOURTH COURT OF APPEALS DISTRICT | KEITH E. HOTTLE |
| CHIEF JUSTICE | CADENA-REEVES JUSTICE CENTER | CLERK OF COURT |
| KAREN ANGELINI | 300 DOLOROSA, SUITE 3200 | |
| MARIALYN BARNARD | SAN ANTONIO, TEXAS 78205-3037 | |
| REBECA C. MARTINEZ | WWW.TXCOURTS.GOV/4THCOA.ASPX | TELEPHONE |
| PATRICIA O. ALVAREZ | | (210) 335-2635 |
| LUZ ELENA D. CHAPA | | |
| JASON PULLIAM | | FACSIMILE NO. |
| JUSTICES | | (210) 335-2762 |

August 21, 2015

Luis Jaramillo, Jr. #01966673
Garza West Facility
4250 Highway 202
Beeville, TX 78102

Vincent D. Callahan
Attorney At Law
P.O. Box 12141
San Antonio, TX 78212-9998
* DELIVERED VIA E-MAIL *

Jennifer Rossmeier
Bexar County Assistant District Attorney
101 W. Nueva St.
San Antonio, TX 78205
* DELIVERED VIA E-MAIL *

RE:     Court of Appeals Number:     04-14-00902-CR
        Trial Court Case Number:     2012CR2228
        Style:  Luis Jaramillo, Jr.
                v.
                The State of Texas

The Appellant's information (Re: copy of letter to Vincent D. Callahan) in the above styled and numbered cause has this date been received.

Very truly yours,
KEITH E. HOTTLE, CLERK

Cecilia Barbosa
Deputy Clerk, Ext. 5-3221

COURT OF APPEALS RECORD

(Page-5 of 5)